IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Pauline Anne Vileno

  Plaintiff

   v.

                                          Case No. 8: 2 2 cv 806 KKM - JSS

Margaret Bliven
Estate of Raymond Bliven

  Defendants.

_____/

**DIVERSITY CIVIL COMPLAINT FOR DAMAGES WITH JURY DEMAND**

The above Plaintiff Pauline Vileno, pro se litigant, respectfully files this Diversity Civil Complaint in the Honorable Court for an action for Breach of Implied and written contract, Promissory Estoppel, Unjust Enrichment, Specific Performance, Conversion, Reformation, Construction Trust, Resulting Trust, Equatable Interest, Defamation, Liable Slander, Specific Performance,   Fraud, Fraud in the Inducement, Fraud on the court, Abuse of Process,   Malicious Prosecution, Conditional Precedent, Quantum Merit, Intentional Inflection of Emotional Distress

## I. JURISDICTION

Jurisdiction is proper in the United State Court for the Middle District of Florida pursuant to 28 U.S.C. 13333(a)(1), inasmuch as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs and, as additional jurisdiction prerequisite, the present controversy is between citizens of different States to 28 U.S.C. 1332(a)(1)

## II. VENUE

Venue is proper in the Tampa Division of the Middle District of Florida, pursuant to 28 U.S.C. 139(b)(2), in that the Middle District of Florida is a judicial district in which a substantial part of the events or omission giving rise to the claim occurred.

## III. PARTIES

3.   The Plaintiff conducts affairs, a citizen of Sarasota County, Florida and is otherwise sui juris before this court.

4.   The Defendants are the primary resident of the State of New York and their principle address is 362 Strawtown Rd. West Nyack, New York, 10994 and they are citizens of the State of New York pursuant to 28 U.S.C. 1332(c)(1)

## IV. DOCTRINE OF EQUITABLE TOLLING

5.   Plaintiff discover defendant concealment on 12/27/21 With respect to the claims for unjust enrichment, FDUTPA AND TOTIOUS interference, Plaintiff asserts that the doctrine of equitable tolling applies. Equitable tolling may delay the running of the statue of limitations period based on the plaintiff's blamless ignorance and the lack of prejudice of the defendant Machules v, Dept of Adm. 523 So. 2D 1132, 1133-34 (Fla. 1988). The doctrine does not require misconduct on the part of the defendant.

6.   Plaintiff dicovered defendant fraudulent concealment on 12/ 27/21 , in fraudulent concealment the Plaintiff must show:

1. Successful concealment of the cause of action
2. Fraudulent means to achieve that concealment
3. That the plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of the claim see Berisford v. Jack Eckerd Corp, 667 So. 2D 809, 811-12 (Fla. Dist. CT. App. 1995) requires the defendant to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment Raie v. Cheminova, Inc. 336 F. 3D 1278, 1282n.1 (11th Cir. 2003) (citing Berisford, 667 So. 2D at 811) see also Nardone v. Reynolds, 333 So. 2D 25, 39 (Fla 1976) (' the statute of limitations will be tolled when it can be shown that fraud has been perpetrated on the injured party sufficient to place him in ignorance of his rights to a cause of action or to prevent him for discovery his injury') Tanner v. Hertog 618 So. 2D 177 (fla. 1993).

7.   The district court found that Florida courts have recognized that fraudulent concealment of a cause of action will toll the statute of limitations. Id. at 707. However, the court felt constrained to reverse the trial court and follow its own precedent International Brotherhood of Carpenters & Joiners, Local 1765 v. United Ass'n of Journeymen & Apprentices, 341 So. 2d 1005 (Fla. 4th DCA 1976), cert. denied, 357 So. 2d 186 (Fla. 1978)

8.   Actions by clients for the misappropriation of moneys collected, . . . for the conversion of personal property, by an owner for the recovery of lost or stolen

property, to recover for the unlawful underground mining of ore belonging to another, against the liability of promoters of a corporation to account to the corporation for illegal acts or profits, by a chattel mortgagee for the fraudulent concealment and removal of the property, by a shipper to recover for unjust discrimination by a common carrier, and in other particular actions.

9.   Equitable estoppel, or "equitable tolling," may be raised by a plaintiff in opposition to a statute of limitations defense. But for equitable estoppel to apply there must be some conduct on the part of defendant *after* the initial wrongdoing: mere silence or the failure to disclose the wrongdoing is insufficient. The plaintiff has the burden of showing that *subsequent* and *specific* action by the defendant somehow prevented the commencement of the action in a timely manner. In this case defendant hase filed threelawsuits with continuous unlawful suits without material fact or law.

## IN VIEW OF PLAINTIFF DISCOVERY ON JANUARY 4, 2022 THERE HAS BEEN INFORMATION MISLEADING TO THE COURT AND PLAINTIFF

Defendant concealment of facts:

1.   defendant concealment of jurisdiction That the parties are citizens of different states Defendant failed to file a response to the jurisdictional issues. It therefore appears that the court did not have the benefit of the briefing and relied wholly on the Defendant findings that personal jurisdiction existed.   *must identify itself with correct legal address and citizenship  by state on complaint and allege all bases for court's jurdisdiction as required by law*

2.   Defendant concealment of invoices Defendant refused to pay for.

3.   Defendant concealment of agreement between the parties.

4.   Defendant concealment of prior complaint for eviction and appeal case was reversed.

5.   Defendant concealment of prior on complaint for ejectment, motion to reopen dismissed case, motion to transfer, dismissed case.

6.   Defendant concealment of receiving payments from insurance company.

7.   Defendant concealment refusing to execute permits and certificate of occupancy

8.   Defendant concealment of Plaintiff Letter from James Howard Turner

9.   Defendant omitted her primary citizenship is in New York

10. Defendant concealment of 1st affidavit which contradicts second affidavit.

11. The Defendant concealment of prior cases complaint states there were no prior cases even when they were directed to change their error they refused to do so. Plaintiff and **her-attorney-at-law** were involved with two (2) prior cases as county records have proven. *Plaintiff must identify prior cases as required by law.*

12. The Defendant filed motion in bad faith stating that the defendant was uncooperative setting meditation for the purpose only to cast Plaintiff in bad light and abusing the Judicial System.

13. The Defendant and her attorney-at-law intentionally filed for hearing without contacting Plaintiff, not allowing Plaintiff her due process three times

14. The Defendant filed Summary Judgment and Final Judgment on 12/20/21. In Summary

15. The Defendant change changed for the purpose of deceiving the court and Plaintiff. *Moreover none of this language was mentioned in any of the Plaintiff litigation and filings from 9/16/19 to 12/27/21 that's two and a half years of filings and litigation.*

16. The Plaintiff refused to comply with answering interrogatories giving only incomplete answers and objections

17. *The Plaintiff refused to respond to request for admissions*

18. If the Defendant was genuine the alleged ejectment would superfluous as there would be no need for the court to entertain the Defendant claim for ejectment, as the Plaintiff would have completely addressed the rights of Plaintiff.

19. Defendant Bliven complaint and affidavits lack credibility, Defendant failed to provide any explanation of the contradicting affidavits. The first affidavit alleges Plaintiff committed eight criminal acts and was living on the property without authorization the 2nd affidavit states Plaintiff has permission to stay in home. During litigation Plaintiff failed to convey or raise any such changeing of their filings. The only logical and common sense explanation is that. " Plaintiff continues to breach her agreement with Plaintiff and Defandant has failed to pay defendant and or Defendant and her attorneys are admitting to fraud on the court, malicious prosecution, vexatious ligation, negligence.

20. The Plaintiff 2nd affidavit raises new questions at a crucial point because Plaintiff has not raised their position in complaint nor have they in any part of litigation in the past two and half years during litigation. Plaintiff introduces this evidences at his crucial point of this proceeding for furthering the Plaintiff cause

Defendant Blivens affidavit does not attempt to refute case law, nor could it.

21. Instead, the affidavit sets forth four assertions (1) That Plaintiff is not authorized to reside at the property that has been her home for 11 years and (2) that Plaintiff does not have equity in the property (3) that agreement between the parties was not acknowledge by Defendant. (4) that Defendant is admitting Defendant two prior lawsuit were filed with malice to defame and harm Plaintiff.

22. Defendant affidavit has been made solely for improper purpose, to cast aspersion on Plaintiff. Accordingly, if this court determines that the Plaintiff affidavit was presented in bad faith, it must be ordered to Defendant for pay reasonable legal costs incurred with the affidavit, and may find Defendant or her attorney may be guilty of contempt. *See jones v. Stoutenburgh, 91 So. 2D 299 (Fla. 1956),* wherein the court held that *(noting trial court's duty to assess costs and expenses incurred by the opposing party occasioned by the filing of bad faith affidavit).*

23. The Defendant complaint failed to asserts the requisite elements various cause of action and fails to direct the court to any legal authority setting forth the elements of this claim *specifically give notice as to how Defendant is guilty of all elements required for relief to be granted Without listing the requisite elements or citing to any legal authority*

24. The Defendant furthermore seeks to dispossess of occupant and that parcel and desires sole use of property. Disregarding written agreement between the parties.

25. Plaintiff respectfully asserts that Defendant Bliven affidavit is view in light of the issues before the court, the only conclusion that can be drawn is that it was filed in bad faith and for improper purpose. In order for Defendant to gain leverage in dispute of agreement and to coverup Defendant unjust acts.

26. Fraud upon the court accrues where it can be demonstrate clearly and convincingly that a party has sentient set in motion some considerable scheme calculated to interfere with the judicial system ability impartially to adjudicate a matter by improperly influence the tier of facts or unfairly hampering the presentation of the opposing party claim of defense

27. At all times relevant to this litigation, the Defendant was in a contractual relationship with Plaintiff and owed a duty to the Plaintiff to act in good faith and deal fairly with her.

## V.  UNDISPUTED FACTS

1. Plaintiff provides the following statement of fact praying the court for relief

2. The law of the case doctrine allows this court deciding the merits of this case.

3. The Defendant concealment of material facts and delays

4. The record clearly reflects conflicting facts that demonstrate, as a matter of law.

5. The Plaintiff has suffered injuries as a result of the Defendunt and her outrageous and reckless 345 motions. These injuries, caused by the Defendant, are sufficient to support: Breach of Implied and written agreement, Promissory Estoppel, Unjust Enrichment, Specific Performance, Conversion, Reformation, Construction Trust, Resulting Trust, Equatable Interest, Defamation, Liable Slander, Specific Performance, Fraud, Fraud in the Inducement, Fraud on the court, Abuse of Process, Malicious Prosecution, *Conditional Precedent, Quantum Merit.* ***intentional inflection of emotional distress, totious interference, fraudulent concealment***

6. Defendant has received requisite payments from the Insurance Company and has refused and/or failed to have the permits executed and certificate of occupancy of the Baywinds home, depriving the Plaintiff of the benefit to list the home and receive her payments and profits.

7. That in an attempt to cover Defendants failures and unjust acts and breach of agreement, Defendant retaliated and filed a complaint for the eviction of in the Twelfth Judicial Circuit Court along with three (3) frivolous lawsuits. Accusing Defendant of 9 criminal acts. At the same time Defendant filed lawsuit against Plaintiff, Defendant also accused her other daughter of fraud using the same attorneys and they were unsuccessful.

- The Defendant submitted two contacting affidavits without explanation.

- The Plaintiff accessed the Affidavit filed by the Defendant on the 4th day of January, 2022 which precludes the Plaintiff from filing a response to the said Affidavit.

- The Defendant and/or her Attorney-at-law is causing great delay to this matter and is sabotaging the process of the Court by their failure to disclosing relevant documents to the Plaintiff.

- The Defendant continuous changing and withholding of evidence created and disclosed by the Defendant would constitute unfair surprise, and attempt to commit fraud.

- Here, as detailed above, there is a clear dispute as to the actual credibility of Defendants contradicting her two affidavits. 1st affidavit of Defendant states Plaintiff committed fraud and was unauthorized to live in home. Defendant 2nd. Affidavit states Plaintiff had permission to live in home.  The Defendant nevertheless represents to this Court that the contradicting Affidavits is in actuality, not disputed by the parties. Surely, this is precisely the nature of bad faith conduct in respect to the filing of contradicting Affidavits.

- The Defendant has been deliberate in her actions as the Defendant constantly changing her mind to confuse the process of the agreement between the Plaintiff and the Defendant just as the Defendant is constantly filing different documents in the Court to confuse the Court process. The Plaintiff and Defendant agreed to the terms of the agreement that the house will be conveyed to the Defendant and then the Plaintiff suddenly changed and indicated to the Defendant that she wishes to have the property sold.

- The Defendant and/or her Attorney-at-law is causing great delay to this matter and is sabotaging the process of the Court by their failure to disclosing relevant documents to the Plaintiff refused to answer request for admission, and interrogatories stating Defendant citizenship is in New York.

- The Plaintiff's Attorney-at-law failed and/or refused to schedule a hearing date until the 2/11/2022 which is also abusing and delaying the Court process.

- The Plaintiff has provided over 100 exhibits on court records. In all three of Defendants complaints, the Defendant seek an equitable remedy while they have refused to honor the terms of a written instrument that confers the right of possession and title to Plaintiff. Defendant intentions to evict Plaintiff from the subject properties are in direct contrast to the terms of the written agreement between Defendant and Plaintiff. As a party to the written agreement, it is Defendant Bliven contractual obligation to ensure that the terms of the agreement take effect that includes the term that allows Plaintiff to stay in Baywinds Lane. It is untenable for the Defendant to fail and/or refused to fulfill the terms of a written agreement to which she's a party and then ask this Honorable Court to grant her an equitable remedy against Plaintiff.

- The Plaintiff and the Defendant has been doing Real Estate business since 1999 and on several occasions the Plaintiff renege and as a result the parties ensured that this agreement was in writing as per document dated the 27th April 2017.

- The Plaintiff was forced to respond to the Defendants three false Complaints The Defendants false representation and/or misrepresentation were relied upon by the Court and as a result the Court stayed Defendant Bliven's claims. Further the Plaintiff had the expenses to appeal the claim and the Court reversed the said claim. Defendant filed second complaint accusing Plaintiff of fraud and trespassing claim knowing Judge Mandate stated there was no fraud or trespassing Defendant voluntary dismissed claim. Causing harm and financial loss to Plaintiff.

- The Defendant was not satisfied with the actions of the Court and as a result the Plaintiff filed 2nd motion to transfer case into appeal case and filed motion to reopen dismissed case and the Court denied all the motions as this was done in bad faith and without merit misusing the judicial system.

- The Defendant is still not satisfied with the result of the Court and as such the Defendant has filed a third lawsuit against the Plaintiff which does not meet the elements of ejectment.

- Plaintiff had a right to expect full and fair Communication from the Defendant regarding the complaint and was required as per the Florida rules to disclose.

- The Plaintiff's claims and motions have no legal or factual merit and are not supported by material facts or law. *Plaintiff and her Attorney-at-law, acted with improper purpose and malice, to gain leverage over Defendant in a dispute for Breach of Agreement*

- At all times relevant to this litigation, the Defendant was in a contractual relationship with Plaintiff and owed a duty to the Plaintiff to act in good faith and deal fairly with her.

- The Defendant breaches that duty by wrongfully converting, talking, filing three unlawful Lawsuits, utilizing or managing property and financial interest of the Plaintiff.

## IV. STATEMENT OF THE CASE

1. The Plaintiff is the adult daughter of the Defendant, Margaret Bliven and the adult stepdaughter of the Estate of Raymond Bliven.
2. The Plaintiff and Defendant have been doing business in Real Estate since 1999 to include joint ventures and profit sharing.
3. *The Plaintiff maintained, renovated and managed seven (7) properties in Florida owned by the Defendants. The properties maintained by the Plaintiff on behalf of the Defendants are as follows so Defendant could stay in their primary resident in New York, alone with having their properties taken cared for.*

    a. *1115 Pine Stone in Palmer ranch sale date December 17, 1999;*
    b. *307 Ariell on Palmer ranch February 3, 2005;*
    c. *504 Ariel on Palmer Ranch October 22, 2004*
    d. *7669 Bergamo Ave. October 4, 2004*
    e. *7682 Camminare Dr. December 2, 200*
    f. *Sterling Village,*
    g. *1627 Baywinds Lane November 2009*

4. The Plaintiff maintained the above mentioned properties while the Defendant's resides in their primary resident in New York.
5. Plaintiff sold the Defendant, Bliven's property in 2009. Plaintiff moved into property to repair and list property for sale in 2010 while the Plaintiff stayed in New York for health reasons. Plaintiff asking price was $350,000.00 and the Defendant refused to take any offers even thou purchase was $260,000.00 a few months earlier.
6. That several offers came in for the said home, however, the Defendants refused all the offers made and decided to rent the home. At the Defendants request, the Plaintiff removes the home from the open market and place an advertisement for the rental of the home.
7. Defendant had a change of mind from having the home sold but instead requested that the premises be rented. Defendant was made aware that the premises had plumbing issues that needed to be corrected however, Defendant refused and/or failed to have the repairs addressed.
8. Defendants indicated to the Plaintiff that the Plaintiff should proceed to have the repairs completed and the Defendants will reimburse the sum spent to have the repairs completed. Defendants and Plaintiff also agreed that should the Defendants failed and/or refused to reimburse the Plaintiff within a particular timeframe the Plaintiff would inherit the said home. See exhibit 1 as proof. Plaintiff and the Defendant engaged in a verbal agreement where it was understood that the Plaintiff would be responsible to take care of the property. It was understood that the Defendant would receive the tax benefits and whenever the Defendant sold the other six (6) properties the home would be deeded to Plaintiff.
9. The Plaintiff remained at the home and continued maintenance, repairs and utilities without indecent until a Tornado struck the home suddenly on January 17, 2016 while the Plaintiff resided at the residence. See exhibit 2 being SNN News and photos take a look at the said residence.
10. The home suffered significant damage, including five holes in the roof and all windows were blown out. See exhibit 3 being photos of home before the Tornado and after the tornado struck.
11. That at the time of the Tornado, the Defendants were in New York.
12. The Defendants requested of the Plaintiff to assist with having the repairs of the home completed as a result of the Tornado.

13. That the Defendant corresponded with the Insurance Company with respect to the Tornado damages to the above mentioned premises and instructions from the Insurance Plaintiff met with insurance adjuster at home.

14. The Defendant further instructed the Plaintiff to seek the services of an Attorney to have the residence condemned as a result of damages caused by the Tornado.

15. Defendant employed the services of an attorney which led to the Insurance Claim being halted and/or delayed and further result to this request caused black mold to form at the premises which would mean that additional repairs would need to be carried out at the premises.

16. That the Defendants further advised the Plaintiff that they wish to upgrade the home by adding new floors, ceiling and other upgrades which would be at the expense of the Plaintiff with an understanding that the Defendant would reimburse the Plaintiff for any monies spent for the said upgrade. See exhibit 4 being invoices for additional work done.

17. That the Defendants once again instructed the Plaintiff to oversee the restoration process of the property and that the Plaintiff was permitted to reside at the premise until the home was sold and receive the profits from home.

18. That on the 27th day of April 2017, the Defendant agreed to pay the Plaintiff 3% of the proceeds of the same after the sale of the home, 3% commission of the sale of the property and any profit earned from the sale of property.

19. That in January 2017 the Insurance Company completed their final inspection and after the said inspection, the Defendants visited the property in March and April 2017 and verbally expressed their satisfaction with the restoration of the property.

20. That the Plaintiff fully performed the obligations agreed upon by the Defendant and the Plaintiff being repairs and maintenance of the property.

21. The Plaintiff incurred significant expenses in restoring and maintaining of the home since 2010 and the said sum has not been reimbursed by the Defendants despite repeated request and verbal promises from the Defendants.

22. That further to agreement made between the Defendants and the Insurance Company the Defendant received additional payments in the sum of $17,000.00 for the hiring of a License Contractor. However, the Defendants refused and/or failed to hire the License Contractor as agreement between the Insurance Company and the Defendants.

23. That the Defendants instead decided to obtain permits as the owner of the property and certificate of occupancy. The Defendants have failed and refused to execute the permits depriving the Plaintiff of the benefit to list the home and receive her payments and profits.

24. As a part of the restoration of the property, plumbing permits and replacement of windows permits were required. That the Defendants being the recorded owners were needed to execute relevant documentations for the said permits to be approved. See exhibit 6 being court records.

25. The Defendants have failed and refused to execute the permits depriving the Plaintiff of the benefit to list the home and receive her payments and profits.

26. That the property cannot be placed on the market until a certificate of occupancy is issued and the Defendants refused and/or failed to file for the permits after several request made by the Plaintiff.

27. That the Defendants has received the requisite payments from the Insurance Company to have this done, however, the Defendants refused and/or failed to have the permits executed.

28. That in an attempt to cover the Defendants' failures and unjust acts the Defendants filed three unlawful complaints.

29. The Defendants misled the court giving vacation residence on complaint. The Defendants primary resident is 362 Strawton Rd. West Nyack, N.Y. 10994. The Defendants never made Florida their **home** and are citizens of New York Defendant have active voters registration in New York, are homesteaded in New York. Defendant and her attorney sign the civil cover sheet stating there were no prior cases. Defendant failed to allege long arm jurisdiction.

30. Defendant and owed a duty to Plaintiff to act in good faith and deal fairly with her particularly in light of the fact that Plaintiff is a senior citizen of 71 years old. Plaintiffs breach that duty by wrongfully converting, talking, filing 3 unlawful Lawsuits, utilizing or managing property and financial interest of Plaintiff Defendant outrageous conduct towards Plaintiff was done with malice, bad motives and reckless indifference to Plaintiff interest.

Lawsuit No. 1. *Lawsuit No 1. Tenant Eviction 7/27/18 Case No. 2018 CC 004452 NC* **142** *Court filings: McCullough Legal Service Reid McCullough entered on October 1, 2019*

1. (a) The complaint accused the Plaintiff of:

*1. Living on the property without authorization;*

*2. Renting property to tenants;*

*3. making unauthorized changes to the home;*

*4. Abusing the elderly;*

*5. The Plaintiff wrote Plaintiff N.Y address on agreement;*

*6. The Plaintiff refused plaintiff access to property;*

*7. Unjust enrichment*

*8. converted rental payments to her own use in violations of the rights to the plaintiff.*

2.) (a) Even when the opposing party was informed what the statues were, McCullough Legal Service continued with the lawsuit.

**Appeal Case: 11/18/18, Case No. 2018 AP 006277  <u>39 Court filings</u>**

*1.) McCullough Legal Service continued filings, although they were informed what the stature were*

*2.) Plaintiff appealed the complaint and showed evidence that all their accusations were false and as such the case was dismissed for lack of subject matter jurisdiction.*

*See exhibits 142 filings and Judge Andrea McHugh Mandate Reversed Squashed no fraud no trespassing 4/26/209.*

*3.) That McCullough Legal Service motions had no legal or factual merit and is not well founded in fact and law*

**Lawsuit No. 2 Ejectment Case No. 2019 CA 00758 NC    29 filing**

1.) McCullough Legal Service filed ejectment case during the same time the appeal case was going on. McCullough Legal Services now have 2 cases against the same defendant with the same cause of action in Sarasota county Court.

*2.) Defendant* and her attorney McCullough Legal Service mislead the court giving her vacation residence on complaint. Defendant primary residence is 362 Strawton Rd. West Nyack, N.Y. 10994  Defendant never made Florida their home. Plaintiff and her attorneys McCullough Legal Service Randy Scudder never gave notice of personal jurisdiction who signed the complaint or LeLand Wilson who signed civil cover sheet stating there were no prior cases disregarded the two prior cases on civil cover sheet deceiving the court and the defendant

*3.) Defendant and her attorney McCullough Legal Service L. Randy Scudder filed ejectment Knowing there was an on going appeal case with the same Plaintiff and Defendant for*

*the same reason. See Exhibit 7 Appallee McCullough Leagal Service L.Randy Scudder Exhibit C Vileno Appalant*

4.) McCullough Legal Service complaint stated and defamed and accused the Defendant of:

*1. living on the property without authorization 2. Renting property to tenants 3. making unauthorized changes to the home 4. abusing the elderly 5. The Plaintiff wrote Plaintiff N.Y address on agreement 6. The Plaintiff refused plaintiff access to property (7)Unjust enrichment (8) converted rental payments to her own use in violations of the rights to the plaintiff*

5.) Attached to the complaint and filed on court records the Plaintiff affidavit stated that the Defendant was **unauthorized** to live at the resident and criminal fraud, filed with the complaint on 2/8/19 filed on court records on 5/28/19 notarized by the Defendant's Attorney-At-Law, Reid McCullough McCullough Legal Service.

6.) McCullough Legal Services has three (3) attorneys involved in case for ejectment and appeal case with the same plaintiff and same defendant

7.) McCullough Legal Service Reid McCullough, Randy Scudder, LeLand Willson involved in appeal case and 2ⁿ lawsuit for ejectment

8.)     Reid McCullough signed and notarized Plaintiff affidvate stating defendant is unauthorized to live in home for 2nd complaint ejectment

* Randy Scudder filed and wrote Complaint for 2nd lawsuit ejectment

* LeLand Willoson signs and states on civil cover sheet there are no previous cases for 2nd lawsuit for ejectment

9.) McCullough Legal Service Actions were brought in bad faith

10.) On March 14, 2019 Plaintiff McCullough Legal Service voluntary dismissed ejectment case.

11.)  On 03/21/19, The Plaintiff McCullough Legal Service L. Randy Scudder filed a motion to transfer venue and consolidate cases in circuit court; there was no case to transfer a judgment had been entered in this matter.

12.) On 04/18/19, Defendant Vileno had to respond with motion in opposition to transfer and consolidate The court does not have the authority to transfer there defected county court lawsuit to the circuit court while appeal is pending a judgment terminated the lawsuit.

13.) On 9/5/19, Judge Order motion to transfer DENIED EXHIBIT G.

14.) On 4/12/19, Plaintiff McCullough Legal Service L.Randy Scudder filed a motion to reopen *case for plaintiff.*

*15.)* On 6/17/19, Defendant Vilen filed motion in opposition to motion to reopen case Plaintiff has been advised that the law precludes the revival of this dismissed action. Voluntary dismissal "instantaneously divests the court jurisdiction to enter or entertain further orders.

16.) On 6/24/19, Judge order Plaintiff motion to reopen case DENIED EXHIBIT.

17.) On 5/24/19, Affidavit of Plaintiff notarized by McCullough Legal Service LLC stating that Defendant Vileno has been living in the property without authorization for the sole purpose of filing complaint.

*18.) The Judge Andrea McHuge clearly states in her mandate on April 26, 2019 this is not the proper case. There is no fraud or trespassing. and suggests collateral legal consequence.*

### Lawsuit No. 3: Ejectment Case No. 2019 CA 004986 NC 125 filings (CURRENT CASE) McCullough Legal Service Heather Cherepkai.

1.) McCullough Legal Service Heather Cherepkai filed complaint on 9/16/2019

2.) Defendant and attorney-at-law Heather Cherepkai states on complaint same Plaintiff same defendant names

### Heather Cherepkai states Plaintiff is a resident of Florida

3.) Plaintiff mislead the court by giving the vacation residence on complaint. The Plaintiff primary residence is 362 Strawton Rd. West Nyack, N.Y. 10994. The Plaintiff never made Florida their home. Plaintiff is a resident and her citizenship is in New York.

### Heather Cherepkai signs and states on civil cover:

4.) Plaintiff concealment of prior cases between the Plaintiff and Defendant misleading the court and defendant disregarding two previous cases between the same Plaintiff and defendant signed by her attorney-at-law who was in involed in both prior cases.

5.)  McCullough Legal Service Heather Cherepkai files Complaint and states 9/16/19 *Refuses to deliver possession of the property to Plaintiff or pay Plaintiff the* profits from it.

6.) Denali Law Groug Heather Cherepkai formerly of McCullough Legal Service On 12/27/21, files Plaintiff affidavit saying Vileno was authorized to stay in home **contradicts** plaintiff former affidavit on 5/28/19 which says Vileno was unauthorized to stay in home Plaintiff cannot change her mind for the purpose of filing summary judgment or pleadings. Civil concealment of the facts

*5.) (d) (4) On 1/6/20 Magistrate order denying dismissal because no affirmative defenses were raised so the court could not look beyond the four corners and the Defendant attorney had not taken action in the county court to recover costs (judgment never filed) and motion for costs never entered by her attorney or did the Defendant attorney file attorneys fees in an untimely manor in prior 2 cases.*

**All the hearings details are as follows showing Heather Cherepkai was involved in prior lawsuit with certificate of service and motions filed by Heather Cherepaki with McCullough Legal Service now Denali Law Group**

- Complaint 9/16/19 Refuses to deliver possession of the property to Plaintiff or pay Plaintiff the profits from it.

- On 01/6/20, Magistrate order denying dismissal because no affirmative defenses were raised so the court could not look beyond the four corners and Vileno attorney had not taken action in the County Court to recover costs (judgment never filed) and motion for costs never entered by her attorney or did Vileno attorney file attorney's fees in a timely manner in prior 2 cases.

- On 12/27/21, Plaintiff affidavit saying Vileno was authorized to stay in home**contradicts** plaintiff former affidavit on 5/28/19 which says Vileno was unauthorized to stay in home Plaintiff cannot change her mind for the purpose of filing summary judgment or pleadings, civil concealment

- 09/1619 Current **case** 3lawsuit No.2019 CA 004986 Plaintiff attorney Heather Cherepkai McCullough Legal Service now Denali Law Group filed civil cover sheet saying there were no previous cases when in fact attorney was **involved** with filing and certificate of service in both prior cases involving the same party for the same reason.

- Heather Cherepkai McCullough Legal Service filings in prior cases No. 2018 AP 6277 dated 06/27/19, line 106 on motion to take deposition certificate of service Heather Cherepkai McCullough Legal Service.

- 07/3/19 Line 108 on motion to cancel the deposition certificate of service Heather Cherepkai McCullough Legal service, Heather Cherepkai forgot to mention her involvement in the prior case starting.

- 06/27/19 Line 106 on motion to take deposition certificate of service Heather Cherepkai McCullough Legal Service.

- 07/3/19 Line 108 on motion to cancel deposition line certificate of service Heather Cherepkai McCullough Legal service.

- Heather Cherepkai prior case No.2019 CA 000758 McCullough Legal Service.

- 08/5/19 Line 126 appearance at court hearing Heather Cherepkai.

- 08/5/19 Line 127 hearing to transfer case Denied certific of service Heather Cherepaki.

- 08/26/19 Line 128 notice of hearing certificate of service Heather Cherepkai.

- 08/27/19 Line 129 affidavit of costs certificate of service Heather Cherepkai.

- 09/18/19 Line 131 court appearance record Heather Cherepkai.

*In an inquiry with the Florida Bar Heather Cherepkai said she had no knowledge of previous cases, Heather Cherepkai is incorrect and misguided she was involved with prior cases for over **3 months** and over ten motions and hearings involving the same party for the same reason in prior cases.*Not only did Heather Cherepkai mislead the courts on the Civil Cover Sheet saying there were no previous cases she made countless incorrect filing and filing a lawsuit that does not meet the elements of ejectment and intentionally filing suit in bad faith defaming Vileno.

- **Plaintiff and her attorney Heather Cherepkai filed a frivolous motion stating the defendant is Uncooperative. Heather Cherepaki with McCullough Legal Service now Denali Law Group**

**Facts and Exhibits:** To prove Plaintiff and her attorney actions are done in bad faith and abuse of process:-

- 01/20/20 Defendant Vileno filed motion for meditation

- 07/8/20 Defendant Vileno sent Mr. Larson secretary Carol Orouke and Heather Cherepkai to confirm and set a meditation date and there was no response from Heather Cherepkai for *5 months.*

- 12/8/20 Defendant Vileno at the hearing for amended affirmative defenses Vileno ask Honorable Judge Hunter Caroll to direct meditation to occur and he did in his order also stating that Heather Cherepaki follow through writing the motion.

- 12/9/20 Heather Cherepaki responded with a date for meditation for April 1, 2021.

- 03/9/21 Carol O'Rourke sent an email saying "after a preliminary review of the pleadings in this case, Mr. Larson has decided to decline serving as a mediator to this case".

- 03/9/21 Vileno sent Carol Orouke asking if she would recommend or refer her to another mediator.

- 03/24/21 Vileno sent Heather Cherepkai three options for meditations NO response from Heather Cherepkai for two *months.*

- 05/24/21 Ana Cardoso Heather Cherepkai paralegal sent Vileno a suggestion for a mediator.

- 06/1/21 Vileno replied with the name of a mediator Carol Shaw P.A.who was $100 dollars less per hour highly qualified and available.

- 06/2/21 Ana Cardoso sent email to Vileno saying "are you opposed to using Bill Hazzard.

- 06/2/21 Vileno responded to Ana email asking if she was opposed to using Carol Shaw (Heather Cherepkai left this out of her statement saying Vileno didn't respond).

- 06/9/21 Heather Cherepkai filed court motion for meditation saying Vileno was uncooperative this is a scandalous accusation as well as defamatory and filed in bad faith and improper purpose.

- Heather Cherepki blindsided Vileno with scheduling a court date without my knowledge or proper notice denying Vileno her due process.

- When a hearing is scheduled it is proper procedure to notify opposing party to schedule court date. Heather Cherepkai totally disregarded court rules procedure and the court's judicial resources and the defendant's monetary resources.

- Either Heather Cherepkai overlooked the procedural requirement of the court or she purposely withheld her knowledge of the same so as to use the procedural against Vileno. The court does not allow a party to transform scheduling intended to shield pleaders from undertaking a frivolous motion before the court into a sword to be used against them after they've already arrived.

- Heather Cherepkai filed a frivolous motion for meditation saying Vileno was uncooperative This motion was intentionally done in bad faith defaming and causing injury to Vileno who is 70 years old while Heather Cherepaki profited by billing unnecessary attorney's fees.

- *Also in light of the above Vileno made every effort from 1/20/20 to scheduled meditation that's over 18 months. Defendant and her attorney filed motion for meditation accusing Vileno was unincorporated for the sole purpose of defaming Vileno and causing her harm.*

- **Plaintiff attorney Heather Cherepaki response to defendant Vileno in filing affirmative defenses Heather Cherepaki with McCullough Legal Service now Denali Law Group**

- There were 4 emails going back and forth that started 11/8/20 to 12/1/20. Simply I asked Heather Cherepkai if she would consent to amend affirmative defenses she replied saying I did not understand rule 1.190. finally when I sent Heather Cherekai rule 1.190 as stated "leave of court is required or consent of the adverse party, also it is required that I state in my amended answers whether or not opposing counsel has consented to the filing of the amended complaint so all I am asking with compliance with the rule as stated where there is consent from adverse party, If so then I do not have to obtain leave of court.

- 12/1/20 Heather Cherepkai said "I am not consenting" it took 4 emails for Heather Cherepki to respond.

- 12/8/20 Court hearing and judge approved amended complaint. At this hearing Vileno asked Judge Carroll to order a meditation date, Judge Carroll said yes and appointed Heather Cherepkai to write the motion for more time and expenses having hearing.

- 09/14/21 Meditation total impasse.

- 09/20/21 Plaintiff filed for Summary judgment. Adding contradicting affidavit

- 09/20/21 Plaintiff filed notice for settlement.

- 09/27/21 Plaintiff filed 2ⁿᵈ **Contradicting** affidavit saying Vileno has permission to stay in home, Defendant's 1ˢᵗ affidavit and the 2 prior lawsuits say Plaintiff was unauthorized to stay in home.

- 31/4/22 Plaintiff received a letter from the Florida Bar saying at this time we cannot make a decision on your complaint because Heather Cherepkai has filed Summary Judgment.

- 01/04/22 Plaintiff was never notified that a summary judgment was filed. Plaintiff emails attorney Nina Hayden and requests for her to withdraw; she says yes and files a motion to withdraw however she never files for a hearing.

- 01/5/22 Plaintiff files motion to recuse her attorney extension of time and abuse of process.

- 01/17/22 judicial assistant emailed the Plaintiff and said due to an unforeseen event can I use the JASC calendar and set hearing Plaintiff forward to both attorneys and hearing is for 02/11/22.
- Hearing for 2/11/22 is for Vileno attorney to withdraw Vileno request to have her motion for abuse of process, extension on time and rescue her attorney filed on 1/5/22 judicial assistant stated in email Vileno motion is mutt denying Vileno of her due process
- Judicial assistance email stating my motion was mutt because attorney Nina Hayden filed notice of hearing.
- Vileno email to judicial assistance stating its her 1ˢᵗamendment right to have her due process and schedule hearing for abuse of process because this requested was emailed to judicial assistant on 1/5/22

### V. CAUSE OF ACTION

### Count I. Unjust Enrichment unethical negligence

**1. Elements of unjust Enrichment** 1. lack of adequate remedy of the law 2. a benefit conferred upon the defendant by the plaintiff coupled with the defendant appreciation of the benefit 3. acceptance and retention of the benefit under circumstances that made it inequitable for him or her to do without paying the value of it (Challenge Air Transport, Inc. v. Transportes Aereos Nacionales, SA 520 So. 2D 323 (Fla. 3D DCA 1988) see Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So. 2D 518,520 (fLa. 3D DCA 1975

2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full

3. At all times relevant to this litigation Defendant owed a legal duty to Plaintiff to not unfairly or unduly take advantage of Plaintiff or commit wrongful acts in order to unjustly enrich herself at Plaintiff expense or at the expense of Plaintiff property or financial interests.

4. During the period of approximately July 2017 to March 2022 Defendant unjustly enriched herself by wrongfully with malice trying to evict Plaintiff from her home utilizing the property and financial interest of Plaintiff.

5. Defendant has acknowledge that Plaintiff is providing to him a benefit for which she

is not receiving compensation. Defendant breach and delaying her promise by refusing to file for permits and certificate of occupancy and refuses to pay for materials and repairs, and profits. And has failed his duty of conditional precedent.

6. Such acts and omissions leading to the Defendant's unjust enrichment were the actual and proximate cause of harm to Plaintiff.

7. Accordingly Defendant is liable in damages to Plaintiff  lack of adequate remedy of the law

8. Plaintiff provided money, labor, and services upgrading home to defendant since 1999 and defendant had the benefits of staying in New York while the homes was taken care of. In Peter v. Below the court has taken a straightforward economic approach to the first two elements of the test for unjust enrichment  Plaintiff did all the work and maintenance of the home and was not paid for any of this even when Defendant got reimbursed from insurance company she refused to pay Plaintiff and kept the money and was able to stay in New York. The defendant received a benefit: of all the unpaid work and maintenance of the real property The plaintiff suffered a deprivation: her full time devotion of labor without pay. The defendant could not have kept the home but for the Plaintiff contributions. Plaintiff seeks unjust enrichment on the seven other properties maintained for Defendant.

9. Defendant financially benefits resulted from their unlawful and inequitable conduct are economically traceable failure to obtain permits and certificate of occupancy with the county records preventing the home to be sold.

### Count II CONVERSION

**1. Elements of conversion** 1. plaintiff right to ownership to right to possession
2. the defendant conversation by wrongful act. damages

2.     Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full.

3. At all times relevant to this litigation, Defendant owed Plaintiff a duty to not convert Plaintiff property to Defendant own use and benefit.

4. Defendant breach that duty on one or more occasion and such breaches were the actual proximate cause of harm to Plaintiff

5. At all relevant times, Defendant owed Plaintiff a duty to act with due care and regard for Plaintiff rights, safety and interest, including Plaintiff property and financial interest, particularly in light of the fact that Plaintiff is a senior citizen of 70 years old. Defendant outrageous conduct towards Plaintiff was done with malice, bad motives and reckless indifference to Plaintiff interest.

6. The specific property acquired by the Defendant is traceable to Defendant's wrongful acts and there is no reason in equity why Defendant should be entitled to retain that property.

7. Accordingly Defendant is liable in damages to Plaintiff causing her harm

## Count III. REFORMATION

**1, Elements of Reformation** 1. a written agreement 2. a mutual mistake or fraud or misrepresentation by a party and mistake by the other party 3. proof by clear and convincing evidences

1. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full

2. The specific property acquired by the Defendant is traceable to Defendant's wrongful acts and there is no reason in equity why Defendant should be entitled to retain that property.

3. Defendant failed to uphold his promise to Plaintiff and failed his duty of Conditional precedent causing harm to Plaintiff
4. There is an inadequate remedy at law.

## Count III– CONSTRUCTIVE TRUST

**1. Elements of constructive trust** 1. a promise 2. transfer of the property and reliance thereon. 3. confidential relationship. 4. unjust enrichment

2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full.

3. Defendant mother daughter relationship with Plaintiff, have been doing business in Real Estate since 1999 and was promised the property and has been making improvements to the home since 2010 and Plaintiff relied on her promise, and is lawfully living in the property.

4. Plaintiff is in actual possession of the property Plaintiff became entitled to the title to land

as the agreement conferred upon her the right to stay on the property Plaintiff has made improvements to property for 11 years, and has finical interest in the property.

5. Defendant accepted materials, and services and refused to pay for over 11 years Defendant has failed to make his agreed upon obligation for obtaining proper permits and certificate of occupancy denying Plaintiff her profits.

6.. The specific property acquired by the Defendant is traceable to Defendant's wrongful acts and there is no reason in equity why Defendant should be entitled to retain that property.

7. As a result the Defendant is liable for unjust enrichment and should be required to return her ill-gotten gains, in the amount to be determined by the Court. The Court should also impose a constructive trust on the property in the possession of Defendant that is traceable to Defendant wrongful acts.

**Count IV.  DEFAMATION Slander and Liable Slander is written to a large audience 9 elements of defamation**

1. Elements of Slander and liable Slander false statements purporting to the fact 2, publication or communication of that statement to a third person 3. fault amounting to at least negligence 4. damages, or some harm caused to the person or entity who is the subject of the statements Plaintiff acted with malice and fraud.

2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full.

3. Defendant through his court filings has made statements about Plaintiff which are false.

4. Defendant through his court filings, published and/or communicated to third parties these falsehoods.

5. Defendant knew such false statement would likely result in material and substantial defamation of Plaintiff and her business practices.

6. Defendant false statements imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiff's lawful business, trade, and/or profession.

7. Defendant and  false statements were published with malice, and reckless disregard for the truth, Defendant Bliven acted with malice because of her non payment to Plaintiff

8.  Plaintiff has been damaged by these false statements because the statements subject Plaintiff to hatred, distrusted, ridicule, contempt, and disgrace

9.  Plaintiff Vileno has been damaged by these false statements causing injured Vileno in her profession and business personal affairs

10.  Plaintiff Vileno has been damaged by these false statements because the statements attribute conduct, characteristics, and conditions incompatible with the proper exercise of Plaintiff Vileno lawful business and duties as a professional

### Count V.  Prima Facie Tort

1. Elements: 1. The existence of a legal duty that the defendant owed to plaintiff, 2. The Defendant breach that duty, 3. The Plaintiff sufferance of an injury, 4. Proof that the Defendant breach caused the injury.

2.  Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full.

3.  Defendants published the above statements concerning Plaintiff with the specific intent and desire to injure Plaintiff by fraud and deceit. Defendant course of conduct in doing so was motivated by spite and malevolence and has no legal jurisdiction.

4.  By reason of the foregoing, Defendant has caused irreparable harm to Plaintiff's personal and professional reputation, putting the future of her business in jeopardy, as well as her ability to defend his reputation.

5.  As a result of defendants' past and continued wrongful acts, Plaintiff has suffered damages, in the form of, inter alia, lost business opportunities.

6.  In addition, Plaintiff has suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

### COUNT VI: INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

Elements: (1) extreme and outrageous conduct. (2) an intent to cause, or reckless disregard to the probability of causing emotional distress. (3) severe emotional distress suffered by plaintiff and (4) that the conduct complained of caused the plaintiff severe emotional distress Broberg v. Carnival Corp., 303 F. Supp. 3D 1313,1317 (S.D. Fla. 2017)

liability ( Metro. Life Ins. Co. v. McCarson, 467 So. 2D 277, 278-79 (Fla. 1985) ti support a claim is a question of law

- Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full.

- Defendant intended to cause Plaintiff to suffer severe emotional distress, or at a minimum, acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress.
- Defendant three lawsuits alleging  fraud were not supported by fact or law and Defendant false affidavit accusing Plaintiff of fraud.

- As a direct result of Defendants conduct Plaintiff have and will continue to suffer severe emotional distress and injuries, including but not limited to, loss of sleep, loss of friendships, social stigmatization, depression and anxiety.

## VII. QUANTUM MERIT

1. Elements of quantum merit 1. the plaintiff provided a benefit to the defendant 2. the defendant accepted or retained that benefit 3. the plaintiff reasonably expected payment from the defendant but the defendant made no such payment.

2. Defendant accepted materials, and services and refused to pay for over 10 years
3. Defendant has failed to make his agreed upon obligation for obtaining proper permits and certificate of occupancy denying Plaintiff her profits.
4.Defendant scheme was not to pay Plaintiff and retailed with filing 3 frivolous lawsuit defaming and injuring Plaintiff for the sole purpose of not paying Plaintiff

## VIII.  FRAUD in the INDUCEMENT

1. Elements of fraud in the inducement are
a.)  a false statement of material fact,
b. ) The maker of the false statement knew or should of known of the falsity of the statement
c.)  the maker intended that the false statement induce anther's reliance
d.)   the other party justifiably relied on the false statement to its detriment


2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-36 as if set forth herein full

3. Plaintiff reasonably relied upon the defendant knowing (mis)representation in agreeing to enter into contract and expand sufficient amount of money to repair, maintain and

upgrade home. Indeed the defendant took steeps therefore to deceive Plaintiff into believing she had obtain the necessary permits and certificate of occupancy of property.

4. Defendant scheme was not to pay Plaintiff and retailed with filing 3 frivolous lawsuit defaming and injuring Plaintiff for the sole purpose of not paying Plaintiff

5. Had Plaintiff know that Defendant representations were false and fraudulent, Plaintiff would have never agreed to enter into the contract, nor would Plaintiff have agreed to repair maintain home for 11 years.

6. As a result of the Defendant knowingly false and fraudulent misrepresentations and Plaintiff reliance thereupon, Plaintiff has suffered damages.

## IX. FRAUD

1. Elements of fraud: a representations of fact, 2. its falsity, 3 its materially, 4. the re-presenter's knowledge of its falsity or ignorance of its truth, 5. the re-presenter's intent that it should be acted upon by the person in the manor reasonably contemplated 6. the injured party ignorance of its falsity, 7 the injured party reliance on its truth 8. the injured party right to rely thereon 9. the injured party consequent and proximate injury

2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 29 as if set forth herein full

3. Defendant filed 3 Frivolous Lawsuits with over 325 filing in the past without probable cause, knowing the previous Judge said there was No fraud and trespassing

4. When Defendant was unsuccessful with the first lawsuit they filed a second lawsuit accusing Plaintiff of the same criminal acts.

5. Defendant Bliven filed two contradicting affidavits for the sole purpose of filing lawsuits.

## X. FRAUD ON THE COURT

1. Elements of fraud on the court that a party has sentimentally set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the tier of act or unfairly hampering the presentation of the opposing party's claim or defense fraudulent conduct.

2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-36 as if set forth herein full

3. Defendant falsified complaint stating she was a resident of Florida.

4.  Defendant falsified civil cover sheet stating there were no previous cases.

5. Defendant scheme was not to pay. Plaintiff and retailed with filing 3 frivolous lawsuit and defaming and injuring Plaintiff for the purpose of not paying Plaintiff.

6. Defendant filed frivolous motions in bad faith to causing harm and injury to Plaintiff

## XI. NEGLIGENCE and ABUSE OF PROCESS

1. Elements of abuse of process 1. that a legal proceeding has been set in motion in proper form and with probable cause 2. that the proceeding has been perverted at attempt to accomplish purpose for which it was not designed 3. that direct damage has resulted from the wrongful process must prove that the opposing filed a lawsuit against you 2. that they did so for an improper purpose (to accomplish something other than simply winning the lawsuit 3. that you were harmed as the result.

2.  Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50  as if set forth herein full

3.  Defendant failure to disclose her state citizenship and correct address on complaint

4. Defendant and her attorneys, acted with improper purpose, to gain leverage over Plaintiff in a dispute for Breach of agreement.

5. Defendant and her attorneys Melisa Karp Esq. Reid McCullough Esq with McCullough Legal Service, L. Randy Scudder Esq with McCullough Legal Service, LeLand Wilson Esq with McCullough Legal Service, Heather Cherepki Esq with McCullough Legal Service which has changed their name to Denali Law Group. Filed 10 defamatory statements against Plaintiff intending to cause harm and suffering. Defendant conduct and her attorneys as describe herein was extreme and outrageous.

6. Wrongfully defaming Plaintiff by accusing her of (1.) living on the property without authorization (2) Renting property to tenants (3) making unauthorized changes to the home, (4) abusing the elderly, (5) Vileno wrote Plaintiff N.Y address on agreement (6) Vileno refused plaintiff access to property (7) Unjust enrichment (8) converted rental payments to her own use in violations of the rights to the plaintiff, (9)forgery, (10) uncooperative delaying court proceedings and maliciously suing Plaintiff. This was malicious, fraudulent and oppressive and done with willful and conscious disregard for Plaintiff rights.

7. Defendant and her attorneys, acted with improper purpose, to gain leverage over Plaintiff in a dispute for Breach of agreement

8. Those court proceedings ended in Plaintiff favor

9. *When Defendant was unsuccessful with the first lawsuit they filed a second lawsuit accusing Plaintiff of eight criminal acts and fraud.*

10. Defendant filed a false affidavit in the second lawsuit claiming Plaintiff was unlawfully residing
in the home for the sole purpose of filing lawsuit.

11. Defendant filed 2nd affidavit contradicting the first affidavit claiming Plaintiff had permission to stay in the home for the sole purpose of filing summary judgment.

12. Defendant and her attorneys, acted with improper purpose, to gain leverage over Plaintiff in a dispute for Breach of agreement

13. Those court proceedings ended in Plaintiff favor

14. As the direct legal result of Defendant conduct, was malicious, fraudulent, and done with ill intent, for Defendant to gain leverage over a dispute for Breach of agreement. Plaintiff has suffered and will continue to suffer reasonable, foreseeable and ascertainable damages, including but not limited to, loss of earnings emotional distress, and attorney fees and costs.

## XII MALICIOUS PROSECUTION RECKLESS SPECIFIC INTENT

1. Elements of Malicious Prosecution 1. a criminal or civil judicial proceeding was commenced against Plaintiff 2. the proceeding was instigated by the defendant 3. the proceeding ended in favor of the plaintiff, 4. the proceeding was instigated with males or without probable cause 5. the plaintiff suffered damages as a result of the defendant's filing of the litigation claim.

2.   Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full

3. Defendant caused Plaintiff to respond to her three Frivolous Lawsuits
4. Defendant filed contradicting affidavits for the sole purpose of harming Plaintiff

5. *Defendant was unsuccessful with the first lawsuit they filed a second lawsuit with false affidavit.*

6. *Defendant acted with improper purpose, to gain leverage over Plaintiff in a dispute for Breach of agreement.*

7. Those court proceedings ended in Plaintiff favor

8. As the direct legal result of Defendant conduct, Plaintiff has suffered and will continue to suffer reasonable, foreseeable and ascertainable damages, including but not limited to, loss of earnings emotional distress, and attorney fees and costs.

9. The conduct of Defendant and her attorneys, Melisa Karp Esq. Reid McCullough Esq with McCullough Legal Service, L. Randy Scudder Esq with McCullough Legal Service, LeLand Wilson Esq with McCullough Legal Service, Heather Cherepki Esq with McCullough Legal Service which has changed their name to Denali Law Group as describe herein, was malicious and oppressive and done with willful and conscious disregard for Plaintiffs rights entitling Plaintiff to an award of punitive damages from Defendants.

## XIII. SPECIFIC PERFORMANCE

1. Elements of specific performance 1. a valid contract. 2. definite and certain terms 3. mutuality of obligation and remedy. 4. freedom from fraud and overreaching 5. lack of remedy at law.

2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-36 as if set forth herein full

3. Plaintiff and Defendant entered into contract on 4/27/2018 with specific terms of completion of repairs and certificate of occupancy

4. Defendant and Plaintiff agreed to the terms of the contract.

5. Lacks remedy and law

## XIV.   Promissory Estoppel mislead injured

1.  Elements of promissory estoppel 1. a promise clear and unambiguous in its terms 2. reliance by the party to whom the promise is made 3 the reliance must be both reasonable and enforceable 4. the party asserting the estoppel must be injured

2. Plaintiff hereby re-alleges and reaffirms the allegations set forth in paragraphs 1-50 as if set forth herein full

3. Defendant mother daughter relationship with Plaintiff, have been doing business in Real Estate since 1999 and was promised the property and has been making improvements to the home since 2010 and Plaintiff relied on her promise, and is lawfully living in the property.

4. The specific property acquired by the Defendant is traceable to Defendant's wrongful acts and there is no reason in equity why Defendant should be entitled to retain that property.

5. Such acts and omissions leading to the Defendant's promise were the actual and proximate cause of harm to Plaintiff.

6.   Enter a permanent injunction restraining Defendant and each of his agents, servants, family members, employees and attorneys and those persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, including email, transmission or overnight delivery service, from directly or indirectly engaging in wrongful conduct.

7.  Require Defendant to disgorge his ill-gotten gains, plus pre-judgment interest.

8.  Require Defendant to disgorge all unjust enrichment and/or ill gotten gain received.

## XV.  COLLATERAL LEGAL CONSEQUENCES

*As Defendant has failed to prove his claim before this honorable Court, it arise the right of Plaintiff to sue the Defendant for defamation for misleading and frivolous litigation provoked by the Defendant has caused mental disturbance to the Plaintiff. This also gives Plaintiff the right to claim for his expenses incurred in court proceedings including attorney's fees. Moreover, the failure of Defendant to proving her claim and the actions of Defendant which had leaded Plaintiff to become an adverse possessor of the subject matter also strengthen the footings of the Plaintiff The breach of agreement made by the defendant on mere ground of unsuitable material which she had at the time of its installment neither questioned, also allows this honorable court to proceed for judgment in the best interest of justice*

## VI. RELIEF REQUEST

- **WHEREFORE,** Plaintiff request judgment be entered in her favor against Defendants awarding damages, injunctive relief, costs, attorney's fees and costs, expert witness fees, compensatory damages, interest: Punitive damages: That Plaintiff be awarded costs of the suits and interest incurred as provided by law: For the cost of the suit herein incurred: attorney fees, prejudgment  and post

judgment interest until paid; For attorney fees and costs related hereto: and for such other and further relief as this court may deem just and proper.(1) Liquidated damages

- (2) Compensatory damages (3) Punitive Damages (4)Specific Performance
- (5) Consequential damages (6) Incidental damages (7) Equitable damages
- (8) Expectation damages (9) Nominal damages  (10) Ordinary damages
- (11) Exemplary damages (12) *Financial damages* interest, the property be sold with all proceeds to Plaintiff or deed in Plaintiff name or any other relief this court deems just and proper.

-      **WHEREFORE** *Plaintiff prays for judgment against Defendant's and her awarding compensatory damages including, consequential and incidental damages as a result of Defendant's wrongdoing in the amount to be determined at trial but not less than $1,500,000.00*

- *Requiring Defendant and to make a public retraction of the false statements*

- *Enter a permanent injunction restraining Defendant and each of his agents, servants, family members, employees and attorneys and those persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, including email, transmission or overnight delivery service, from directly or indirectly engaging in wrongful conduct.*

*Resptectfully submitted*
*s/s Pauline Vileno*     *Pauline Vileno*
*941.400.8810*
*pav8810@gmail.com*
*1627 Baywinds Lane, Sarasota Fl. 34231*

cc Margaret Bliven
362 Strawtown Rd.
West Nyack, New York  10994
cc Estate of Raymond Bliven
personal representive
 Margaret Bliven
362 Strawtown Rd.
West Nyack, New York  10994
Estate of Raymond Bliven



# Affidavit

STATE OF:_____Florida_____
COUNTY OF: ___Orange_____

The undersigned, hereby deposes and says:
1. I am over the age of 18 and am a resident of Florida. I have personal knowledge of the information stated herein, and, if called as a witness, could testify completely thereto.
2. I suffer no legal disabilities and have personal knowledge of the information set forth below.

During the examination of two separate Affidavits (original filing 90168756 and revised140961851), the initial filing conflicts with the second regarding the permission of Pauline Vileno to occupy the residence at 1627 Baywinds Lane, Sarasota.

According to public tax and voters registration documents, original Plaintiff (Margaret and Raymond Bliven) were/are not citizens of Florida (never have been), never obtained the required permits for repair work resulting from insurance paid tornado damage. Florida Building Construction standards part 553.79 requires a permit for any such repairs or construction. In addition, neither Margaret nor Raymond are licensed Contractors as required by Florida code chapter 489.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this ___9th___ day of ____March____ , 20 _22_ .

By: Paul L. Johnson

## NOTARY ACKNOWLEDGMENT

**STATE OF FLORIDA**
**COUNTY OF:** Orange

The foregoing instrument was acknowledged before me by means of physical presence, this 9th__ day of: __March__ , 2022  produced by: Paul Larsen Johnson, who is personally known to me or, has a Florida Drivers License  as his identification.

Notary Public

Jose J Tobar
(Print Name)

JOSE J TOBAR
Notary Public · State of Florida
Commission # HH 056248
My Comm. Expires Oct 22, 2024

Filing # 140961851 E-Filed 12/27/2021 02:21:13 PM

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

CASE NO.:   2019-CA-004986

MARGARET BLIVEN,

     Plaintiff,

vs.

PAULINE ANNE VILENO,
     Defendant.

_____/

### AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now, the affiant, Margaret Bliven, being duly sworn, deposes and states as follows:

1. I am over 18 years of age and have personal knowledge of the facts stated in this affidavit.

2. I am the current owner of the property located at 1627 Baywinds Lane, Sarasota, Florida 34231 ("Property"). See deed attached hereto as Exhibit "A".

3. I gave my daughter, Pauline Anne Vileno, permission to live on the Property.

4. While Ms. Vileno was living on the Property, I allowed her to list the Property for sale through Horizon Realty International.

5. Ms. Vileno listed the Property for sale as an agent of Horizon Realty International on July 12, 2010 and on September 17, 2015.  See Exhibit "B" attached hereto.

6. I have since requested that Ms. Vileno vacate the property and Ms. Vileno has refused to leave.

7. Ms. Vileno no longer has permission to live on the Property.

8. Ms. Vileno does not pay nor have a lease for the Property.

9. Ms. Vileno has no ownership interest in the Property.

10. I have paid all property taxes, mortgage payments, and insurance on the property prior to and after Ms. Vileno moved into the Property.

11. Ms. Vileno has not paid property taxes, mortgage or rental payments, or insurance on the Property at any time.

**FURTHER AFFIANT SAYETH NAUGHT.**

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Margaret Bliven

*Margaret Bliven*

STATE OF NEW YORK
COUNTY OF Rockland

The forgoing affidavit was acknowledged, subscribed to me and sworn before me this 22 day of December, 2021 by Margaret Bliven, who is personally known to me or has produced the following: NYS DL .

Notary Public State of New York
My Commission Expires: 9/29/23

KIMBERLY LILLO
Notary Public, State of New York
No. 01LI6099504
Qualified in Rockland County
Commission Expires Sept. 29, 2023

Filing # 90168756 E-Filed 05/28/2019 01:39:19 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

RAYMOND BLIVEN and
MARGARET BLIVEN,

        Plaintiffs,

v.                             CASE NO. 2018-CC-4452-NC

PAULINE ANNE VILENO,

        Defendant.

_____

## AFFIDAVIT OF MARGARET BLIVEN

STATE OF FLORIDA    )
                    ) ss:
COUNTY OF SARASOTA )

    BEFORE ME, the undersigned authority, duly authorized by law to take acknowledgments, this date appeared MARGARET BLIVEN, who is personally known to me, and after first being duly cautioned and sworn, deposes and states as follows:

    1.    I am the owner of the property at 1627 Baywinds Lane, Sarasota, FL 34231.

    2.    Defendant Vileno has been living in the property in question without authorization.

    3.    I did not sign any agreement allowing Defendant Vileno to stay on the property at issue under any conditions.

    4.    I did not know about the existence of the purported written agreement or its terms until it was submitted as an exhibit to Defendant Vileno's Answer before this Court.

    5.    It is my belief that my signature on the purported written agreement was forged.

FURTHER AFFIANT SAYETH NAUGHT.

_Margaret Bliven_

**MARGARET BLIVEN**

**SUBSCRIBED AND SWORN** on this _24_ day of _May_ ,
2019.

Notary Public, State of Florida at Large

My commission expires:

```
Notary Public State of Florida
Reid C McCullough
My Commission GG 159281
Expires 12/05/2021
```

2

Margaret Bliven                                    Date: April 27, 2017
 362 Strawtown Rd
West Nyack, N.Y. 10994


Pauline Vileno
1627 Baywinds Ln.
Sarasota Fl. 34231

  Re: Agreement


  This agreement is between Margaret Bliven and Pauline Vileno
  Margaret Bliven agrees to have Pauline Vileno to help finish repairs on
  1627 Baywinds Ln. Pauline Vileno agrees to give Margaret Bliven report
  of items between the two adjusters.
  When repairs are finished Margaret Bliven agrees to give Pauline
  Vileno listing to sell 1627 Baywinds Ln. and share in profits of home.
  Pauline Vileno will move out upon sale of home


Margaret Bliven                               Pauline Vileno

*Margaret Bliven*                             *Vileno*



**Legal Aid
Manasota**
Access To Justice

June 27, 2018

Margaret Bliven                      Melissa Karp Elsbree
7682 Camminare Drive                 1514 3rd Street Circle East
Sarasota, FL 34238                   Palmetto, FL 34221

RE:   Pauline Vileno
      1627 Baywinds Lane
      Sarasota, FL 34231

Dear Ms. Bliven:

Pauline Vileno requested our assistance with respect to your "Thirty Day Notice" to
vacate the property where she currently resides. After discussing this matter with Ms.
Vileno, we must advise you that she is unable to comply with the terms of your notice at
this time.

First, Ms. Vileno has not sub-leased the property to any party nor does anyone live at the
1627 Baywinds Lane address other than Ms. Vileno.  Since the tornado, Ms. Vileno has
expended considerable amounts of her own money to make necessary repairs and
upgrades to the property.  She has spent considerable time negotiating insurance repairs
and has undertaken to make repairs herself, such as mold remediation, when the
insurance company denied that portion of the claim.

You must also consider your contract of April 27, 2017 that involves Ms. Vileno finishing
the repairs to the property and upon completion of the repairs, Ms. Vileno is to be the
listing real estate agent and will share in the profits of the sale of the home.  The contract
also provides that Ms. Vileno may remain in the home until it is sold.

Ms. Vileno advises that the only outstanding repair item involves plumbing, which when
completed, will allow the home to be listed for sale.  She requests that you employ a
plumbing contractor or authorize her to do so.

We anticipate your cooperation.

Sincerely,

# James Howard Turner

James Howard Turner
Volunteer Attorney
(Signed in absentia to assure prompt delivery)

cc: Pauline Vileno
JHT/cwj

I Sharon Davis was at 1627 Baywinds Lane on April 27, 2017

While Pauline Vileno  was helping Margaret Bliven to get ready to go back to New York.

I Sharon Davis watched Pauline Vileno and Margaret Bliven review paperwork on repairs after the

tornado then I watched them signed an agreement for Baywinds Lane so Margaret Bliven could take

paper work back home to New York.

Sharon Davis

*Sharon Davis* (signature)

BLANCA PASTORE
Notary Public · State of Florida
Commission # GG 350972
My Comm. Expires Jul 1, 2023

STATE OF FLORIDA
COUNTY OF SARASOTA

The foregoing instrument was acknowledged
before me this _____ day of _____, 20___
by _____

_____
Notary Signature

Personally Known or Type of ID _____

October 7, 2020

Please be advised that I, Jean Samies, was a dinner guest of Pauline Vileno at her home 1627 Baywinds Lane, Sarasota, Fl 34231 in March 2017. With my escort , Ray and Margaret Bliven and Pauline we were a small party of five. It was a friendly dinner. Margaret Bliven walked through the house inspecting each room. She expressed pleasure with the upgrades she had facilitated. Before we sat down to dinner Pauline presented a folder of improvements with related costs listed. There was friendly agreement. After dinner my escort and I followed them to Village Walk where they were staying as they felt uneasy with night driving.

Sincerely,

*Jean Samies*

Jean Samies

**STATE OF FLORIDA**
**COUNTY OF SARASOTA**

The foregoing instrument was acknowledged before me this day of O T , 20 20
by Jean M Samies
R Dorgan
Notary Signature
Personally Known or Type of ID Driver's license

RANIA DARGHAM
Notary Public - State of Florida
Commission # GG 228208
My Comm. Expires Jun 13, 2022

1

| RETURN OF SERVICE | Court Stamp Here |
|---|---|

| Court | |
|---|---|
| IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA | |

| Plaintiff | Case # |
|---|---|
| RAYMOND BLIVEN; ET AL | 2018 CC 4452 NC |

| Defendant | Hearing Date |
|---|---|
| PAULINE ANNE VILENO | |

| Person to be Served | Came to Hand Date/Time |
|---|---|
| MARGARET BLIVEN | 10/20/2020      7:45 PM |

| Manner of Service | Service Date/Time |
|---|---|
| Personal | 10/21/2020      10:12 AM |

| Documents | Service Fee |
|---|---|
| ORDER GRANTING ENTITLEMENT | $75.00 |

On **10/21/2020** at:
**362 STRAWTOWN RD, WEST NYATCK, NY 10994** I served **MARGARET BLIVEN** by:

Personally delivering **1** copy(ies) of **ORDER GRANTING ENTITLEMENT** to **MARGARET BLIVEN**, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**Who accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away), with identity confirmed by subject saying yes when named, a gray-haired white female approx. over 65 years of age, 5'4"-5'6" tall and weighing 140-160 lbs**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | 10/21/2020 |
|---|---|---|
| Dena Lee Cutler | Process Server ID | Date Executed |







**A3959324**                                    **1627 BAYWINDS LANE SARASOTA, 34231**

County: Sarasota                                               Status: Leased
Subdiv: BAYWINDS ESTS                                          List Price: $319,999
Beds: 2                                                        Year Built: 1979
Baths: 2/0                                                     Special Sale: None
Pool: Private                                                  ADOM: 471
Style: Single Family Residence                                CDOM: 471
Const Status:                                                 Proj Comp Date:
Acreage: Up to 10,889 Sq. Ft.                                 Pets:
Minimum Lease Period:                                         SqFt Heated: 1,899
Garage: Yes   Attch: No   Spcs: 2    Carport:   Spcs:         Total SF: 2,922
Garage/Carport: Garage Door Opener                            LP/SqFt: $168.51
Location: Cul-de-sac

Great Home Great Price!!  Awesome location west of 41 just minutes to Siesta Key beach and 15 minutes to downtown. Nice pool home is toward the end of a cul-de-sac close to inter-coastal waterway in a non-deeded restricted community. A double door entry presents the elegant foyer, with open floor plan and expansive rooms, great for entertaining. Both bedrooms are spacious and have walk in closets, large Florida rm. & kitchen with lots of light over looks an inviting pool.

## Land, Site, and Tax Information

| | | |
|---|---|---|
| SE/TP/RG: 18/37/18 | Zoning: RSF2 | Section #: | Floor Number: |
| Subd #: 1951 | Future Land Use: 0100 | Block/Parcel: | CDD: No |
| Tax ID: 0106010031 | Zoning Compatible: | Front Exposure: | Annual CDD Fee: |
| Taxes: $2,880 | Tax Year: 2011 | Lot #: 17 | Land Lease Fee: |
| Auction: | Auction Type: | Other Exemptions: | Plat Book/Page: 0024/0024 |
| Auction Firm/Website: | Property Access: | Additional Parcels: No | |
| Homestead: Yes | Buyers Premium: | Ownership: Fee Simple | |
| Alt Key/Folio: | Complex/Community Name: | | |
| Lot Dimensions: | Lot Size Acres: 0.23 | Lot Size (SF): 10,210 | Flood Zone Code: |
| Legal Description:  LOT 17, BAYWINDS ESTATES | | | |

## Interior Information

Air Conditioning: Central Air                          Flooring Covering: Carpet, Ceramic Tile
Heating and Fuel: Central                              Security Features:
Fireplace: No                                          SqFt Heated Source: Public Records
Utilities: Cable Available, Electricity Connected
Sewer:                                                 Water: Public
Interior Features: Ceiling Fans(s)
Appliances Included: Dishwasher, Disposal, Dryer, Range, Washer

| Room | Dimensions | Room | Dimensions | Room | Dimensions | Room | Dimensions |
|---|---|---|---|---|---|---|---|
| Dining Room | 13X11 | Family Room | 22X15 | Kitchen | 15X12 | Living Room | 18X15 |
| Master Bedroom | 13X18 | | | | | | |

## Exterior Information

Exterior Construction: Block                           Description:
Roof: Shingle                                          Garage Dimensions:
Pool: Heated, In Ground                                Pool Dimensions:

## Community Information

HOA Fee Requirement: None        Condo Fee:        Pet Size Limit:        # of Pets:

## Realtor Information

List Agent: PAULINE VILENO                     Agent ID: 261063862                  Agent Direct: 941-400-8810
E-mail: pauline800@yahoo.com                   Agent Fax: 941-924-1408             Agent 2 Phone:
Office: HOOK & LADDER REALTY INC               Office ID: 281516501                Agent Cell: 941-400-8810
Office Fax: 888-768-2858                        Original Price: $375,000           Office Phone: 941-554-4044
Team Name:                                     Price Change: 5/16/13              Call Center #:
List Date: 4/23/12                             Previous Price: $349,999           LP/SqFt: $168.51
Owner: BLIVEN RAYMOND, BLIVEN MARGARET         Owner Phone:                        Listing Type:: Exclusive Right To Sell
Spec List Type: Exclusive Right To Sell        Bonus:                              Bonus Exp Date:
Single Agent: 3%                               Non-Rep: 3%                         Trans Broker: 3%
Showing Instructions: Call Listing Agent
Driving Directions: US 41 TO STICKNEY PT. RD. WEST, RIGHT ON GLENCOE, RIGHT ON CRESTWOOD AVE., LEFT ON RIDGEWOOD, LEFT ON HOLLYWOOD, RIGHT ON BAYWINDS

© 2019 MFR, Inc. DBA Stellar MLS. Information deemed reliable but not guaranteed.  Parties are advised to verify.  11/11/2019 - 11:44 PM



**A3945232**                                      **1627 W BAYWINDS LANE S SARASOTA, 34231**

| | | |
|---|---|---|
| **County:** Sarasota | | **Status:** Expired |
| **Subdiv:** BAYWINDS ESTS | | **List Price:** $370,000 |
| **Beds:** 2 | | **Year Built:** 1979 |
| **Baths:** 2/0 | | **Special Sale:** None |
| **Pool:** Private | | **ADOM:** 183 |
| **Style:** Single Family Residence | | **CDOM:** 513 |
| **Const Status:** | | **Proj Comp Date:** |
| **Acreage:** Up to 10,889 Sq. Ft. | | **Pets:** |
| **Minimum Lease Period:** | | **SqFt Heated:** 1,899 |
| **Garage:** Yes   **Attch:** Yes   **Spcs:** 2   **Carport:**   **Spcs:** | | **Total SF:** 2,922 |
| **Garage/Carport:** | | **LP/SqFt:** $194.84 |
| **Location:** | | |

Idyllic location west of 41 just minutes to Siesta Key beach and 15 minutes to downtown. Home is toward the end of a cul-de-sac close to intercoastal waterway in a non-deeded restricted community. A double door entry presents the elegant foyer, with open

## Land, Site, and Tax Information

| | | | |
|---|---|---|---|
| **SE/TP/RG:** 18/37/18 | **Zoning:** RSF2 | **Section #:** | **Floor Number:** |
| **Subd #:** 1951 | **Future Land Use:** 0100 | **Block/Parcel:** | **CDD:** No |
| **Tax ID:** 0106010031 | **Zoning Compatible:** | **Front Exposure:** South | **Annual CDD Fee:** |
| **Taxes:** $3,282 | **Tax Year:** 2010 | **Lot #:** 17 | **Land Lease Fee:** |
| **Auction:** | **Auction Type:** | **Other Exemptions:** | **Plat Book/Page:** 0024/0024 |
| **Auction Firm/Website:** | **Property Access:** | **Additional Parcels:** No | |
| **Homestead:** Yes | **Buyers Premium:** | **Ownership:** Fee Simple | |
| **Alt Key/Folio:** | **Complex/Community Name:** | | |
| **Lot Dimensions:** | **Lot Size Acres:** 0.23 | **Lot Size (SF):** 10,210 | **Flood Zone Code:** |
| **Legal Description:** LOT 17, BAYWINDS ESTATES | | | |

## Interior Information

**Air Conditioning:** Central Air, Humidity Control
**Heating and Fuel:** Electric
**Fireplace:** No
**Utilities:** BB/HS Internet Available, Cable Available, Cable Connected, Electricity Connected
**Sewer:**
**Interior Features:** Walk-In Closet(s), Window Treatments
**Appliances Included:** Built-In Oven, Dishwasher, Disposal, Dryer, Microwave, Washer

**Flooring Covering:** Carpet, Ceramic Tile
**Security Features:**
**SqFt Heated Source:** Public Records

**Water:** Public

| Room | Dimensions | Room | Dimensions | Room | Dimensions | Room | Dimensions |
|---|---|---|---|---|---|---|---|
| Bedroom 2 | 13x16 | Dining Room | 14x11 | Kitchen | 15x13 | Living Room | 18x15 |
| Master Bedroom | 13x18 | | | | | | |

## Exterior Information

**Exterior Construction:** Block
**Roof:** Shake
**Pool:** Heated, In Ground, Screen Enclosure
**Exterior Features:** Irrigation System, Lighting, Rain Gutters, Sliding Doors

**Description:**
**Garage Dimensions:**
**Pool Dimensions:**

## Community Information

**HOA Fee Requirement:** None                    **Condo Fee:**                    **Pet Size Limit:**                    **# of Pets:**

## Realtor Information

| | | |
|---|---|---|
| **List Agent:** MATT AUGUSTYNIAK | **Agent ID:** 283548186 | **Agent Direct:** 941-238-0953 |
| **E-mail:** matt@horizonrealty.org | **Agent Fax:** 941-752-4786 | **Agent 2 Phone:** |
| **Office:** HORIZON REALTY INTERNATIONAL | **Office ID:** 266509939 | **Agent Cell:** |
| **Office Fax:** 941-752-4786 | **Original Price:** $360,000 | **Office Phone:** 941-238-0953 |
| **Team Name:** | **Price Change:** 6/22/11 | **Call Center #:** |
| **List Date:** 6/17/11 | **Previous Price:** $360,000 | **LP/SqFt:** $194.84 |
| **Owner:** BLIVEN RAYMOND, BLIVEN MARGARET | **Owner Phone:** | **Listing Type:** Exclusive Right To Sell |
| **Withdrawn:** | **Off-Market:** 12/17/11 | |
| **Spec List Type:** Exclusive Right To Sell | **Bonus:** | **Bonus Exp Date:** |
| **Single Agent:** 3% | **Non-Rep:** 3% | **Trans Broker:** 3% |

**Showing Instructions:** Call Before Showing
**Driving Directions:** US 41 to Stickney Pt. Rd. west, Right on Glencoe, Righton Crestwood Ave., Left on Ridgewood, Left on Hollywood., Right on Baywinds Ln



**A3928932**                                                                                                      **1627 BAYWINDS LANE SARASOTA, 34231**

| | |
|---|---|
| **County:** Sarasota | **Status:** Expired |
| **Subdiv** BAYWINDS ESTS | **List Price:** $350,000 |
| **Beds:** 2 | **Year Built:** 1979 |
| **Baths:** | **Special Sale:** None |
| **Pool:** Private | **ADOM:** 335 |
| **Style:** Single Family Residence | **CDOM:** 335 |
| **Const Status:** | **Proj Comp Date:** |
| **Acreage:** Up to 10,889 Sq. Ft. | **Pets:** Yes |
| **Minimum Lease Period:** | **SqFt Heated:** 1,899 |
| **Garage:** Yes   **Attch:**   **Spcs:** 2   **Carport:**   **Spcs:** | **Total SF:** 2,922 |
| **Garage/Carport:** | **LP/SqFt:** $184.31 |
| **Location:** Cul-de-sac | |

Idyllic location west of 41 just minutes to Siesta Key beach and 15 minutes to downtown. Home is toward the end of a cul-de-sac close to intercoastal waterway in a non-deeded restricted community. A double door entry presents the elegant foyer, with open floor plan and expansive rooms, great for entertaining. Both bedrooms are spacious and have walk in closets, large Florida rm. & kitchen with lots of light over looks an inviting pool.

### Land, Site, and Tax Information

| | | | |
|---|---|---|---|
| **SE/TP/RG:** 18/37/18 | **Zoning:** RSF2 | **Section #:** | **Floor Number:** |
| **Subd #:** 1951 | **Future Land Use:** 0100 | **Block/Parcel:** | **CDD:** |
| **Tax ID:** 0106010031 | **Zoning Compatible:** | **Front Exposure:** South | **Annual CDD Fee:** |
| **Taxes:** $3,283 | **Tax Year:** 2010 | **Lot #:** | **Land Lease Fee:** |
| **Auction:** | **Auction Type:** | **Other Exemptions:** | **Plat Book/Page:** 0024/0024 |
| **Auction Firm/Website:** | **Property Access:** | **Additional Parcels:** | |
| **Homestead:** | **Buyers Premium:** | **Ownership:** Fee Simple | |
| **Alt Key/Folio:** | **Complex/Community Name:** | | |
| **Lot Dimensions:** | **Lot Size Acres:** 0.23 | **Lot Size (SF):** 10,210 | **Flood Zone Code:** |
| **Legal Description:** LOT 17, BAYWINDS ESTATES | | | |

### Interior Information

| | |
|---|---|
| **Air Conditioning:** Central Air | **Flooring Covering:** Carpet, Ceramic Tile |
| **Heating and Fuel:** | **Security Features:** |
| **Fireplace:** | **SqFt Heated Source:** Public Records |
| **Utilities:** Cable Connected, Electricity Connected | |
| **Sewer:** | **Water:** Public |

**Interior Features:** Ceiling Fans(s), Open Floorplan, Walk-In Closet(s), Window Treatments
**Appliances Included:** Dishwasher, Disposal, Dryer, Microwave, Range, Range Hood, Refrigerator, Washer

| Room | Dimensions | Room | Dimensions | Room | Dimensions | Room | Dimensions |
|---|---|---|---|---|---|---|---|
| Bedroom 2 | 13x16 | Dining Room | 14x11 | Family Room | 13x16 | Kitchen | 15x13 |
| Living Room | 18x15 | Master Bathroom | | Master Bedroom | 13x18 | | |

### Exterior Information

| | |
|---|---|
| **Exterior Construction:** Block | **Description:** |
| **Roof:** Shingle | **Garage Dimensions:** |
| **Pool:** Heated | **Pool Dimensions:** |
| **Exterior Features:** Sliding Doors | |

### Community Information

### Realtor Information

| | | |
|---|---|---|
| **List Agent:** PAULINE VILENO | **Agent ID:** 281063862 | **Agent Direct:** 941-400-8810 |
| **E-mail:** pauline800@comcast.net | **Agent Fax:** 941-924-1408 | **Agent 2 Phone:** |
| **Office:** HORIZON REALTY INTERNATIONAL | **Office ID:** 281506035 | **Agent Cell:** 941-400-8810 |
| **Office Fax:** 941-238-0954 | **Original Price:** $350,000 | **Office Phone:** 941-377-2474 |
| **Team Name:** | **Price Change:** | **Call Center #:** |
| **List Date:** 7/12/10 | **Previous Price:** | **LP/SqFt:** $184.31 |
| **Owner:** BLIVEN RAYMOND, BLIVEN MARGARET | **Owner Phone:** | **Listing Type::** Exclusive Right To Sell |
| **Withdrawn:** | **Off-Market:** 06/12/11 | |
| **Spec List Type:** Exclusive Right To Sell | **Bonus:** | **Bonus Exp Date:** |
| **Single Agent:** 3% | **Non-Rep:** 0% | **Trans Broker:** 3% |
| **Showing Instructions:** Call Before Showing | | |

**Driving Directions:** US 41 to Stickney Pt. Rd. west, Right on Glencoe, Righton Crestwood Ave., Left on Ridgewood, Left on Hollywood,, Right on Baywinds Ln

3/11/22, 3:58 PM                                    Voter Details Screen for VoterLookUp

SKIP TO MAIN CONTENT

## Voter Registration and Poll Site Search Results

---

**Polling Place Information**

**Early Voting Poll Site**

For Early Voting locations and times in your area, please follow this link through to your <u>County Board of Elections</u>
<u>(https://publicreporting.elections.ny.gov/CountyBoardRoster/CountyBoardRoster?county_in=Rockland )</u> website.

**Election Day Poll Site**

This is the current polling place assigned to "362 STRAWTOWN RD APT 7, WEST NYACK 10994" by your County Board of Elections as of 06/22/2021

**ST FRANCIS OF ASSISI**
**128 PARROTT RD**
**WEST NYACK, 10994**  <u>Get Directions (https://www.google.com/maps/place/128 PARROTT RD, WEST NYACK, 10994)</u>





**Bill Furst**
**SARASOTA COUNTY**
**PROPERTY APPRAISER**

## Property Record Information for 0118100002

| | |
|---|---|
| **Ownership:** | **Land Area:** 5,222 Sq.Ft. |
| BLIVEN MARGARET | **Municipality:** Sarasota County |
| 362 STRAWTOWN RD, WEST NYACK, NY, 10994-1229 | **Subdivision:** 2951 - VILLAGEWALK UNIT 3B |
| **Situs Address:** | **Property Use:** 0101 - Single Family Attached - End Unit |
| 7682 CAMMINARE DR SARASOTA, FL, 34238 | **Status** OPEN |
| | **Sec/Twp/Rge:** 24-37S-18E |
| | **Census:** 121150020131 |
| | **Zoning:** RSF2 - RESIDENTIAL, SINGLE FAMILY |
| | **Total Living Units:** 1 |
| | **Parcel Description:** LOT 1094, VILLAGEWALK UNIT 3B |

## Buildings

| Situs - click address for building details ⑪ | Bldg # | Beds | Baths | Half Baths | Year Built | Eff Yr Built ⑪ | Gross Area | Living Area | Stories |
|---|---|---|---|---|---|---|---|---|---|
| 7682 CAMMINARE DR SARASOTA, FL, 34238 | 1 | 2 | 2 | 0 | 2005 | 2008 | 2,124 | 1,693 | 1 |

## Extra Features

| line # | Building Number | Description | Units | Unit Type | Year |
|---|---|---|---|---|---|
| 1 | 1 | Screened Enclosure | 656 | SF | 2005 |
| 2 | 1 | Patio - concrete or Pavers | 656 | SF | 2005 |
| 3 | 1 | Privacy Wall Residential | 238 | SF | 2005 |

## Values

| Year | Land | Building | Extra Feature | Just | Assessed | Exemptions | Taxable | Cap ⑪ |
|---|---|---|---|---|---|---|---|---|
| 2021 | $79,600 | $173,000 | $11,100 | $263,700 | $263,700 | $0 | $263,700 | $0 |
| 2020 | $79,600 | $161,300 | $11,200 | $252,100 | $252,100 | $0 | $252,100 | $0 |
| 2019 | $82,200 | $168,400 | $10,800 | $261,400 | $261,400 | $0 | $261,400 | $0 |
| 2018 | $82,000 | $174,900 | $7,300 | $264,200 | $264,200 | $0 | $264,200 | $0 |

| Year | Land | Building | Extra Feature | Just | Assessed | Exemptions | Taxable | Cap ⑪ |
|------|------|----------|---------------|------|----------|------------|---------|-------|
| 2017 | $70,600 | $192,100 | $7,700 | $270,400 | $270,400 | $0 | $270,400 | $0 |
| 2016 | $73,800 | $177,600 | $7,500 | $258,900 | $258,900 | $0 | $258,900 | $0 |
| 2015 | $67,500 | $164,800 | $7,700 | $240,000 | $240,000 | $0 | $240,000 | $0 |
| 2014 | $64,800 | $163,100 | $7,300 | $235,200 | $235,200 | $0 | $235,200 | $0 |
| 2013 | $61,800 | $148,200 | $7,400 | $217,400 | $217,400 | $0 | $217,400 | $0 |
| 2012 | $61,800 | $135,500 | $7,600 | $204,900 | $204,900 | $0 | $204,900 | $0 |

## Current Exemptions

There are no exemptions associated with this parcel. File for Homestead Exemption

## Sales & Transfers

| Transfer Date | Recorded Consideration | Instrument Number | Qualification Code | Grantor/Seller | Instrument Type |
|---------------|------------------------|-------------------|--------------------|----------------|-----------------|
| 10/20/2005 | $100 | 2005236953 | 11 | MC DONALD,JANE E | QC |
| 2/9/2005 | $272,100 | 2005027743 | 01 | DIVOSTA HOMES LP, | WD |
| 12/23/2003 | $100 | 2003259293 | X2 | DIVOSTA & COMPANY INC, | OT |

## Associated Tangible Accounts

There are no associated tangible accounts for this parcel

**Property record information last updated on: 3/10/2022**

---

**FEMA Flood Zone (Data provided by Sarasota County Government as of 3/7/2022)**
Different portions of a property can be in different flood zones. Please click on MAP link below to see the flood zones.

| FIRM Panel | Floodway | SFHA *** | Flood Zone ** | Community | Base Flood Elevation (ft) | CFHA * |
|------------|----------|----------|---------------|-----------|---------------------------|--------|
| 0227F | OUT | OUT | X | 125144 | | OUT |

\* If your property is in a SFHA or CFHA, use the map to determine if the building footprint is within the flood area.
\*\* For more information on flood and flood related issues specific to this property, call (941) 861-5000
\*\*\* Federal law requires flood insurance for all properties in SFHAs with federally backed mortgages.
For general questions regarding the flood map, call (941) 861-5000.

---

 **Gmail**

**Pauline Vileno <pav8810@gmail.com>**

---

## AllegiantAir.com - Itinerary #6XKFNY
1 message

---

**Allegiant Travel Company <email@allegiantdeals.com>**                    Sun, Apr 23, 2017 at 4:41 PM
Reply-To: Do Not Reply <reply-fe9516757065047a73-246_HTML-228535515-1053870-28399@allegiantdeals.com>
To: pav8810@gmail.com

Having trouble viewing this email? View the web-only version.

Allegiant Logo

facebook Share     email Forward
icon               icon

| Customer Name | Book Date |
|---|---|
| **MARGARET BLIVEN** | **04/23/2017** |

Your confirmation number is:    6XKFNY

change/cancel

### Departing Flight Information

| Date | Flight # | Departure Airport | Departs |
|---|---|---|---|
| Thu, May 11, 2017 | 844 | St. Pete-Clearwater International Airport (PIE)  Map | 07:30 AM |

| | | Arrival Airport | Arrives |
|---|---|---|---|
| | | Stewart International Airport (SWF)  Map | 10:21 AM |

**Passenger Name:** RAYMOND BLIVEN - WCHAIR TO/FROM GATE

| Seat Assignment | Priority Access | Under-Seat Personal Item | Checked Bags | Overhead Carry-On Bags |
|---|---|---|---|---|
| 14D | Not Assigned | Free | 0 | 0 |

**Passenger Name:** MARGARET BLIVEN - WCHAIR TO/FROM GATE

| Seat Assignment | Priority Access | Under-Seat Personal Item | Checked Bags | Overhead Carry-On Bags |
|---|---|---|---|---|
| 14E | Not Assigned | Free | 0 | 0 |

Receipt and Payment Details

 carry-on icon - extra

---

Case 8:22-cv-00806-KKM-JSS Document 1 Filed 04/05/22 Page 48 of 106 PageID 48

| | |
|---|---|
| **Airfare** | **$155.90** |
| **Fed Excise Tax** | **$11.70** |
| **Segment Fees** | **$8.20** |
| **PFC** | **$9.00** |
| **Sept 11 Security Fee** | **$11.20** |
| **Seat Selection Fee** | **$30.00** |
| **Carrier Usage Charge** | **$26.00** |
| **Total Trip Cost:** | **$252.00** |

| Payment Type | Payment Date | Amount |
|---|---|---|
| Visa - 5509 | 4/23/2017 | $252.00 |
| Total Paid: | | $252.00 |

| | |
|---|---|
| Balance Due | $0.00 |

Exclusive Allegiant Offer



allegiant travelers icon
with play button

**Baggage Fees:**

**Overweight and oversized checked bag fees apply to:**

- Overweight Checked Bags - between 41 and 70 pounds (18.6-31.8 kilos): $50.00 additional per segment.
- Overweight Checked Bags - between 71 and 100 pounds (32.2-45.4 kilos): $75.00 additional per segment.
- Oversize Checked Bags: height + width + depth in excess of 80 linear inches (203.2 cm): $75.00 additional per segment.

Please note: passengers may bring car seats/strollers, mobility aids or assistive devices, medical equipment such as portable oxygen concentrators or diabetic supplies, food for consumption in flight, a coat, jacket, diaper bag, or an umbrella on board the aircraft without charge.

## ^_Car^_ Shipping Order Placed

From: 1st Class Auto Transportation Inc - John Garcia (john@1stclassautotransportation.com)

To:    Pauline800@yahoo.com

Date: Monday, May 15, 2017, 8:54 AM EDT



### Dear Margarete Bilven!

Thank you for using our services. We'd like to let you know that 1st Class Auto Transportation has received your order, and is preparing and coordinating everything to get your vehicle moved to West Nyack, NY.

We understand that your 2014 Honda CR-V will be available to be picked up on 05/15/17 using our "Open" service.

You must sign and agree to the following contract in order for us to fully submit your order to the carrier.

Please click here to view the contract, when asked for a password please enter "Bilven".

Find your order details below

## Order Details

| | |
|---|---|
| Name: | **Margarete Bilven** |
| Pickup Location: | **Sarasota, FL 34231** |
| Pickup Date: | **05/15/17** |
| Delivery Location: | **West Nyack, NY 10994** |
| Vehicle: | **2014 Honda CR-V** |
| Vehicle condition: | **Operable** |

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
INAND FOR SARASOTA COUNTY FLORIDA

**RAYMOND BLIVIN** and
**MARGARET BLIVIN**,

          Plaintiff,

vs.                              CASE NO. 2018 CC 004452 NC

**PAULINE ANNE VILENO**,

          Defendant.

_____/

## ORDER GRANTING MOTION TO WITHDRAW

Upon consideration of attorney, Derek W. Eisemann's Motion to Withdraw and Defendant's prior correspondence requesting same relief, it is accordingly

**ORDERED AND ADJUDGED** that said Motion to Withdraw is granted summarily.

Accordingly, the hearing scheduled for Wednesday, November 14, 2018 is hereby cancelled.

**DONE AND ORDERED** in Sarasota, Sarasota County, Florida, this *7th* day of November, 2018.

_____
JUDY GOLDMAN, County Court Judge

CC:

Derek W. Eisemann, Esquire
1900 Ringling Blvd,
Sarasota, FL  34236

Ried McCullough, Esquire
1630 Morrill Street
Sarasota, FL  34236

Pauline A. Vileno
1627 Baywinds Lane
Sarasota, FL  34231

**SARASOTA COUNTY**
**CLERK OF THE CIRCUIT COURT**
**CRIMINAL DIVISION – APPEALS**

HONORABLE ANDREA MCHUGH
2002 RINGLING BLVD.
SARASOTA, FL 34237

<u>**PLEASE RETURN TO**</u>
<u>**CIRCUIT CLERK**</u>
<u>**UPON RECEIPT**</u>

Date: **March 12, 2019**

RE: Appeal Record filed with: **HONORABLE ANDREA MCHUGH**

1) **PAULINE ANNE VILENO,** Appellant vs. **RAYMOND BLIVIN AND MARGARET BLIVIN,** Appellee(s)
Appeal Case No: **2018 AP 006277 NC** / L.T. Case No: **2018 CC 004452 NC**

1) **COUNTY TO CIRCUIT APPEAL**

If for any reason you have questions, please call Appeals at 941-861-7662 or 941-861-7668.

Sincerely,

*Karen E. Rushing*
*Clerk of Circuit Court & Comptroller*
*In and For Sarasota County*

*B. Torres, Deputy Clerk - Appeals*

Received by representative:

Name: _____S. Elb, J.A._____     Date: 3/14/19 .

IN THE TWELFTH JUDICIAL CIRCUIT COURT
IN AND FOR SARASOTA COUNTY

IN THE 2ND DISTRICT COURT OF APPEALS
IN AND FOR LAKELAND, FLORIDA

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2018155540   10   PG(S)
11/29/2018 3:09 PM
KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT
SARASOTA COUNTY, FLORIDA
CIVIL COURTS       Receipt # 2311166

RAYMOND BLIVIN AND MARGARET BLIVIN

Plaintiff's                              Case No. 2018 CC 4452 NC

and

PAULINE ANNE VILENO,

Defendant

### NOTICE OF APPEAL

COMES NOW, PAULINE ANNE VILENO, filing this Notice of Appeal for the following:

1. Notice is hereby given to the 2ⁿᵈ District Court of Appeal, Defendant in the above-captioned case, hereby appeals to the 2nd District Court of Appeal, from the 12ᵗʰ Judicial *CIRCUIT* Circuit Court, in and for Sarasota County, Florida, appealing the Order entered on November 7ᵗʰ, 2018. Order on Defendant's Motion to Recuse Attorney and Motion to Set Aside or Relief from Judgment.

2. A copy of the Order under appeal, in its entirety, is attached; as well as the previous filed Order for Conditional Stay, filed on or about 10 01 2018, attached.

3. I hereby certify that the appeal is not taken for purpose of delay; and that the evidence is a substantial proof of a fact material in the proceeding.

Certificate of Service:
I certify a true and correct copy of the foregoing was mailed to RAYMONE BLIVIN and MARGARET BLIVIN, C/o Ried McCullough, Esquire, Reid@mls941.com; Margaret and Raymond Blivin, 7682 Camminare Dr., Sarasota, FL 34238.

_____                    _11-28-18_
PAULINE ANNE VILENO                              Date

# MANDATE

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

To the Honorable Judges of County Court in and for Sarasota County, Florida

WHEREAS, in that certain causes filed in the Court styled:

**PAULINE ANNE VILENO**                County Case No: **2018 CC 004452 NC**
            Appellant(s)                   Appeal Case No: **2018 AP 006277 NC**

vs.

**RAYMOND BLIVEN AND MARGARET BLIVEN**
            Appellee(s)

The attached Opinion was issued on **04/26/2019.**

**YOU ARE HEREBY COMMANDED** that further proceedings, if required, be had in accordance of said Opinion, the rules of Court, and Laws of the State of Florida.

**WITNESS,** the Honorable Andrea McHugh, Judge of said Circuit Court and the seal of said Court at Sarasota, Florida on 22 day of, May , 2019.

KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT

BY: _Barbara Torres_
Barbara Torres, Deputy Clerk

By: _____
Appellate Judge McHugh

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Mandate and Opinion/order attached to the Mandate have been mailed/delivered to:

Valerie L. Leatherwood, Esq., P. O. Box 15844, Sarasota, FL 34277.
L. Randy Scudder, Esq., 5237 Summerlin Commons Boulevard, Suite 314, Fort Myers, FL 33907.
The Honorable Dana Moss, Sarasota County Judge, 2002 Ringling Blvd., Sarasota, FL 34237.

KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT
SARASOTA COUNTY, FLORIDA

Dated this 23rd day of May , 2019.

By: _Barbara Torres_
B. Torres, Deputy Clerk

NOT FINAL UNTIL TIME EXPIRES TO FILE A MOTION FOR REHEARING
IN ACCORDANCE WITH RULE 9.330 AND, IF FILED, DETERMINED.

**APPEAL TO THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA**

**PAULINE ANNE VILENO,**

                              **Appellant,**          Case No.: 2018-AP-006277 NC

**vs.**                                               L.T. Case No.: 2018-CC-004452 NC

**RAYMOND BLIVEN and
MARGARET BLIVEN,**

                              **Appellees.**

_____/

Opinion issued April 26, 2019

Appeal from the County Court for Sarasota County, Florida,
The Honorable Judy Goldman, County Judge

Valerie L. Leatherwood
The Leatherwood Law Firm, P.A.
P.O. Box 15844
Sarasota, FL 34277
Attorney for Appellant

L. Randy Scudder
McCullough Legal Services, LLC
5237 Summerlin Commons Boulevard, Suite 314
Fort Myers, FL 33907
Attorney for Appellees

## **OPINION**

**McHUGH, Circuit Court Judge.**

    A final order for possession of real property was entered against Pauline Anne Vileno (Appellant). Appellant now appeals the trial court's judgment. This Court has jurisdiction. *See* Fla. R. App. P. 9.030(c)(1)(A). For the reasons set forth below, the ruling of the trial court is reversed.

## FACTS

On July 27, 2018, Appellees filed a Complaint for Tenant Eviction, seeking to evict Appellant from real property located at 1627 Baywinds Lane, Sarasota, Florida, on the assertion that Appellant was a tenant at will, pursuant to Chapter 83 of the Florida Statutes.

Appellant was residing at the property in January 2016, when a tornado damaged the home, which sustained $150,000 in damage. Appellant, with permission of and on behalf of Appellee Margaret Bliven, made a claim on the homeowners' insurance and acted as a liaison between the homeowners and the insurance company and contractors in order to effect repairs. When not all of the repair costs were covered by insurance, Appellant paid uncovered costs. Appellant specifically asserted the claim that, in return for having provided these services, she and Appellee Margaret Bliven entered into a written agreement which provided for Appellant to reside at the home, list the property for sale (Appellant is a licensed Realtor), and share in the net proceeds of the sale.

On June 13, 2018, Appellees, through counsel, posted a "Thirty Day Notice – Residential" at the property, terminating Appellant's "tenancy at will," pursuant to § 83.56, Fla. Stat. When Appellant did not vacate the property, Appellees filed their eviction action. In her Answer and Affirmative Defenses, Appellant raised the defense that she had entered into the aforementioned written agreement, and could not, therefore, be a tenant at will. Appellant filed the written agreement in the court file. Appellee denied this affirmative defense, asserting that the written agreement was a forgery. Despite the disagreement between the parties as to the nature of Appellant's residence in the property, the parties entered into an agreement which resulted in an

Order for Conditional Stay, entered on October 1, 2018. Pursuant to the agreement and Order, Appellant was to vacate the property by January 2, 2019.

On October 30, 2018, Appellant filed a *pro se* motion to dismiss her attorney and to set aside the order of possession, alleging in part that her attorney had ignored the written agreement between the parties; this motion was followed by Appellant's counsel's own motion to withdraw. On November 7, 2018, the Court entered an order finding that it had no jurisdiction to resolve disputes between Appellant and her attorney, clarifying the October 1, 2018 order as to Appellant's personal property, and denying the motion to set aside the judgment. On the same day, the Court granted the motion to withdraw filed by Appellant's counsel.

On November 29, 2018, Appellant filed her appeal, as well as a motion to stay, pending appeal, any order of possession against her. This motion was denied on December 7, 2018. On December 26, 2018, Appellant, via counsel, filed a Motion to Set Aside Conditional Order Based on Mistake and Excusable Neglect, based on the County Court's lack of subject matter jurisdiction. This motion, too, was denied, on December 31, 2018. On the same day, Appellant filed, in this Court, an Emergency Motion for Stay Pending Appeal, which was granted by order dated January 2, 2019.

Appellant's sole basis for her appeal is that the County Court did not have subject matter jurisdiction in the lower case.

<u>STANDARD OF REVIEW</u>

This Court applies a *de novo* standard of review when determining whether the lower court had subject matter jurisdiction. *Sanchez v. Fernandez*, 915 So. 2d 192 (Fla. 4th DCA 2005).

<u>DISCUSSION</u>

In Florida, a property owner has three statutory vehicles by which he or she may judicially remove persons who are residing in their residential properties: (1) eviction, or tenant removal (pursuant to Chapter 83), (2) unlawful detainer (pursuant to Chapter 82), and (3) ejectment (pursuant to Chapter 66). While eviction and unlawful detainer actions are generally brought in county courts (subject to the county courts' amount-in-controversy limit), circuit courts have exclusive subject matter jurisdiction over ejectment actions. Fla. Stat. § 26.012(2)(f); *Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC*, 986 So. 2d 1244 (Fla. 2008).

Eviction is available only when there is a landlord-tenant relationship. *Toledo v. Escamilla*, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007). The Florida Statutes define a "tenant" as "any person entitled to occupy a dwelling unit under a rental agreement." Fla. Stat. § 83.43(4). In the instant case, Appellees have conceded, and the lower court has held, that no rental agreement existed between the parties. Eviction under Chapter 83, therefore, was not the proper remedy for Appellees in this case.

Unlawful detainer is the possession of real property – even if temporary or only possession of a portion of the property – without the consent of a person who is entitled to possession of that property. Fla. Stat. § 82.01(4). Clearly, this is not the situation in the instant case. An action for unlawful detainer, therefore, would also not have been a proper remedy.

Finally, an action for ejectment may be brought by "a person with a superior right to possession of real property . . . to recover possession of the property." Fla. Stat. § 66.021(1). This is the appropriate cause of action in the instant case, as Appellant was residing in the property with the consent of the Appellees, was not a tenant under any type of lease, and was claiming at least

Page 4 of 6

some type of equitable interest in the property, pursuant to the written agreement. Appellant is correct, therefore, that the County Court did not have subject matter jurisdiction of the case. And even though Appellant initially agreed with Appellees for a judgment for possession of the property, it is well settled law that "subject matter jurisdiction cannot be created by waiver, acquiescence or agreement of the parties, or by error or inadvertence of the parties or their counsel, or by the exercise of power by the court; it is a power that arises solely by virtue of law." *Dandar v. Church of Scientology Flag Service Organization, Inc.,* 190 So. 3d 1100, 1103 (Fla. 2d DCA 2016), quoting *Fla. Exp. Tobacco Co. v. Dep't of Revenue,* 510 So. 2d 936, 943 (Fla. 1st DCA 1987). Lack of subject matter jurisdiction may be raised at any time, and the first time may be on appeal. *Id.; see also* Fla. R. Civ. P. 1.140(b). Moreover, lack of subject matter jurisdiction renders a judgment void. *Strommen v. Strommen,* 927 So. 2d 176, 179 (Fla. 2d DCA 2006). The lack of subject matter jurisdiction in this matter requires reversal of the lower court's order for possession.

Aside from the jurisdictional issue, Appellees argue that because Appellees have now brought a separate cause of action for ejectment in the Circuit Court, this appeal is rendered moot and should be dismissed. The Court disagrees.

"An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." *Godwin v. State,* 593 So. 2d 211, 212 (Fla. 1992), *citing DeHoff v. Imeson,* 153 Fla. 553, 15 So. 2d 258, 259 (1943). This Court cannot find that this case meets that definition; the parties are still in considerable disagreement as to whether Appellant's legal or equitable claim to the property (or a portion thereof) is legitimate or enforceable. Moreover, even if the Appellees' act of bringing the separate ejectment action were to render this appeal moot, an appeal "will not be dismissed if collateral legal consequences that affect the rights

of a party flow from the issue to be determined." *Id.* Clearly, there is a potentially significant collateral consequence which would affect Appellant's rights. Specifically, if this appeal were dismissed for mootness, Appellees would have the opportunity to immediately procure a writ of possession, dispossessing Appellant from the property before her rights can be ultimately determined by a competent court of jurisdiction.

CONCLUSION

In light of the above, the trial court erred in entering the order of possession of October 1, 2018, and further erred in failing to vacate that order. Accordingly, the orders under review are **REVERSED.** The order of possession of October 1, 2018, is **QUASHED.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this __26ᵗʰ__ day of April 2019, copies of the foregoing Order were furnished by U.S. Mail/hand delivery and/or electronic mail to:

**Valerie L. Leatherwood,** P.O. Box 15844, Sarasota, Florida 34277, vleatherwoodlaw@gmail.com

**L. Randy Scudder,** 5237 Summerlin Commons Boulevard, Suite 314, Fort Myers, Florida 33907, lscudder@mls941.com

By: _____
Judicial Assistant

Page 6 of 6

**APPEAL TO THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA**

PAULINE ANNE VILENO,
        **Appellant,**
vs.

                            Case No.: 2018-AP-006277 NC
                            L.T. Case No.: 2018-CC-004452 NC

RAYMOND BLIVEN and
MARGARET BLIVEN,
        **Appellees.**

## ORDER DENYING APPELLEES' MOTION FOR CLARIFICATION

THIS MATTER comes before the Court on the Appellees' Motion for Clarification, filed May 3, 2019. The Court has carefully reviewed the motion, the case file, and the applicable law, and is otherwise advised of the premises.

The final order for possession of real property was reversed and quashed by this Court in its opinion of April 26, 2019. Appellees request that the Court go further, remanding the case to the County Court for transfer to the Circuit Court. In support of this request, Appellees cite to *Toledo v. Escamilla*, 962 So. 2d 1028 (Fla. 3d DCA 2007). In *Toledo*, the appellate court remanded the case to the circuit court "to enter an order reversing the county court's judgment of eviction and to transfer [the plaintiff's] action to the circuit court pursuant to Florida Rule of Civil Procedure 1.060(a)." *Id.*, *at* 1031. Appellees argue that such a transfer is required here. The instant case, however, is distinguishable, in that there is already an ejectment case pending in the circuit court. There is, therefore, no need for this Court to transfer the case in the lower court to the circuit court.

It is, accordingly, **ORDERED AND ADJUDGED** that Appellees' Motion for Clarification is **DENIED.**

**DONE AND ORDERED** in Chambers at Sarasota, Sarasota County, Florida, this ___ day of May 2019.

                                    Andrea McHugh
                                    Circuit Judge

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

RAYMOND BLIVEN and
MARGARET BLIVEN,
          Plaintiffs,                       CASE NO.:  2018 CC 4452 NC

v.

                                        RECORDED IN OFFICIAL RECORDS
                                        INSTRUMENT # 2020140068  4 PG(S)
PAULINE ANNE VILENO,               October 09, 2020  09:02:37 AM
          Defendant.                         KAREN E. RUSHING
                                         CLERK OF THE CIRCUIT COURT
_____/               SARASOTA COUNTY, FL



<u>ORDER GRANTING ENTITLEMENT TO COSTS AND</u>
<u>DENYING ENTITLEMENT TO ATTORNEY FEES</u>

     This matter came before the Court on the Defendant's Motion to Tax Fees and Costs.

The question presented is:

> **Whether the county court may award prevailing party
> attorney's fees and costs to the Defendant under Chapter 83,
> the Florida Residential Landlord Tenant Act, when the county
> court dismissed with prejudice for lack of subject matter
> jurisdiction the Plaintiff's complaint for eviction, holding no
> landlord-tenant relationship existed between the parties and
> ejectment was the proper remedy to be sought in circuit court.**

     After careful review of the matter, the Court determines that the Defendant is the "party

recovering judgment" and as matter of law the Defendant is entitled to recover costs, but not

attorney's fees.  Having said that, the Court finds the Defendant only motioned the Court to

award the costs of the appeal and said request was not timely made under Fla. R. App. P., Rule

9.400(a).  Therefore, the Court declines to award the Defendant's appellate costs but reserves

jurisdiction to determine any cost that may have stemmed from litigation at the trial level.  The

Court based its ruling on the authority that follows.

## A. Court Costs

The Third District Court of Appeal held, in *Higgs v. Klock*, that every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs and the trial judge has no discretion to deny the costs. *Higgs v. Klock*, 873 So. 2d 591 (Fla. 3d DCA 2004). The *Higgs* Court ruled that a dismissal for lack of subject matter jurisdiction constitutes a judgment, thereby, entitling the defendant to recover costs as the successful "party recovering judgment" under section 57.041(1), Florida Statutes. It's clear that the Defendant is the party, who recovered a judgment in this matter. Therefore, the Court is bound to award lawful costs.

The Defendant filed an affidavit seeking costs in the amount of $281.00 for filing the appeal in case 2018AP6277 and $403.00 for preparation of the appellate record. The Plaintiff contested the Court awarding these costs because the Defendant's request for the cost was untimely made under Fla. R. App. P., Rule 9.400(a).

Rule 9.400(a) requires a party seeking appellate costs at the trial level to serve a motion "no later than 45 days after rendition of the court's [appellate] order" in order for a trial court to tax the appellate costs. The Plaintiff argued that the Appellate Court issued its Mandate on May 22, 2019, and the Defendant first raised the issue of appellate costs via affidavit on August 27, 2019.

In reviewing the authority that Plaintiff presented on this issue, it is clear that a trial court has no jurisdiction to award appellate costs where a motion for such costs was not timely filed. *Mulato v. Mulato*, 734 So. 2d 477, 478 (Fla. 4th DCA 1999) ("[T]he filing of a motion for appellate costs within the time required by the rule is mandatory to invoke the trial court's jurisdiction to determine appellate fees and costs."); *see also Singletary v. Lewis*, 619 So. 2d 351, 352 (Fla. 1st DCA 1993). The Court hereby concludes that the Defendant did not file a timely

motion for costs and, therefore, the Court is divested of jurisdiction to award appellate costs as a matter of law.

**B. Attorney's Fees**

Attorney fees are generally only recoverable per statute, contract or rule that authorizes recovery. *See Adeeb v. Morgan*, 97 So. 3d 337 (Fla. 3d DCA 2012); *Moakley v. Smallwood*, 826 So. 2d 221 (Fla. 2002). In this case, the Defendant alleges entitlement to fees under sections 57.041 and 83.48, Florida Statutes. The combined reading of those sections allows the courts to award prevailing party attorney's fees in any civil action brought to enforce the provisions of a rental agreement or Part II of the Florida Residential Landlord Tenant Act.

The Plaintiff argues, per *Borjas v. Vergara*, that the Court may not award attorney's fees in this case because there was no landlord-tenant relationship between the parties and the Plaintiff's complaint stated a cause of action for ejection under Chapter 66, not eviction under Chapter 83. *See Borjas v. Vergara*, 232 So. 3d 1067 (Fla. 3d DCA 2017) (finding on appeal that the owner of apartment was not entitled to summary procedure and attorney's fees under Chapter 83, when he attempted to evict the occupant living in his apartment because there was no rental agreement and ejectment was the proper remedy); *Toledo v. Escamilla*, 962 So. 2d 1028 (Fla. 3d DCA 2007) (confirming that eviction is a remedy available only when there is a landlord-tenant relationship).

In the instant matter, it was determined on appeal that there was no landlord-tenant relationship between the instant parties and the proper remedy for relief is an ejectment, over which the circuit court has exclusive jurisdiction. In accordance with *Borjas*, the Court cannot rely upon section 83.48 as the authority for awarding fees. Absent authority to award fees, the Court must deny the Defendant's motion for entitlement to attorney's fees.

It is hereby,

ORDERED AND ADJUDGED that the Court finds the Defendant is entitled to lawful court costs as a matter of law. The Court reserves jurisdiction to determine any amount of costs related to litigation at the trial level. The Defendant is not entitled to attorney's fees under Chapter 83. The Court reserves jurisdiction to address any outstanding matters that may be just and equitable.

DONE AND ORDERED in chambers in Sarasota, Sarasota County, Florida on the 22nd day of November, 2019.

*Dana M Moss*
DANA M. MOSS
County Court Judge

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been emailed to Attorney Valerie Leatherwood, PO Box 15844, Sarasota, FL 34277 at vleatherwoodlaw@gmail.com; and to Attorney Heather Cherepkai, McCullough Legal Services, LLC, 5237 Summerlin Commons Blvd., Sutie 214, Fort Myers, FL 33907 at heather@mls941.com and silva@msl941.com , on the 22nd day of November, 2019.

*Kelly Berney*
Judicial Assistant

IN THE COUNTY/CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

RAYMOND BLIVEN and
MARGARET BLIVEN,
                Plaintiffs

v.

PAULINE ANNE VILENO,
         Defendant.

CASE NO.: 2018 CC 4452 NC

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2019106921   1   PG(S)

8/5/2019 4:45 PM
KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT
SARASOTA COUNTY, FLORIDA
CIVIL COURTS      Receipt # 2407309

## ORDER

THIS CAUSE having come to be heard on *Defendant's Motion for Summary Judgment and Plaintiffs' Motion to Transfer and Consolidate in Circuit Court heard in open court on* and the court having heard argument of counsel and/or the parties and being otherwise advised in *8/5/19* the premises, it is hereupon

**ORDERED AND ADJUDGED** that said Motion be and the same is hereby

1) This court lacks subject matter jurisdiction and therefore this matter is dismissed with prejudice for lack of jurisdiction.

2) Defendant's Motion for Summary Judgment is Denied.

3) Plaintiffs' Motion to Transfer and Consolidate is Denied.

**DONE AND ORDERED** in Sarasota, Sarasota County, Florida on this __5__ day of __Aug.__, 20__19__.

_____
COUNTY/CIRCUIT JUDGE

Copies To:

✓ Plaintiff
✓ Defendant   *hand delivered in open court.*
___ Other: _____

71.doc

IN THE TWELFTH JUDICIAL CIRCUIT COURT
IN AND FOR SARASOTA COUNTY, FLORIDA

Raymond Bliven
Margaret
Pauline Anne Vileno

Case No.: 2019CA 758

Division C

## ORDER

BEFORE THE COURT on June 24 was/were the following motions:

Plaintiff's Motion to Reopen Case

Having heard the argument of counsel/parties and being advised in the premises, it is

ORDERED AND ADJUDGED as follows: DENIED. Plaintiff failed to comply with Fla R Civ Pro 1.540(b) which requires a verified motion or affidavit.

Defendant's request for attorney's fees as a sanction under Moakley v. Smallwood is denied without prejudice.

DONE AND ORDERED in Sarasota County, Florida, on June 24, 2019.

CIRCUIT JUDGE

Copies distributed to counsel/parties _____ in Court or _____ via U.S. Mail or _____ via email to:

_✓_ Plaintiff's counsel / Plaintiff *pro se*
_✓_ Defendant's counsel / Defendant *pro se*
_____ Other as follows: _____

115.doc

Filing # 86393419 E-Filed 03/14/2019 01:43:47 PM

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA

**RAYMOND BLIVEN and**
**MARGARET BLIVEN,**

               **Plaintiffs,**

**v.**                               **CASE NO. 2019 CA 758 NC**

**PAULINE ANNE VILENO,**

               **Defendant.**

_____

### NOTICE OF VOLUNTARY DISMISSAL, WITHOUT PREJUDICE

    Plaintiffs, **RAYMOND BLIVEN** and **MARGARET BLIVEN,** by and through undersigned counsel, hereby voluntarily dismiss this action, without prejudice, with each party to bear its own costs and fees.

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via United States Mail this 14th day of March, 2018, to Defendant Pauline Anne Vileno at 1627 Baywinds Lane, Sarasota, Florida 34231.

                       Respectfully submitted,

                       **McCULLOUGH LEGAL SERVICES, LLC**
                       1630 Morrill Street
                       Sarasota, Florida 34236
                       Telephone:  (941) 484-9714

               By: */s/ L. Randy Scudder*_____
                     L. RANDY SCUDDER, ESQ.
                     lscudder@mls941.com
                     Attorney for Plaintiff
                     Florida Bar No. 0096505

*IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA*

**RAYMOND BLIVEN and MARGARET BLIVEN,**
    **Plaintiffs,**

**vs.**                                                            **CASE NO:  2019 CA 004986 NC**

**PAULINE ANNE VILENO,**
    **Defendant.**

---

## *RECOMMENDED ORDER OF MAGISTRATE*

This matter came on for hearing on December 30, 2019, on the **Defendant's Motion to Dismiss or, in the Alternative, to stay Action Pending Payment of Costs.**   The Magistrate has jurisdiction pursuant to Fla. R. Civ. P. 1.490. After further consideration of the parties' arguments and authorities, the Magistrate recommends the Court **DENY** the motion in its entirety for the reasons below.

**Motion to Dismiss:**    Defendant (alternatively "Vileno") argues the Court must dismiss the Complaint pursuant to Fla. R. Civ. P. 1.420 because this is the third time Plaintiffs have attempted to evict her from the home owned by the Plaintiffs.   Vileno contends the "two-dismissal rule" bars the instant Complaint.  This rule prohibits a party from filing multiple actions based on the same claim.  By necessity, Vileno's argument relies upon pleadings and facts from other actions.[1] However, in ruling on a motion to dismiss, the Magistrate is limited to the four corners of the complaint and its attachments. *See e.g., Belcher Center, LLC v. Belcher Center, Inc.*, 883 So. 2d 338, 339 (Fla. 2d DCA 2004).  The issue is whether the complaint states a claim for relief.  To be considered as a basis for dismissal, an affirmative defense must be apparent on the face of the pleading or a prior pleading.  *See e.g., Temples v. Florida Indus. Constr. Co.*, 310 So. 2d 326, 327 (Fla. 2d DCA 1975) (considering matters not disclosed in the complaint is reversible error).

Here, Vileno invites the Magistrate to stray impermissibly into matters beyond the Complaint and to grant dismissal essentially based on the affirmative defense of res judicata. *See e.g., Olympia Mortgage Corp. v. Pugh*, 774 So. 2d 863, 867 (Fla. 4th DCA 2000).  As explained in *Pugh*, the two-dismissal rule "merely states when the rules applies the dismissal of the second suit operates as an adjudication on the merits.  Once there is an adjudication on the merits, it is the doctrine of

---

[1]     Vileno's counsel asks the Magistrate to "judicially notice" those pleadings and other facts, but she failed to make any proper request for judicial notice.

1

res judicata which bars subsequent suits on the same cause of action." *Id.* As such, Vileno must plead res judicata (or application of the rule) as an affirmative defense. The *Variety* case Vileno cites is consistent with this reasoning. Notably, *Variety* was decided in the context of a summary judgment motion, not a motion to dismiss. *See Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc.*, 448 So. 3d 546 547-48 (Fla. 3d DCA 1984); *see also Temples, supra*, 310 So. 2d at 328 ("A motion to dismiss may not act as a substitute for a motion for summary judgment."). Accordingly, dismissal is inappropriate.

**Motion to Stay:** Vileno argues that, even if the Court declines to dismiss this action, the Court must stay this action until Plaintiffs pay to her the fees and costs she incurred in the prior action. The Magistrate disagrees and finds Vileno's argument relies on an unsupported interpretation of Rule 1.420(d).

Vileno's reliance on *Villalona* is misplaced because *Villalona* is factually distinguishable. The defendant in *Villalona* recovered judgment for her fees and costs in the earlier dismissed action, then sought a stay of a subsequently filed action until the plaintiff paid those fees and costs. *See e.g., Villalona v. 21st Mortgage Corp.*, 195 So. 3d 1199, 1200-01 (Fla. 4th DCA 2016). Here, although Vileno moved for her costs and attorneys' fees in the county court eviction action, the Honorable Dana Moss entered a well-written Order dated November 22, 2019, which denied her motion for attorney's fees.[2] Although Judge Moss determined Vileno was entitled to trial level litigation costs, she found that her request for the costs of her appeal were untimely under Appellate Rule 9.400(a). Vileno apparently incurred no trial level costs, as the circuit appeal costs are the only costs contained on the affidavit submitted to the county court by her attorney on August 27, 2019.

Vileno now cites to the third sentence of Civil Rule 1.420(d) to argue that this Court has the ability to "revisit" the costs issue, *i.e.*, this Court has the ability to reach back into the county court action and somehow re-adjudicate the cost issue. Vileno proffered no case standing for such a novel interpretation of the rule and, in fact, Second District Court of Appeal authority appears to reject this position. *See e.g. Rohleder v. Wiberg*, 128 So. 3d 257 (Fla. 2d DCA 2013). *Rohleder* granted a writ of certiorari, specifically finding that a trial court departed from the essential requirements of the law when it entered an order requiring Rohleder to pay costs incurred by a plaintiff in a prior action when the plaintiff failed to seek or obtain a judgment for those costs in the first action. *Id.* at 258-59. Thus, while the Rule authorizes this Court to stay

---

[2] Vileno also moved for an award of attorneys' fees in the dismissed circuit court action under the authority of *Moakley v. Smallwood*, 826 So. 2d 221 (Fla. 2002). The Court denied her motion twice, initially in an Order dated June 24, 2019, and again in an Order dated September 26, 2019, denying Vileno's Motion for Reconsideration.

this action had Vileno obtained a judgment for costs that remained unpaid, this Court has no authority to enter a judgment for costs incurred in the earlier county court action in light of *Rohleder*.


**IF YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.490(i).   YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORIDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.**

_____

1/2/2020

Magistrate Deborah Bailey

Appearances:

Plaintiff:  Heather Cherepkai, Esq.
Defendant:  Valerie Leatherwood, Esq.

Copies furnished as per attached service list

3

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

RAYMOND BLIVEN ,
MARGARET BLIVEN ,
    Plaintiff,

v.

PAULINE ANNE VILENO ,
    Defendant.

CASE NO.  2019 CA 004986 NC
DIVISION E CIRCUIT

---

**ORDER PERMITTING A THIRD AMENDED ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM**

BEFORE THE COURT is Ms. Vileno's Motion for Leave to File Third Amended or Supplemental Answer, Affirmative Defenses and Counterclaim [DIN 70]. The Court grants the motion without objection from the Blivens. Because the clerk appears to have already docketed that proposed filing adequately at DIN 71, the Court deems Ms. Vileno's proposed pleading filed as of the date of this Order. Opposing counsel shall have 30 days to file a response.

DONE AND ORDERED in chambers at Sarasota County, Florida on 12.08.2020.

12/8/2020 4:07 PM 2019 CA
004986 NC
e-Signed 12/8/2020 4:07 PM 2019 CA 004986 NC
HUNTER W CARROLL , CIRCUIT JUDGE

**SERVICE CERTIFICATE**

On 12.08.2020, the Court caused the foregoing document to be served via the Clerk of Court's case management system, which served the following individuals via email (where indicated). On the same date, the Court also served a copy of the foregoing document via First Class U.S. Mail on the individuals who do not have an email address on file with the Clerk of Court:

HEATHER CHEREPKAI
heather@mls941.com
5237 SUMMERLIN COMMONS BLVD STE 214
FORT MYERS, FL 33907

PAULINE ANN VILENO

Page 1 of 2

Filing # 75598659 E-Filed 07/27/2018 10:12:39 AM

IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

RAYMOND BLIVEN and
MARGARET BLIVEN,
husband and wife,

                Plaintiffs

vs.                              CASE NO.:

PAULINE ANNE VILENO, a single
person; all parties claiming interest by,
through, under, or against any defendant
named herein; TENANT #1, and
TENANT #2, the names being fictitious to
account for parties in possession,

                Defendants.

_____/

**COMPLAINT FOR TENANT EVICTION**

Plaintiffs, RAYMOND BLIVEN and MARGARET BLIVEN, by and through their
undersigned counsel, sue defendants, PAULINE ANNE VILENO, and TENANT #1 and
TENANT #2, and allege:

**COUNT I (Tenant Eviction)**

1. This is an action to remove a tenant from residential real property located in Sarasota County,
Florida.

2. Plaintiffs, husband and wife, own the following described real property in the County:

       Lot 17, BAYWINDS ESTATES, according to the plat thereof, as recorded
       in Plat Book 24, Page 24, of the Public Records of Sarasota County, Florida

       Also known as 1627 Baywinds Lane, Sarasota, Florida 34231-3040
       (hereinafter "Property")

A copy of the Warranty Deed to said real property is attached hereto as Exhibit "A" and is
incorporated herein by reference.

3. Defendant, Pauline Anne Vileno (hereinafter "Vileno"), is the adult daughter of the Plaintiffs and

is a tenant at will at the Property without a lease.

4. Tenant #1 and Tenant #2 are unknown and possibly in possession of the Property, in whole or in part, without a lease.

5. Vileno, in violation of Section 83.53(1), Florida Statutes, has failed and refused a written demand by the counsel for Plaintiffs, dated June 4, 2018, to permit Plaintiffs to have access to the Property for the purposes of inspection, determining the status of contractor work following a claims settlement from tornado damage in 2018, as well as determining what work is still required to be completed on the lanai and pool for which an insurance settlement is pending. A copy of said request for inspection is attached hereto as Exhibit "B" and is incorporated herein by reference.

6. Vileno, on information and belief, has made unauthorized changes to the Property to permit one or more tenants to reside in the Property, has "rented" out a portion of the Property to one or more unknown tenants and/or has converted rental payments to her own use in violation of the rights of the Plaintiffs.

7. Plaintiff require total and complete possession of the Property for the purposes of completing required repairs, taking personal occupancy of the Property as their residence, and/or for other purposes.

8. Defendant(s) have not paid any rent to Plaintiffs and have no legal right to remain in the Property without the consent of the Plaintiffs.

9. On June 13, 2018, A THIRTY DAY NOTICE – RESIDENTIAL was served by posting in a conspicuous place on the premises as tenant was absent [and/or refused to answer the door] from the above-named premises. A copy of the Thirty Day Notice – Residential is attached hereto as Exhibit "C" and is incorporated herein by reference.

10. Defendant(s) have failed and refused to tender possession of the Property to Plaintiffs.

WHEREFORE, Plaintiff demands judgment for possession of the property and attorneys' fees and costs against the Defendant(s).

*Melissa Karp Elsbree*

MELISSA KARP ELSBREE, Esquire
1514 3rd Street Circle East
Palmetto, FL 34221
Tel: 941-313-0668
Fax: 866-870-3091
Florida Bar Number 0902306

Attorney for Plaintiffs

I hereby certify that a copy of this notice has been furnished to the above named tenant(s) on June June 13, 2018 by:

☐    personal delivery

☑    posting in a conspicuous place on the premises as tenant was absent from the above-named premises.

_____
Signed by person delivering/posting

Landlord name:    Margaret and Raymond Bliven
362 Strawtown Road
West Nyack, NY 10994
c/o Melissa Karp Elsbree, Esquire
1514 3rd Street Circle East
Palmetto, FL 34221
Phone: 941-313-0668; FAX 866-870-3091

Filing # 75598659 E-Filed 07/27/2018 10:12:39 AM

| IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA |
|---|
| |X|  IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA |

| DIVISION:<br><br>**CIVIL** | CASE NUMBER: |
|---|---|
| PLAINTIFF<br>RAYMOND BLIVEN and MARGARET BLIVEN,<br>Husband and Wife | VS. DEFENDANT<br>PAULINE ANNE VILENO, a single person; all parties<br>claiming interest by, through, under, or against any<br>defendant named herein; TENANT #1, and TENANT #2,<br>the names being fictitious to account for parties in<br>possession, |

**EVICTION SUMMONS**
**Residential**

TO: TENANT #1 and TENANT #2
    1627 Baywinds Lane
    Sarasota, FL 34232-3040

PLEASE READ CAREFULLY

You are being sued by Raymond Bliven and Margaret Bliven, Husband and Wife, to require you to move out of the place where you are living for the reasons given in the attached complaint.

You are entitled to a trial to determine whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within FIVE (5) days (not including Saturday, Sunday, or any legal holiday) after the date these papers were given to you or to a person who lives with you or were posted at your home.

THE THINGS YOU MUST DO ARE AS FOLLOWS:

(1) Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the Clerk of the Court at the Sarasota County Courthouse, P.O. Box 3079, Sarasota, Florida 34230.

(2) Mail or give a copy of your written reason(s) to Plaintiff/Plaintiff's Attorney:  Melissa Karp Elsbree, Esquire, 1514 3rd Street Circle East, Palmetto, FL 34221.

(3) Pay to the Clerk of the Court the amount of rent that the attached complaint claims to be due, if any, and any rent that becomes due until the lawsuit is over.  If you believe that the amount claimed in the complaint is incorrect, you should file with the Clerk of the Court a motion to have the court determine the amount to be paid.  If you file a motion, you must attach to the motion any documents supporting your position and mail or give a copy of the motion to the plaintiff/plaintiff's attorney.

(4) If you file a motion to have the court determine the amount of rent to be paid to the Clerk of the Court, you must immediately contact the office of the judge to whom the case is assigned to schedule a hearing to decide what amount should be paid to the Clerk of the Court while the lawsuit is pending.

**IF YOU DO NOT DO ALL OF THE THINGS SPECIFIED ABOVE WITHIN 5 WORKING DAYS AFTER THE DATE THAT THESE PAPERS WERE GIVEN TO YOU OR TO A PERSON WHO LIVES WITH YOU OR WERE POSTED AT YOUR HOME, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.**

(5) If the attached complaint also contains a claim for money damages (such as unpaid rent, you must respond to that claim separately.  You must write down the reasons why you believe that you do not owe the money claimed.  The written reasons must be given to the Clerk of the Court at the address specified in paragraph (1) above, and you must mail or give a copy of your written reasons to the plaintiff/plaintiff's attorney at the address specified in paragraph (2) above.  This must be done within 20 days after the date these papers were given to you or to a person who lives with you or were posted at your home. This obligation is separate from the requirement of answering the claim for eviction within 5 working days after these papers were given to you or to a person who lives with you or were posted at your home.

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named
defendant.

FILED FOR RECORD STAMP

**KAREN E. RUSHING**
**CLERK OF THE CIRCUIT COURT**

BY: _____ DATE: _____
              **Deputy Clerk**

## RETURN OF NON-SERVICE

State of Florida

County of SARASOTA

Circuit Court

Case Number: 2018 CC 004452 NC

Plaintiff:
RAYMOND BLIVEN AND MARGARET BLIVEN HUSBAND AND WIFE

vs.

Defendant:
PAULINE ANNE VILENO, A SINGLE PERSON; ALL PARTIES CLAIMING INTEREST BY
THROUGH, UNDER, OR AGAINST ANY DEFENDANT NAMED HEREIN; TENANT #1 AND
TENANT #2, THE NAMES BEING FICTITIOUS TO ACCOUNT FOR PARTIES IN
POSSESSION

For:
Melissa Karp Elsbree
KARP LAW
871 Venetia Bay Blvd
Suite #230
Venice, FL 34285

Received by Sarasota Process Servers, Inc. on the 31st day of July, 2018 at 10:02 am to be served on TENANT #1, 1627 BAYWINDS
LANE, SARASOTA, FL 34232.

I, Steven T. Zawacki, do hereby affirm that on the 31st day of July, 2018 at 7:00 pm, I:

NON-SERVED the EVICTION SUMMONS/RESIDENTIAL, COMPLAINT FOR TENANT EVICTION & EXHIBITS A - C for the reason
that I failed to find TENANT #1 or any information to allow further search.  Read the comments below for further details.

Additional Information pertaining to this Service:
NO SUCH PERSON AT THIS ADDRESS PER PAULINE ANNE VILENO.

I am over the age of 18 and have no interest in the above action.I am certified in good standing in the judicial circuit in which the
process was served.  No notary required pursuant to FS92.525.2 and under penalty of perjury, I declare that the facts set forth are true
and correct.

Steven T. Zawacki
#283

Sarasota Process Servers. Inc.
P.O. Box 18778
Sarasota, FL 34276
(941) 346-7900

Our Job Serial Number: SPS-2018111095

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

## RETURN OF NON-SERVICE

State of Florida

County of SARASOTA

Circuit Court

Case Number: 2018 CC 004452 NC

Plaintiff:
RAYMOND BLIVEN AND MARGARET BLIVEN HUSBAND AND WIFE

vs.

Defendant:
PAULINE ANNE VILENO, A SINGLE PERSON; ALL PARTIES CLAIMING INTEREST BY
THROUGH, UNDER, OR AGAINST ANY DEFENDANT NAMED HEREIN; TENANT #1 AND
TENANT #2, THE NAMES BEING FICTITIOUS TO ACCOUNT FOR PARTIES IN
POSSESSION

For:
Melissa Karp Elsbree
KARP LAW
871 Venetia Bay Blvd
Suite #230
Venice, FL 34285

Received by Sarasota Process Servers, Inc. on the 31st day of July, 2018 at 10:02 am to be served on TENANT #2, 1627 BAYWINDS
LANE, SARASOTA, FL 34232.

I, Steven T. Zawacki, do hereby affirm that on the 31st day of July, 2018 at 7:00 pm, I:

NON-SERVED the EVICTION SUMMONS/RESIDENTIAL, COMPLAINT FOR TENANT EVICTION & EXHIBITS A - C for the reason
that I failed to find TENANT #2 or any information to allow further search.  Read the comments below for further details.

Additional Information pertaining to this Service:
NO SUCH PERSON AT THIS ADDRESS PER PAULINE ANNE VILENO.

I am over the age of 18 and have no interest in the above action.I am certified in good standing in the judicial circuit in which the
process was served.  No notary required pursuant to FS92.525.2 and under penalty of perjury, I declare that the facts set forth are true
and correct.

Steven T. Zawacki
#283

Sarasota Process Servers, Inc.
P.O. Box 18778
Sarasota, FL 34276
(941) 346-7900

Our Job Serial Number: SPS-2018111094

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

Filing # 76836034 E-Filed 08/22/2018 03:15:46 PM

IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

RAYMOND BLIVEN and
MARGARET BLIVEN,

        Plaintiffs

vs.                             **CASE NO.: 2018 CC 004452 NC**

PAULINE ANNE VILENO, et. al.

        Defendants.
_____/

### AMENDED REPLY TO AFFIRMATIVE DEFENSES OF DEFENDANT

    Plaintiffs, RAYMOND BLIVEN and MARGARET BLIVEN hereby file this Amended Reply to the Affirmative Defenses of Answering Defendant, PAULINE ANNE VILENO, contained in Defendant's Answer and Affirmative Defenses.

    1.  Each and every Affirmative Defense is hereby denied and avoided.

    2.  Plaintiff avoids and denies Defendant's First Affirmative Defense alleging that the matter is controlled by the terms of written agreement, providing, *inter alia*, that in exchange for Tenant coordinating and paying for repairs/construction expenses, that Tenant was allowed occupancy of the Premises, that once the repairs were complete, the Tenant would have the listing agreement and share in the profits of any sale.

    3.  The purported written agreement, attached to the Answer and Affirmative Defenses as Exhibit "A", is, on information and belief, a forgery created by Answering Defendant to defraud the Plaintiffs out of their rights to occupy, improve, rent, and/or sell their property that is currently wrongfully occupied by the Answering Defendant.

4. The Answering Defendant has a prior history of forging the name of one her daughters on at least three (3) deeds showing a callous disregard for the rights of family members and the laws of the State of Florida.

5. The conduct of the Answering Defendant constitutes each and every element of the crime of forgery to wit:

> **831.01   Forgery.**—*Whoever falsely* makes, alters, *forges or counterfeits a public record, or a certificate, return or attestation of any clerk or register of a court*, public register, notary public, town clerk or any public officer, *in relation to a matter wherein such certificate, return or attestation may be received as a legal proof,* or a charter, deed, will, testament, bond, *or writing obligatory,* letter of attorney, policy of insurance, bill of lading, bill of exchange or promissory note, or an order, acquittance, or discharge for money or other property, or an acceptance of a bill of exchange or promissory note for the payment of money, or any receipt for money, goods or other property, or any passage ticket, pass or other evidence of transportation issued by a common carrier, *with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.* (Emphasis supplied).

6. The conduct of the Answering Defendant constitutes each and every element of the crime of Exploitation of an elderly person or disabled adult; both Plaintiffs being over the age of 80 and Raymond Bliven being disabled as a result of Alzheimer disease:

> **825.103   Exploitation of an elderly person or disabled adult; penalties.**—
> (1)   *"Exploitation of an elderly person or disabled adult"* means:
> (a)   *Knowingly obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or*

*disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:*

*1.   Stands in a position of trust and confidence with the elderly person or disabled adult; or*

*2.   Has a business relationship with the elderly person or disabled adult;*

*(b)   Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent;...or*

*(e)   Intentionally or negligently failing to effectively use an elderly person's or disabled adult's income and assets for the necessities required for that person's support and maintenance, by a caregiver or a person who stands in a position of trust and confidence with the elderly person or disabled adult...*

*(3)(a)   If the funds, assets, or property involved in the exploitation of the elderly person or disabled adult is valued at $50,000 or more, the offender commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084...*

(Emphasis supplied)

7.   Assuming, *arguendo,* that the purported written agreement was signed by Plaintiff, Margaret Bliven, a fact specifically denied, such written agreement is unenforceable for one or more of the following reasons:

(a)   Answering Defendant has failed and refused to complete required repairs to the property within a reasonable period of time, no specific time period being stated

in the written agreement, as almost seventeen (17) months have passed without the completion of required repairs in spite of two insurance settlement checks having been tendered as a result of tornado damage that occurred in or about August, 2016;

(b)   By failing to give Plaintiff, Margaret Bliven, full and complete reports of items between the two adjusters;

(c)   By failing and refusing Plaintiff, Margaret Bliven, **and her legal counsel** access to the property on two separate occasions for the purposes of inspection to determine the status of prior repairs, the presence of any unauthorized structural changes to the property, and all required additional repairs (e.g., pool and lanai) for which an insurance settlement check was tendered, but could not be accepted until contractor quotes could first be obtained and is now stale. A copy of the written request for such inspection dated July 2, 2018, is attached hereto as Exhibit "A" and is incorporated herein by reference. Emails from Answering Defendant's Counsel, initially permitting, then refusing, such an inspection is attached hereto as Exhibit "B" and is incorporated herein by reference;

(d)   By failing and refusing to provide a requested accounting of the purported expenses she supposedly incurred to repair the property that were not already covered by the insurance settlement;

(e)   By failing and refusing to permit legal counsel for Plaintiffs to examine the original purported written agreement to determine its authenticity;

(f)   The Answering Defendant would only allow Plaintiff, Margaret Bliven, her 87 year old mother, to inspect Plaintiff's property **without the benefit of her legal counsel**, for the purpose of manipulating her mother's emotions in order to remain in the subject property indefinitely, rent free, and to force her mother to give her an eventual listing agreement to sell the property and misappropriate the profit from the sale.

(g)   By failing to pay any rent for the entire period of time she has been in possession of the property over the past five (5) years;

(h)   By interfering with the ability of the Plaintiffs to move into their own property as their financial and medical circumstance have changed;

(i)     By engaging in blatant self-dealing, excessive fees (i.e., sharing in profits in additional to a real estate listing commission), lack of proper disclosures, and other breaches of her fiduciary obligations under §475.278, F.S., Answering Defendant is ineligible for any commission or other compensation for her services as a real estate agent;

(j)     The failure of the written agreement to specify what share of profits were supposed to be shared upon sale of the property is a failure to specify a material term of the agreement making the written agreement void;

(k)     Furthermore, such term is ambiguous and should be construed against the Answering Defendant as the drafter;

(l)     All of which are violations of the Florida Landlord Tenant Law, §83.44, that provides: "Obligation of good faith.—Every rental agreement or duty within this part imposes an obligation of good faith in its performance or enforcement" and §83.43(8), that provides that: "Good faith" means honesty in fact in the conduct or transaction concerned.";

(m)    All of which are also violations of the implied covenants of good faith and fair dealing in all Florida contracts

(n)     The failure to timely perform the undertakings of the written agreement, and, the active interference with the ability of Plaintiff, Margaret Bliven, **and her legal counsel,** to monitor and determine compliance with the written agreement, are failures of consideration.

(o)     The aforesaid breaches of the written agreement, and/or failure of consideration, excuse performance of the purported undertakings by the Plaintiffs and entitle them to proceed with the pending eviction.

8.   Plaintiff avoids and denies Defendant's Second Affirmative Defense alleging that the Plaintiffs failed to provide proper 7 day notice, which is a condition precedent, as the alleged issues/violations (if any) presented by Plaintiff in subsections B, C & D; of the Complaint were curable.

9.  Answering Defendant has cited no contractual or statutory provision requiring any such cure notice as condition precedent.

10. Plaintiffs deny the existence of any written agreement and, in the alternative, any such agreement is void and unenforceable due to the aforesaid conduct of the Answering Defendant.

11. Answering Defendant was given prior written notice of the request for an inspection, thirty (30) days to vacate, and breached an agreement to "cure" the prior refusal to permit the requested inspection of the property as aforesaid, making any "cure notice" moot.

12. Plaintiff avoids and denies Defendant's Third Affirmative Defense alleging that the Plaintiffs have failed to provide proper notice, which is a condition precedent, and that since the Answering Defendant was to complete the repairs throughout the year, the leasehold should be treated as a year to year tenancy, which requires a 60 day notice.

13. This Affirmative Defense fails and is no merit for the following reasons:

(a) The purported written agreement is a forgery and has no legally binding effect on the Plaintiffs;

(b) In the alternative, the written agreement, by its terms, should have reasonably been completed within one year of April 27, 2017, had Answering Defendant acted in good faith and dealt fairly with Plaintiffs by carrying out the stated obligations with reasonable diligence, so that no renewal of any length should have been necessary;

(c) There is no provision in the written contract with respect to any specific term under §83.575, F.S., rental payment or wages due date under §83.57, F.S., or automatic renewal so no extension of a non-existence term can be inferred or enforced;

(d) Any ambiguity with respect to any terms and conditions of the written agreement, including, but not limited to, the term and any renewal provisions, should be construed against the Answering Defendant as the drafter;

(e) Answering Defendant is no more than a tenant at will and the thirty (30) day Eviction Notice provided by Plaintiffs is more than adequate under the circumstances of this case.

**WHEREFORE**, Plaintiffs, having fully responded to and avoided the affirmative defenses set forth in the Answer and Affirmative Defenses, respectfully requests this Court to enter an order striking the defenses of the Answering Defendant, entering judgment for the Plaintiffs herein, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent to Answering Defendant's Attorney, Derek W. Eisemann, Esquire, Syprett, Meshad, Resnick, Leib, Dumbaugh, Jones, Krotec & Westheimer, P.A., 1900 Ringling Blvd., Sarasota, FL 34236, via email to deisemann@smrl.com on this 22nd day of August, 2018.

/s/ Melissa Karp Elsbree
**MELISSA KARP ELSBREE, Esquire**
**1514 3rd Street Circle East**
**Palmetto, FL 34221**
**Tel: 941-313-0668**
**Fax: 866-870-3091**
**Florida Bar Number 0902306**

**Attorney for Plaintiffs**

Filing # 84664553 E-Filed 02/08/2019 03:43:49 PM

## IN THE CIRCUIT COURT OF THE 12ᵀᴴ JUDICIAL CIRCUIT OF FLORIDA IN AND FOR SARASOTA COUNTY

RAYMOND BLIVEN and
MARGARET BLIVEN,
Plaintiffs,

Vs.                                                    CASE NO: _____

PAULINE ANNE VILENO,
Defendant.

_____/

## COMPLAINT FOR EJECTMENT FROM REAL ESTATE AND UNJUST ENRICHMENT

COMES NOW the Plaintiff, MARGARET and RAYMOND BLIVEN ("Landlord"), sues

PAULINE ANNE VILENO ("Defendant"), for Ejectment and Unjust Enrichment and alleges:

1.     This is an action to recover possession of real property located in Sarasota County,
Florida.

2.     This is an action at law within the jurisdiction of this Court as a matter in
controversy which exceeds the sum of $15,000, exclusive of interest, attorneys' fees, if any, and
costs.

3.     The Plaintiffs MARGARET and RAYMOND BLIVEN are individuals, sui juris
and residents of Sarasota County, Florida.

4.     The Defendant, PAULINE ANNE VILENO is individual, sui juris and a resident
of Sarasota County, Florida.

5.     The Defendant, PAULINE ANNE VILENO, is in possession of the following real
property in Sarasota County:  1627 Baywinds Ln., Sarasota, FL 34231-3040, to which Plaintiff
claims title as shown by the attached statement of Plaintiff's chain of title (Exhibit "A").

6.     Defendant refuses to deliver possession of the property to Plaintiff or pay Plaintiff the profits from it.

## Statement of Facts

7.     On or about January of 2014, Defendant moved into property without the knowledge or consent of the Plaintiffs.

8.     On January 17, 2016, a tornado struck the property, causing extensive damage.

9.     Defendant claims that she entered into a written agreement on April 27, 2017, allowing her to stay at the property if she coordinated the repairs.

10.     Plaintiff did not sign any agreement with those conditions, stating that it was forged.

11.     Defendant wrote the New York address of the Plaintiffs on the agreement.

12.     Plaintiffs were, at the time of the alleged execution, living in Sarasota County.

13.     Plaintiff was refused access to the property on two occasions to inspect it for progress on the tornado repairs.

14.     On June 4, 2018, Plaintiff sent a letter to the Defendant demanding she allow an inspection of the property. A copy of which is attached as Exhibit "B" and is incorporated by reference.

15.     Defendant, on information and belief, made unauthorized changes to the property to permit one or more tenants to reside there.

16.     Defendant, on information or belief, has rented the property to tenants.

17.     Defendant, on information or belief, has converted the rental payments to her own use in violation of the rights of the Plaintiff.

18.     Defendant was sent a notice to vacate on June 13, 2018 giving her thirty (30) days to vacate the property (Exhibit "C").

*Pauline Anne Vileno*
*Complaint for Ejectment and Unjust Enrichment*

## Count I: Unjust Enrichment

19.    The allegations above are hereby incorporated.

20.    At all times material, a benefit was conferred upon the Defendant PAULINE ANN VILENO, namely staying in the property without paying.

21.    At all times material, the Defendant either requested this benefit or knew of it

22.    At all times material, the Defendant voluntarily accepted this benefit.

23.    Under the circumstances, it would be inequitable for the Defendant to retain the benefit of the property without paying the value thereof and there is no adequate available legal remedy.

24.    The plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment for possession of the property and for return of funds in principle damages, other actual damages, incidental damages, consequential damages and costs incurred in connection with the maintenance of this action against Defendant.

**DATED:**  February 8, 2019.

Respectfully submitted,

**McCULLOUGH LEGAL SERVICES, LLC**
1630 Morrill Street
Sarasota, Florida 34236
Phone:  (941) 484-9714

By: */s/ L. Randy Scudder*
      L. RANDY SCUDDER, ESQ.
      lscudder@mls941.com
      Attorney for Plaintiff
      Florida Bar No. 0096505

3

Filing # 84664553 E-Filed 02/08/2019 03:43:49 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

| I. | CASE STYLE |

IN THE CIRCUIT COURT OF THE <u>TWELFTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>SARASOTA</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

Plaintiff

vs.

Defendant

| II. | TYPE OF CASE |

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☐ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒   Monetary;
    ☐   Non-monetary declaratory or injunctive relief;
    ☐   Punitive

IV. **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

    <u>1</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐   Yes
    ☒   No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒   No
    ☐   Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐   Yes
    ☒   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Leland Wilson Wilson</u>    FL Bar No.: <u>108273</u>
    Attorney or party                            (Bar number, if attorney)

<u>Leland Wilson Wilson</u>    <u>02/08/2019</u>
    (Type or print name)                         Date

Filing # 95789977 E-Filed 09/16/2019 05:23:40 PM

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR SARASOTA COUNTY

RAYMOND BLIVEN and
MARGARET BLIVEN,
Plaintiffs,

Vs.                                         CASE NO: _____

PAULINE ANNE VILENO,
Defendant.
_____/

### COMPLAINT FOR EJECTMENT FROM REAL ESTATE

**COMES NOW** the Plaintiff, MARGARET and RAYMOND BLIVEN ("Landlord"), sues

PAULINE ANNE VILENO ("Defendant"), for Ejectment and Unjust Enrichment and alleges:

#### Jurisdiction

1.      This is an action to recover possession of real property located in Sarasota County,

Florida.

2.      This is an action at law within the jurisdiction of this Court as a matter in

controversy which exceeds the sum of $15,000, exclusive of interest, attorneys' fees, if any, and

costs.

3.      The Plaintiffs MARGARET and RAYMOND BLIVEN are individuals, sui juris

and residents of Sarasota County, Florida.

4.      The Defendant, PAULINE ANNE VILENO is individual, sui juris and a resident

of Sarasota County, Florida.

#### Count I-Ejectment from Real Property

5.      Plaintiffs reallege the allegations in paragraphs 1 through 4 and incorporate them

herein.

*Pauline Anne Vileno*
*Complaint for Ejectment and Unjust Enrichment*

6.      This is an action to recover possession of real property located in Sarasota County,

Florida.

7.      The Defendant is in possession of the following real property in Sarasota County:

1627 Baywinds Lane, Sarasota, Florida 34231, to which Plaintiffs claim title as shown by the

attached statement of Plaintiffs' chain of title (Exhibit A).

8.      Defendant refuses to deliver possession of the Property to Plaintiffs or pay Plaintiffs

the profits from it.

**WHEREFORE,** Plaintiffs demand judgment for possession of the property and for return

of funds in principle damages, other actual damages, incidental damages, consequential damages

and costs incurred in connection with the maintenance of this action against Defendant.

**DATED:** September 16, 2019.


Respectfully submitted,

**McCULLOUGH LEGAL SERVICES, LLC**
5237 Summerlin Commons Boulevard
Suite 214
Fort Myers, Florida 33907
Telephone: (239) 331-4333


By: */s/ Heather Cherepkai, Esq*
      HEATHER CHEREPKAI, ESQ.
      heather@mls941.com
      Attorney for Plaintiffs
      Florida Bar No.: 728977

Filing # 95789977 E-Filed 09/16/2019 05:23:40 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>TWELFTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>SARASOTA</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Plaintiff
       vs.

Defendant

II.     **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☒ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☒ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Non-monetary declaratory or injunctive relief;
    ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    <u>1</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ Yes
    ☒ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Heather Cherepkai</u>    FL Bar No.: <u>728977</u>
    Attorney or party                               (Bar number, if attorney)

<u>Heather Cherepkai</u>    <u>09/16/2019</u>
    (Type or print name)                            Date

ClerkNet

| Home | Search | Case Lists | Logout |

Subscribe To Email Alerts        Return To Search        View Printer Friendly Version

### Case Details

| | | | |
|---|---|---|---|
| Case Number: | 2018 CC 004452 NC | Uniform Case Number: | 582018CC004452XXXANC | Case Status: |
| Case File Date: | 07/27/2018 | Case Close Date: | 03/14/2019 | Judge: |

### Party Information

| Party Name | Party Type | Attorney (Date Dismissed) |
|---|---|---|
| BLIVEN, MARGARET | Plaintiff | ELSBREE, MELISSA  (09/05/2018)<br>MCCULLOUGH, REID  (03/31/2020) |
| BLIVEN, RAYMOND | Plaintiff | SCUDDER, L  (03/31/2020)<br>MCCULLOUGH, REID  (03/31/2020) |
| VILENO, PAULINE A | Defendant | EISEMANN, DEREK  (11/08/2018)<br>LEATHERWOOD, VALERIE  (03/31/2020) |

### Case Events

| Date | Time | Location | Description | C |
|---|---|---|---|---|
| 09/05/2018 | 03:00 PM | COURTROOM 2A | MOTIONS | |
| 09/06/2018 | 02:00 PM | COURTROOM 2A | MOTIONS | C |
| 10/01/2018 | 02:00 PM | COURTROOM 2A | EVICTION HEARINGS - COUNTY COURT | |
| 11/14/2018 | 09:00 AM | COURTROOM 2B | MOTIONS | C |
| 11/14/2018 | 03:15 PM | COURTROOM 2B | MOTIONS | C |
| 04/25/2019 | 02:30 PM | COURTROOM 2B | MOTIONS | C |
| 05/23/2019 | 02:30 PM | COURTROOM 2B | MOTIONS | C |
| 07/15/2019 | 10:15 AM | COURTROOM 2B | MOTIONS | C |
| 08/05/2019 | 03:00 PM | COURTROOM 2A | MOTIONS | |
| 09/18/2019 | 02:30 PM | COURTROOM 2B | MOTIONS | |
| 02/01/2021 | 01:45 PM | COURTROOM ZOOM | MOTIONS | |
| 04/19/2022 | 02:15 PM | COURTROOM 2B | MOTIONS | |

### Case Fees

| Fee Description | Total Fee | Amount Paid | Waived Amount |
|---|---|---|---|
| COMPLAINT FOR EVICTION | $185.00 | $185.00 | $0.00 |
| SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 |
| SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 |
| SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 |
| APPEAL FILING FEE ($281) | $281.00 | $281.00 | $0.00 |
| PREPARATION OF APPEAL - BALANCE DUE | $403.00 | $403.00 | $0.00 |
| TOTAL | $899.00 | $899.00 | $0.00 |

### Case Docket

- Available      - Protected      - Sealed      - Viewable On Request (VOR)      - VOR Pending

| Create PDF From Selected | | | |
|---|---|---|---|
| Add All | Docket Date | DIN | Description |
| ☐ | 3/18/2022 | 145 | NOTICE OF HEARING |
| | 3/17/2022 | 144 | COURT EVENT SET EVENT: MOTIONS DATE: Apr 19 2022 2:15PM JUDGE: QUARTERMAINE, ERIKA N. LOCATION: JACS |
| ☐ | 3/11/2022 | 143 | MOTION - DIRECTING THE COURT DETERMINING COSTS AS PER HONORABLE JUDGE ANDREA MCHUGH ORDER ISSUED |
| ☐ | 2/1/2021 | 142 | COURT APPEARANCE RECORD |

| ☐ Add All | Docket Date | DIN | Description |
|---|---|---|---|
| ☐ | 1/19/2021 | 141 | NOTICE OF HEARING |
| | 1/11/2021 | 140 | COURT EVENT SET EVENT: MOTIONS DATE: Feb 1 2021 1:45PM JUDGE: QUARTERMAINE, ERIKA N. LOCATION: JACS |
| ☐ | 12/16/2020 | 139 | MOTION - ORDER TO SHOW CAUSE AND TO COMPLY WITH POST-JUDGMENT PROCEEDINGS IN AID OF EXECUTION OF JUDGMENT |
| ☐ | 12/10/2020 | 138 | ORDER - DENYING MOTION FOR ENTRY OF FINAL JUDGMENT |
| ☐ | 11/30/2020 | 137 | MOTION - ENTRY OF FINAL JUDGMENT |
| ☐ | 12/12/2019 | 136 | ORDER OF DISQUALIFICATION |
| ☐ | 11/25/2019 | 135 | ORDER - GRANTING ENTITLEMENT TO COSTS AND DENYING ENTITLEMENT TO ATTORNEY FEES |
| ☐ | 10/14/2019 | 134 | AFFIDAVIT - OF VALERIE LEATHERWOOD - IN SUPPORT OF MOTION TO TAX ATTORNEYS' FEES |
| ☐ | 10/11/2019 | 133 | MEMORANDUM OF LAW IN SUPPORT MOTION TO TAX COST |
| ☐ | 10/11/2019 | 132 | MEMORANDUM OF LAW |
| ☐ | 9/18/2019 | 131 | COURT APPEARANCE RECORD |
| ☐ | 8/27/2019 | 130 | AFFIDAVIT - OF COSTS |
| ☐ | 8/26/2019 | 129 | NOTICE OF HEARING |
| | 8/26/2019 | 128 | COURT EVENT SET EVENT: MOTIONS DATE: Sep 18 2019 2:30PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 8/5/2019 | 127 | ORDER OF DISMISSAL FILED AND RECORDED - Recorded (OR. / 2019106921) |
| ☐ | 8/5/2019 | 126 | COURT APPEARANCE RECORD |
| ☐ | 8/2/2019 | 125 | ORDER - APPEAR TELEPHONICALLY |
| ☐ | 8/2/2019 | 124 | MOTION - APPEAR TELEPHONICALLY |
| ☐ | 8/2/2019 | 123 | CORRESPONDENCE - JUDGE - PUBLIC - HEATHER CHEREPKAI ESQ |
| | 8/2/2019 | 122 | COURT EVENT SET EVENT: MOTIONS DATE: Aug 5 2019 3.00PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 8/1/2019 | 121 | MOTION - STRIKE AFFIDAVIT OF MARGARET BLIVEN (DUPLICATE) |
| ☐ | 8/1/2019 | 120 | RESPONSE - IN SUPPORT OF MOTION SUMMARY JUDGMENT (DUPLICATE) |
| ☐ | 8/1/2019 | 119 | MOTION - APPEAR TELEPHONICALLY |
| ☐ | 8/1/2019 | 118 | RESPONSE - IN SUPPORT OF MOTION SUMMARY JUDGMENT |
| ☐ | 8/1/2019 | 117 | MOTION - STRIKE AFFIDAVIT OF MARGARET BLIVEN |
| ☐ | 7/29/2019 | 116 | REQUEST TO TAKE JUDICIAL NOTE |
| | 7/26/2019 | 115 | COURT EVENT SET EVENT: MOTIONS DATE: Aug 5 2019 3:00PM JUDGE: MOSS, DANA LOCATION: JACS |
| | 7/26/2019 | 114 | COURT EVENT SET EVENT: MOTIONS DATE: Aug 5 2019 3:00PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 7/24/2019 | 113 | NOTICE OF FILING EMAIL DESIGNATIONS |
| | 7/19/2019 | 112 | COURT EVENT SET EVENT: MOTIONS DATE: Aug 5 2019 3:00PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 7/12/2019 | 111 | NOTICE OF HEARING |
| | 7/12/2019 | 110 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Jul 15 2019 10:15AM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 7/11/2019 | 109 | NOTICE OF CANCELLATION - HEARING |
| ☐ | 7/3/2019 | 108 | NOTICE OF CANCELLATION - DEPOSITION |
| ☐ | 6/27/2019 | 107 | NOTICE OF HEARING |
| ☐ | 6/27/2019 | 106 | NOTICE OF TAKING DEPOSITION |
| | 6/27/2019 | 105 | COURT EVENT SET EVENT: MOTIONS DATE: Aug 5 2019 3:00PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 6/24/2019 | 104 | ORDER - GRANTING APPELLANT'S MOTION TO REFUND AND DIRECTING CLERK TO ISSUE REFUND |
| ☐ | 6/21/2019 | 103 | RESPONSE - IN SUPPORT OF MOTION FOR JUDGMENT AND TO TAX COSTS/ATTORNEY FEES |
| ☐ | 6/19/2019 | 102 | RESPONSE - IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AND TO TAX COST/ATTORNEY'S FEES |
| ☐ | 5/28/2019 | 101 | AFFIDAVIT - MARGARET BLIVEN |
| ☐ | 5/28/2019 | 100 | RESPONSE - IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ☐ | 5/28/2019 | 99 | APPEAL - POST MANDATE |
| ☐ | 5/24/2019 | 98 | MOTION - FOR ENTRY OF JUDGMENT AMD MOTION TO TAX COSTS/ATTORNEY FEES |
| ☐ | 5/23/2019 | 97 | NOTICE OF HEARING |
| | 5/23/2019 | 96 | ACTION: MANDATE AND OPINION SENT TO PARTIES VIA USPS / POST MANDATE FORWARDED TO JUDGE VIA INTER-OFFICE MAIL |
| ☐ | 5/23/2019 | 95 | APPEAL MANDATE & OPINION ISSUED ON APPEAL - REVERSED / 2018AP006277NC |
| | 5/22/2019 | 94 | COURT EVENT SET EVENT: MOTIONS DATE: Jul 15 2019 10:15AM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 5/21/2019 | 93 | NOTICE OF CANCELLATION |
| | 5/21/2019 | 92 | ACTION: FORWARDED MANDATE AND OPINION TO COURT FOR REVIEW VIA INTER-OFFICE MAIL |
| ☐ | 5/20/2019 | 91 | RESPONSE - IN SUPPORT OF THEIR MOTION TO TRANSFER AND CONSOLIDATE CASES - PLAINTIFFS |
| ☐ | 5/20/2019 | 90 | NOTICE OF CANCELLATION OF HEARING |
| | 5/20/2019 | 89 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: May 23 2019 2:30PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 5/14/2019 | 88 | APPEAL - ORDER DENYING APPELLEE'S MOTION FOR CLARIFICATION |

| Add All | Docket Date | DIN | Description |
|---|---|---|---|
| ☐ | 5/13/2019 | 87 | DEFENDANT'S AMENDED/SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE AND CONSOLID |
| | 5/2/2019 | 86 | COURT EVENT SET EVENT: MOTIONS DATE: May 23 2019 2:30PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 5/1/2019 | 85 | NOTICE OF HEARING - AMENDED |
| ☐ | 4/30/2019 | 84 | MOTION - SUMMARY JUDGMENT AND MEMORANDUM OF LAW |
| ☐ | 4/30/2019 | 83 | AFFIDAVIT - SUPPORT OF MOTION |
| ☐ | 4/30/2019 | 82 | NOTICE-HEARING |
| | 4/30/2019 | 81 | COURT EVENT SET EVENT: MOTIONS DATE: May 23 2019 2:30PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 4/26/2019 | 80 | OPINION ISSUED - REVERSED - APPEAL 2018AP006277NC |
| | 4/24/2019 | 79 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Apr 25 2019 2:30PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 4/24/2019 | 78 | NOTICE OF CANCELLATION - HEARING |
| ☐ | 4/18/2019 | 77 | RESPONSE - OPPOSITION TO MOTION TO TRANSFER VENUE AND CONSOLIDATE |
| | 3/28/2019 | 76 | COURT EVENT SET EVENT: MOTIONS DATE: Apr 25 2019 2:30PM JUDGE: MOSS, DANA LOCATION: JACS |
| ☐ | 3/28/2019 | 75 | NOTICE OF HEARING |
| ☐ | 3/22/2019 | 74 | APPEAL - BRIEF |
| ☐ | 3/21/2019 | 73 | MOTION TO TRANSFER VENUE AND CONSOLIDATE CASES IN CIRCUIT COURT |
| ☐ | 3/19/2019 | 72 | NOTICE - OF WITHDRAWAL OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE |
| ☐ | 3/19/2019 | 71 | APPEAL - ORDER DIRECTING APPELLEES TO FILE AN ANSWER BRIEF |
| ☐ | 3/19/2019 | 70 | APPEAL CORRESPONDENCE - APPEAL REVIEW SHEET |
| ☐ | 3/15/2019 | 69 | APPEAL - RECEIPT RETURNED |
| ☐ | 3/14/2019 | 68 | NOTICE - OF SCRIVENER'S ERROR |
| ☐ | 3/14/2019 | 67 | NOTICE OF DISMISSAL - CORRECTED |
| | 3/12/2019 | 66 | RECORD FORWARDED TO APPELLATE COURT WITH INITIAL BRIEF ONLY |
| ☐ | 3/12/2019 | 65 | APPEAL CORRESPONDENCE - APPEAL REVIEW SHEET |
| ☐ | 1/25/2019 | 64 | APPEAL - ORDER DENYING APPELLEE'S MOTION TO VACATE ORDER GRANTING EMERGENCY STAY |
| ☐ | 1/11/2019 | 63 | APPEAL COVERSHEET & INDEX PREPARED AND FORWARDED TO APPELLATE PARTIES |
| ☐ | 1/11/2019 | 62 | PAYMENT $403.00 RECEIPT #2019003789 |
| ☐ | 1/8/2019 | 61 | APPEAL COST SHEET PREPARED & FORWARDED / 2018 AP 006277 NC |
| ☐ | 1/8/2019 | 60 | FEE LETTER FOR PREPARATION OF APPEAL / 2018 AP 006277 NC |
| ☐ | 1/3/2019 | 59 | ORDER-GRANTING EMERGENCY MOTION FOR STAY PENDING APPEAL |
| ☐ | 12/31/2018 | 58 | ORDER - ON MOTION TO SET ASIDE |
| ☐ | 12/31/2018 | 57 | CORRESPONDENCE - JUDGE - PUBLIC |
| ☐ | 12/31/2018 | 56 | NOTICE - CASE LAW CITE IN SUPPORT OF EMERGENCY MOTION |
| ☐ | 12/28/2018 | 55 | MEMORANDUM - IN OPPOSITION TO EMERGENCY MOTION TO SET ASIDE CONDITIONAL ORDER - AMENDED |
| ☐ | 12/28/2018 | 54 | MEMORANDUM - IN OPPOSITION TO MOTION TO SET ASIDE CONDITIONAL ORDER |
| ☐ | 12/26/2018 | 53 | MOTION - SET ASIDE CONDITIONAL ORDER |
| ☐ | 12/26/2018 | 52 | AFFIDAVIT OF PAULINE ANNE VILENO |
| ☐ | 12/21/2018 | 51 | NOTICE OF APPEARANCE - FOR DEFENDANT |
| ☐ | 12/11/2018 | 50 | DIRECTIONS TO CLERK AMENDED - APPEAL |
| ☐ | 12/10/2018 | 49 | DIRECTIONS TO CLERK - APPEAL |
| ☐ | 12/10/2018 | 48 | ORDER - ON MOTION TO STAY |
| ☐ | 11/29/2018 | 47 | ACTION: FORWARDED A COPY OF MOTION FOR STAY - PALULINE ANNE VILENKO - TO THE JUDGE |
| ☐ | 11/29/2018 | 46 | MOTION FOR STAY - PAULINE ANNE VILENKO |
| | 11/29/2018 | 45 | ACTION: APPEAL CASE NUMBER 2018 AP 006277 NC |
| | 11/29/2018 | 44 | FORWARD NOTICE OF APPEAL TO APPELLATE JUDGE |
| ☐ | 11/29/2018 | 43 | PAYMENT $281.00 RECEIPT #2018119265 |
| ☐ | 11/29/2018 | 42 | NOTICE OF APPEAL - FILED AND RECORDED - Recorded (OR. / 2018155540) |
| ☐ | 11/8/2018 | 41 | ORDER GRANTING MOTION TO WITHDRAW |
| ☐ | 11/8/2018 | 40 | ORDER ON DEFENDANT'S MOTION TO RECUSE ATTORNEY AND MOTION TO SET ASIDE OR RELIEF FROM JUDGMENT |
| | 11/7/2018 | 39 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Nov 14 2018 3:15PM JUDGE: GOLDMAN, JUDITH M LOCATION: JACS |
| | 11/7/2018 | 38 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Nov 14 2018 9:00AM JUDGE: GOLDMAN, JUDITH M LOCATION: JACS |
| | 11/7/2018 | 37 | COURT EVENT SET EVENT: MOTIONS DATE: Nov 14 2018 3:15PM JUDGE: GOLDMAN, JUDITH M LOCATION: JACS |
| ☐ | 11/7/2018 | 36 | NOTICE OF CANCELLATION |
| ☐ | 11/7/2018 | 35 | NOTICE OF HEARING - AMENDED |
| ☐ | 11/6/2018 | 34 | MOTION TO SUBSTITUTION OF COUNSEL - BLIVEN, MARGARET VS VILENO, PAULINE |

| Add All | Docket Date | DIN | Description |
|---|---|---|---|
| | 11/5/2018 | 33 | COURT EVENT SET EVENT: MOTIONS DATE: Nov 14 2018 9:00AM JUDGE: GOLDMAN, JUDITH M LOCATION: JACS |
| ☐ | 11/5/2018 | 32 | NOTICE OF HEARING |
| ☐ | 11/5/2018 | 31 | MOTION TO WITHDRAW |
| ☐ | 10/30/2018 | 30 | MOTION - RECUSE ATTORNEY & SET ASIDE OR RELIEF FROM JUDGMENT (PRO-SE) (FORWARDED COPY TO JUDGE) |
| ☐ | 10/1/2018 | 29 | ORDER STAYING FINAL JUDGMENT |
| ☐ | 10/1/2018 | 28 | COURT APPEARANCE RECORD |
| ☐ | 10/1/2018 | 27 | WRIT PROPOSED - POSSESSION |
| | 9/5/2018 | 26 | COURT EVENT SET EVENT: EVICTION HEARINGS - COUNTY COURT DATE: Oct 1 2018 2:00PM JUDGE: GOLDMAN, JUDITH M LOCATION: JACS |
| ☐ | 9/5/2018 | 25 | ORDER - TO WITHDRAW |
| ☐ | 9/5/2018 | 24 | COURT APPEARANCE RECORD |
| ☐ | 9/5/2018 | 23 | NOTICE OF HEARING |
| ☐ | 8/30/2018 | 22 | NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS ON BEHALF OF THE PLAINTIFF'S |
| | 8/28/2018 | 21 | COURT EVENT SET EVENT: MOTIONS DATE: Sep 5 2018 3:00PM JUDGE: GOLDMAN, JUDITH M LOCATION: 2A |
| | 8/28/2018 | 20 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Sep 6 2018 2:00PM JUDGE: GOLDMAN, JUDITH M LOCATION: 2A |
| | 8/28/2018 | 19 | COURT EVENT SET EVENT: MOTIONS DATE: Sep 6 2018 2:00PM JUDGE: GOLDMAN, JUDITH M LOCATION: JACS |
| ☐ | 8/28/2018 | 18 | NOTICE OF HEARING |
| ☐ | 8/28/2018 | 17 | MOTION TO WITHDRAW |
| ☐ | 8/28/2018 | 16 | NOTICE OF HEARING - AMENDED |
| ☐ | 8/22/2018 | 15 | PLAINTIFFS' MOTION - TO COMPEL SITE INSPECTION |
| ☐ | 8/22/2018 | 14 | AMENDED REPLY - TO AFFIRMATIVE DEFENSES OF DEFENDANT |
| ☐ | 8/21/2018 | 13 | REPLY TO AFFIRMATIVE DEFENSES OF DEFENDANT |
| ☐ | 8/6/2018 | 12 | ANSWER AND AFFIRMATIVE DEFENSES - PAULINE ANNE VILENO (UNSIGNED) |
| ☐ | 8/6/2018 | 11 | NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ON BEHALF OF THE DEFENDANT |
| ☐ | 8/3/2018 | 10 | SUMMONS SERVED - PAULINE ANNE VILENO |
| ☐ | 7/30/2018 | 9 | PAYMENT $20.00 RECEIPT #2018077272 |
| ☐ | 7/30/2018 | 8 | SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE - TENANT #2- ISSUED 7/30/2018 |
| ☐ | 7/30/2018 | 7 | SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE - TENANT #1- ISSUED 7/30/2018 |
| ☐ | 7/27/2018 | 6 | PAYMENT $0.00 RECEIPT #2018076694 |
| ☐ | 7/27/2018 | 5 | PAYMENT $195.00 RECEIPT #2018076693 |
| ☐ | 7/27/2018 | 4 | SUMMONS- PROPOSED - TENANT 1 AND TENANT 2 - UNABLE TO ISSUE TWO-PARTY SUMMONS |
| ☐ | 7/27/2018 | 3 | SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE - PAULINE ANNE VILENO - ISSUED 07/27/2018 |
| ☐ | 7/27/2018 | 2 | NOTICE OF DESIGNATION OF EMAIL - AND APPEARANCE |
| ☐ | 7/27/2018 | 1 | COMPLAINT FOR EVICTION |

1/11/22, 12:03 PM                                                ClerkNet 3.0



Home    Search    Case Lists    Logout

Subscribe To Email Alerts        Return To Search        View Printer Friendly Version

### Case Details

| | | | | | |
|---|---|---|---|---|---|
| Case Number: | 2018 AP 006277 NC | Uniform Case Number: | 582018AP006277XXXANC | Case Status: | CLOS |
| Case File Date: | 11/29/2018 | Case Close Date: | 09/25/2020 | Judge: | CARROLL, HUNTER W |

### Party Information

| Party Name | Party Type | Attorney (Date Dismissed) |
|---|---|---|
| BLIVIN, RAYMOND | Plaintiff | SCUDDER, L  (10/25/2020) |
| BLIVIN, MARGARET | Plaintiff | SCUDDER, L  (10/25/2020) |
| VILENO, PAULINE ANNE | Defendant | LEATHERWOOD, VALERIE   (10/25/2020) |

### Case Fees

| Fee Description | Total Fee | Amount Paid | Waived Amount | Amount Outstanding |
|---|---|---|---|---|
| TRUST DEPOSIT - CIRCUIT | $500.00 | $500.00 | $0.00 | $0.00 |
| **TOTAL** | **$500.00** | **$500.00** | **$0.00** | **$0.00** |

### Case Docket

📁 - Available      🔒 - Protected      🔒 - Sealed      📁 - Viewable On Request (VOR)      ⊘ - VOR Pending

Create PDF From Selected

| ☐ Add All | Docket Date | DIN | Description | Pag |
|---|---|---|---|---|
| ☐ | 1/10/2022 | 39 | MOTION - FOR ORDER TO SHOW CAUSE AND TO COMPLY WITH POST JUDGMENT PROCEEDINGS IN AID OF EXECUTION OF JUDGMENT AND COSTS | 17 |
| ☐ | 9/25/2020 | 38 | ORDER DIRECTING CLERK TO CLOSE FILE | 1 |
| ☐ | 12/16/2019 | 37 | ORDER REASSIGNING CASE | 2 |
| ☐ | 12/12/2019 | 36 | ORDER OF DISQUALIFICATION | 1 |
| ☐ | 6/24/2019 | 35 | COURT APPEARANCE RECORD | 1 |
| ☐ | 6/24/2019 | 34 | ORDER - GRANTING APPELLANT'S MOTION TO REFUND AND DIRECTING CLERK TO ISSUE REFUND | 1 |
| ☐ | 6/21/2019 | 33 | ACTION: EMAILED MOTION TO JUDICIAL ASSISTANT FOR REVIEW | 0 |
| ☐ | 6/20/2019 | 32 | MOTION - FOR REFUND/DISBURSEMENT OF MONIES PLACED IN TRUST/ESCROW DURING PENDENCY OF APPEAL - PAULINE ANNE SILENO | 17 |
| ☐ | 5/28/2019 | 31 | APPEAL - POST MANDATE | 1 |
| | 5/23/2019 | 30 | ACTION: MANDATE AND OPINION SENT TO PARTIES VIA USPS / POST MANDATE FORWARDED TO JUDGE VIA INTER-OFFICE MAIL | 0 |
| ☐ | 5/23/2019 | 29 | APPEAL MANDATE & OPINION ISSUED ON APPEAL - REVERSED / 2018CC004452NC | 7 |
| | 5/21/2019 | 28 | ACTION: FORWARDED MANDATE AND OPINION TO COURT FOR REVIEW VIA INTER-OFFICE MAIL | 0 |
| ☐ | 5/14/2019 | 27 | APPEAL - ORDER DENYING APPELLEE'S MOTION FOR CLARIFICATION | 2 |
| ☐ | 5/13/2019 | 26 | RESPONSE - APPELLANT, PAULINE ANNE VILENO TO APPELLEE'S MOTION FOR CLARIFICATION | 9 |
| | 5/3/2019 | 25 | ACTION: EMAILED MOTION TO JUDICIAL ASSISTANT FOR REVIEW | 0 |
| ☐ | 5/3/2019 | 24 | MOTION FOR CLARIFICATION - APPEAL | 5 |
| ☐ | 4/26/2019 | 23 | OPINION ISSUED - REVERSED - APPEAL 2018CC004452NC | 6 |
| ☐ | 4/15/2019 | 22 | APPEAL - APPELLEES' ANSWER BRIEF | 11 |
| ☐ | 4/9/2019 | 21 | APPEAL - REPLY BRIEF | 7 |
| ☐ | 3/19/2019 | 20 | APPEAL - ORDER DIRECTING APPELLEES TO FILE AN ANSWER BRIEF | 1 |
| ☐ | 3/19/2019 | 19 | APPEAL CORRESPONDENCE - APPEAL REVIEW SHEET | 1 |
| ☐ | 3/15/2019 | 18 | APPEAL - RECEIPT RETURNED | 1 |
| ☐ | 3/12/2019 | 17 | RECORD FORWARDED TO APPELLATE COURT WITH INITIAL BRIEF ONLY | 0 |

| Add All | Docket Date | DIN | Description | Pag |
|---------|-------------|-----|-------------|-----|
| ☐ | 3/12/2019 | 16 | APPEAL CORRESPONDENCE - APPEAL REVIEW SHEET | 1 |
| ☐ | 2/7/2019 | 15 | ANSWER BRIEF - INITIAL | 17 |
| ☐ | 1/25/2019 | 14 | APPEAL - ORDER DENYING APPELLEE'S MOTION TO VACATE ORDER GRANTING EMERGENCY STAY | 3 |
| ☐ | 1/23/2019 | 13 | ACTION: FORWARDED MOTION TO VACATE TO COURT FOR REVIEW VIA E-MAIL | 0 |
| ☐ | 1/23/2019 | 12 | MOTION - APPEAL - VACATE ORDER EMERGENCY STAY & SANCTIONS | 4 |
| ☐ | 1/11/2019 | 11 | APPEAL COVERSHEET & INDEX PREPARED AND FORWARDED TO APPELLATE PARTIES | 4 |
| ☐ | 1/8/2019 | 10 | RESPONSE - TO MOTION TO VACATE ORDER | 4 |
| ☐ | 1/3/2019 | 9 | PAYMENT $500.00 RECEIPT #2019000650 | 1 |
| ☐ | 1/3/2019 | 8 | ORDER-GRANTING EMERGENCY MOTION FOR STAY PENDING APPEAL | 3 |
| | 1/2/2019 | 7 | ACTION: FORWARDED EMERGENCY MOTION TO COURT FOR REVIEW VIA E-MAIL | 0 |
| ☐ | 12/31/2018 | 6 | MOTION - EMERGENCY - TO STAY AGREED ORDER/JUDGMENT PENDING RESOLUTION OF APPEAL - APPELLANT'S | 8 |
| ☐ | 12/11/2018 | 5 | DIRECTIONS TO CLERK AMENDED - APPEAL | 1 |
| ☐ | 12/10/2018 | 4 | DIRECTIONS TO CLERK - APPEAL | 1 |
| | 11/29/2018 | 3 | ACTION: L.T. CASE NUMBER 2018 CC 004452 NC | 0 |
| | 11/29/2018 | 2 | FORWARD NOTICE OF APPEAL TO APPELLATE JUDGE | 0 |
| ☐ | 11/29/2018 | 1 | NOTICE OF APPEAL - CERTIFIED COPY | 10 |



| Home | Search | Case Lists | Logout |

Subscribe To Email Alerts     Return To Search     View Printer Friendly Version

**Case Details**

| | | | | Case Stat |
|---|---|---|---|---|
| Case Number: | 2019 CA 000758 NC | Uniform Case Number: | 5B2019CA000758BXXXANC | |
| Case File Date: | 02/08/2019 | Case Close Date: | 03/14/2019 | Judge: |

**Party Information**

| Party Name | Party Type | Attorney (Date Dismissed) |
|---|---|---|
| BLIVEN, RAYMOND | Plaintiff | WILSON, LELAND  (07/24/2019)<br>CHEREPKAI, HEATHER  (03/26/2022) |
| BLIVEN, MARGARET | Plaintiff | CHEREPKAI, HEATHER  (03/26/2022)<br>SCUDDER, L  (03/26/2022) |
| VILENO, PAULINE ANNE | Defendant | LEATHERWOOD, VALERIE  (03/26/2022) |

**Case Events**

| Date | Time | Location | Description |
|---|---|---|---|
| 06/24/2019 | 10:00 AM | COURTROOM 6C | MOTIONS |
| 09/18/2019 | 10:00 AM | COURTROOM 6C | MOTIONS |
| 02/15/2022 | 09:00 AM | COURTROOM ZOOM | MOTIONS |

**Case Fees**

| Fee Description | Total Fee | Amount Paid | Waived Amount |
|---|---|---|---|
| COMPLAINT REAL PROP $50,000 OR LESS | $400.00 | $400.00 | $0.00 |
| SUMMONS CIRCUIT EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 |
| COMPLAINT | $400.00 | $0.00 | $400.00 |
| **TOTAL** | **$810.00** | **$410.00** | **$400.00** |

**Case Docket**

[PRO] - Available     - Protected     - Sealed     - Viewable On Request (VOR)     - VOR Pending

| Create PDF From Selected |
|---|

| | Docket Date | DIN | Description |
|---|---|---|---|
| ☐ Add All | | | |
| ☐ | 2/24/2022 | 36 | ORDER - DENYING MOTION FOR JUDGMENT FOR COSTS |
| ☐ | 2/15/2022 | 35 | COURT APPEARANCE RECORD |
| ☐ | 1/28/2022 | 34 | ORDER |
| ☐ | 1/28/2022 | 33 | COURT EVENT SET EVENT: MOTIONS DATE: Feb 15 2022 9:00AM JUDGE: MCHUGH, ANDREA LOCATION: JACS |
| ☐ | 1/19/2022 | 32 | MOTION - FOR JUDGMENT FOR COSTS |
| ☐ | 1/18/2022 | 31 | ORDER DIRECTING CLERK TO CLOSE FILE - DENYING MOTION FOR AN ORDER TO SHOW CAUSE |
| ☐ | 1/14/2022 | 30 | MOTION - FOR ORDER TO SHOW CAUSE AND TO COMPLY WITH POST JUDGMENT PROCEEDINGS IN AID OF EXECUTION OF JUDGMENT AND COST |
| ☐ | 1/10/2022 | 29 | NOTICE - TO STRIKE |
| ☐ | 1/5/2022 | 28 | MOTION - FOR ORDER TO SHOW CAUSE AND TO COMPLY WITH POST JUDGMENT PROCEEDINGS IN AID OF EXECUTION OF JUDGMENT AND COST |
| ☐ | 1/12/2021 | 27 | ADDRESS CHANGE - EMAIL DESIGNATION |
| ☐ | 9/26/2019 | 26 | ORDER - ON CROSS-MOTIONS FOR SANCTIONS |
| ☐ | 9/18/2019 | 25 | COURT APPEARANCE RECORD |
| ☐ | 9/6/2019 | 24 | NOTICE OF HEARING - CROSS NOTICE |
| ☐ | 9/4/2019 | 23 | MOTION - FOR SANCTIONS |
| ☐ | 7/24/2019 | 22 | NOTICE OF SUBSTITUTION - CHANGE OF ATTORNEY AND FILING EMAIL DESIGNATIONS - FOR PLAINTIFFS |

3/30/22, 1:34 PM                                              ClerkNet 3.0

| Add All | Docket Date | DIN | Description |
|---|---|---|---|
| ☐ | 7/24/2019 | 21 | NOTICE OF HEARING |
| | 7/24/2019 | 20 | COURT EVENT SET EVENT: MOTIONS DATE: Sep 18 2019 10:00AM JUDGE: MCHUGH, ANDREA LOCATION: JACS |
| ☐ | 7/24/2019 | 19 | MOTION - FOR RECONSIDERATION OF DENIAL OF REQUEST FOR ENTRY OF AN AWARD OF ATTORNEY'S FEES |
| ☐ | 6/24/2019 | 18 | ORDER - ON MOTION TO REOPEN CASE |
| ☐ | 6/24/2019 | 17 | COURT APPEARANCE RECORD |
| ☐ | 6/21/2019 | 16 | MEMORANDUM - IN SUPPORT OF MOTION TO RE-OPEN CASE |
| ☐ | 6/17/2019 | 15 | RESPONSE - MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REOPEN CASE |
| ☐ | 5/20/2019 | 14 | NOTICE OF HEARING |
| | 5/20/2019 | 13 | COURT EVENT SET EVENT: MOTIONS DATE: Jun 24 2019 10:00AM JUDGE: MCHUGH, ANDREA LOCATION: JACS |
| ☐ | 4/12/2019 | 12 | MOTION TO REOPEN CASE |
| ☐ | 3/18/2019 | 11 | NOTICE - WITHDRAWAL OF VOLUNTARY DISMISSAL |
| ☐ | 3/18/2019 | 10 | CORRECTED NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE |
| ☐ | 3/14/2019 | 9 | NOTICE OF DISMISSAL - VOLUNTARY |
| ☐ | 3/8/2019 | 8 | SUMMONS SERVED - PAULINE ANNE VILENO (NOTICE OF FILING) |
| ☐ | 3/7/2019 | 7 | SUMMONS SERVED - PAULINE ANNE VILENO |
| ☐ | 2/11/2019 | 6 | PAYMENT $410.00 RECEIPT #2019014336 |
| ☐ | 2/11/2019 | 5 | RECEIPT # 2019014201 MODIFIED: PAYMENT $0.00 |
| ☐ | 2/8/2019 | 4 | PAYMENT $410.00 RECEIPT #2019014201 |
| ☐ | 2/8/2019 | 3 | SUMMONS CIRCUIT EFILED - REQUEST FOR ISSUANCE- PAULINE ANNE VILENO - ISSUED 02/08/2019 |
| ☐ | 2/8/2019 | 2 | CIVIL COVER SHEET |
| ☐ | 2/8/2019 | 1 | COMPLAINT REAL PROP $50,000 OR LESS- FOR EJECTEMENT |

3/30/22, 1:34 PM                                   ClerkNet 3.0

 ClerkNet

| Home | Search | Case Lists | Logout |

Subscribe To Email Alerts        Return To Search        View Printer Friendly Version

### Case Details

| | | | |
|---|---|---|---|
| Case Number: | 2019 CA 004986 NC | Uniform Case Number: | 582019CA004986XXXANC | Case Sta |
| Case File Date: | 09/17/2019 | Case Close Date: | | Judge: |

### Party Information

| Party Name | Party Type | Attorney (Date Dismissed) |
|---|---|---|
| BLIVEN, RAYMOND | Plaintiff | LEATHERWOOD, VALERIE |
| | | CHEREPKAI, HEATHER |
| BLIVEN, MARGARET | Plaintiff | |
| VILENO, PAULINE ANN | Counter Plaintiff | |
| VILENO, PAULINE ANNE | Defendant | LEATHERWOOD, VALERIE   (06/05/2020) |
| | | HAYDEN, NINA   (02/16/2022) |
| BLIVEN, MARGARET | Counter Defendant | |
| BLIVEN, RAYMOND | Counter Defendant | |

### Case Events

| Date | Time | Location | Description |
|---|---|---|---|
| 12/30/2019 | 01:30 PM | COURTROOM 1 | MOTIONS |
| 02/04/2020 | 02:00 PM | COURTROOM 6C | MOTIONS |
| 04/17/2020 | 10:15 AM | COURTROOM 6A | MOTIONS |
| 06/04/2020 | 10:15 AM | COURTROOM 6A | MOTIONS |
| 07/22/2020 | 01:30 PM | COURTROOM ZOOM | MOTIONS |
| 12/08/2020 | 03:00 PM | COURTROOM 6A | MOTIONS |
| 12/14/2020 | 09:30 AM | COURTROOM 6A | PRE-TRIAL CONFERENCE - CIRCUIT COURT |
| 01/19/2021 | 08:30 AM | COURTROOM 6A | MANDATORY DOCKET SOUNDING |
| 01/19/2021 | 09:00 AM | COURTROOM 7C | MANDATORY DOCKET SOUNDING |
| 01/25/2021 | 09:00 AM | COURTROOM 7C | JURY TRIAL - CIVIL |
| 01/25/2021 | 09:00 AM | COURTROOM 6A | JURY TRIAL - CIVIL |
| 06/25/2021 | 08:30 AM | COURTROOM ZOOM | MOTIONS |
| 07/06/2021 | 08:30 AM | COURTROOM ZOOM | MOTIONS |
| 07/21/2021 | 09:30 AM | COURTROOM ZOOM | MOTIONS |
| 07/21/2021 | 04:00 PM | COURTROOM ZOOM | MOTIONS |
| 02/11/2022 | 01:45 PM | COURTROOM ZOOM | MOTIONS |

### Case Fees

| Fee Description | Total Fee | Amount Paid | Waived Amount |
|---|---|---|---|
| SUMMONS CIRCUIT EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 |
| COMPLAINT REAL PROP $50,000 OR LESS | $400.00 | $400.00 | $0.00 |
| SUMMONS CIRCUIT EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 |
| COMPLAINT- COUNTER - CIRCUIT | $395.00 | $395.00 | $0.00 |
| TOTAL | $815.00 | $815.00 | $0.00 |

### Case Docket

 - Available        - Protected        - Sealed        - Viewable On Request (VOR)        - VOR Pending

| Create PDF From Selected |
|---|
| Add All   Docket Date   DIN   Description |

3/30/22, 1:34 PM                              ClerkNet 3.0

| | Add All | Docket Date | DIN | Description |
|---|---|---|---|---|
| | ☐ | 3/21/2022 | 137 | NOTICE FOR TRIAL |
| | ☐ | 3/21/2022 | 136 | REQUEST FOR PRODUCTION - SECOND |
| | ☐ | 3/14/2022 | 135 | MOTION - FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS |
| | ☐ | 3/14/2022 | 134 | MOTION - IN OPPOSITION TO SUMMARY AND FINAL JUDGMENT AND MOTIONS |
| | ☐ | 3/14/2022 | 133 | MOTION - TO STRIKE PLAINTIFF AFFIDAVIT FOR SUMMARY JUDGMENT |
| | ☐ | 3/14/2022 | 132 | EXHIBIT - FOR MOTION IN OPPOSITION TO SUMMARY AND FINAL JUDGMENT AND MOTIONS FOR SANCTIONS |
| | ☐ | 3/14/2022 | 131 | REQUEST - EVIDENTIARY HEARING FOR LACK OF PERSONAL JURISDICTION |
| | ☐ | 3/14/2022 | 130 | AFFIDAVIT - IN SUPPORT OF SUMMARY JUDGMENT |
| | ☐ | 3/14/2022 | 129 | REQUEST - FOR ADMISSIONS DEEMED AS ADMITTED |
| | ☐ | 3/10/2022 | 128 | MOTION - IN OPPOSITION TO SUMMARY AND FINAL JUDGMENT AND MOTIONS FOR SANCTIONS DUE TO PLAINTIFF ATTEMPT TO COMMIT UPON TI |
| | ☐ | 3/10/2022 | 127 | AFFIDAVIT - IN SUPPORT OF OPPOSING SUMMARY JUDGMENT FINAL JUDGMENT FRAUD ON THE COURT |
| | ☐ | 2/15/2022 | 126 | ORDER - ON MOTION TO WITHDRAWAL |
| | ☐ | 2/11/2022 | 125 | COURT APPEARANCE RECORD |
| | ☐ | 2/9/2022 | 124 | NOTICE - JUDICIAL |
| | ☐ | 2/9/2022 | 123 | CORRESPONDENCE PUBLIC - FROM PAULINE VILENO |
| | ☐ | 2/8/2022 | 122 | NOTICE - OF SERVICE TO PLAINTIFF IN RESPONSE TO PROPOSAL |
| | ☐ | 1/24/2022 | 121 | NOTICE OF HEARING |
| | ☐ | 1/19/2022 | 120 | COURT EVENT SET EVENT: MOTIONS DATE: Feb 11 2022 1:45PM JUDGE: WALKER, STEPHEN LOCATION: JACS |
| | ☐ | 1/11/2022 | 119 | NOTICE - OF SERVICE TO PLAINTIFF IN RESPONSE TO PROPOSAL |
| | ☐ | 1/5/2022 | 118 | ORDER - STREAMLINED CASE DESIGNATION/CIVIL CASE MANAGEMENT REPORT |
| | ☐ | 1/5/2022 | 117 | MOTION - TO RECUSE ATTORNEY EXTENSION OF TIME ABUSE OF PROCESS |
| | ☐ | 1/4/2022 | 116 | MOTION TO WITHDRAWAL |
| | ☐ | 12/27/2021 | 115 | AFFIDAVIT - IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| | ☐ | 12/20/2021 | 114 | MOTION - SUMMARY FINAL JUDGMENT |
| | ☐ | 12/20/2021 | 113 | NOTICE - SERVICE PROPOSAL FOR SETTLEMENT |
| | ☐ | 9/15/2021 | 112 | REPORT - MEDIATOR |
| | ☐ | 8/26/2021 | 111 | NOTICE - MEDIATION |
| | ☐ | 7/21/2021 | 110 | COURT APPEARANCE RECORD |
| | ☐ | 7/20/2021 | 109 | NOTICE OF APPEARANCE |
| | ☐ | 7/20/2021 | 108 | ORDER - DENYING MOTION FOR PROTECTIVE ORDER |
| | ☐ | 7/15/2021 | 107 | NOTICE - OF UNAVAILABILITY AND EMERGENCY HEARING MOTION TO RESET HEARING |
| | ☐ | 7/14/2021 | 106 | NOTICE OF HEARING |
| | | 7/13/2021 | 105 | COURT EVENT SET EVENT: MOTIONS DATE: Jul 21 2021 4:00PM JUDGE: WALKER, STEPHEN LOCATION: ZOOM |
| | | 7/13/2021 | 104 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Jul 21 2021 9:30AM JUDGE: WALKER, STEPHEN LOCATION: ZOOM |
| | | 7/7/2021 | 103 | COURT EVENT SET EVENT: MOTIONS DATE: Jul 21 2021 9:30AM JUDGE: WALKER, STEPHEN LOCATION: JACS |
| | ☐ | 6/21/2021 | 102 | NOTICE OF HEARING |
| | ☐ | 6/18/2021 | 101 | MOTION - MEDIATION AND APPOINTMENT OF MEDIATOR AND ABUSE OF PROCESS |
| | | 6/11/2021 | 100 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Jun 25 2021 8:30AM JUDGE: WALKER, STEPHEN LOCATION: JACS |
| | | 6/11/2021 | 99 | COURT EVENT SET EVENT: MOTIONS DATE: Jul 6 2021 8:30AM JUDGE: WALKER, STEPHEN LOCATION: JACS |
| | | 6/11/2021 | 98 | COURT EVENT SET EVENT: MOTIONS DATE: Jun 25 2021 8:30AM JUDGE: WALKER, STEPHEN LOCATION: JACS |
| | ☐ | 6/8/2021 | 97 | MOTION - FOR MEDIATION AND APPOINTMENT OF MEDIATOR |
| | ☐ | 3/2/2021 | 96 | NOTICE - OF MEDIATION |
| | ☐ | 12/9/2020 | 95 | COURT APPEARANCE RECORD |
| | ☐ | 12/8/2020 | 94 | ORDER - DIRECTING MEDIATION TO OCCUR |
| | ☐ | 12/6/2020 | 93 | ORDER - REMOVING CASE FROM JANUARY 25, 2021 TRIAL DOCKET - CLERK TO UPDATE CASE MANAGEMENT SYSTEM |
| | ☐ | 12/8/2020 | 92 | ORDER - PERMITTING A THIRD AMENDED ANSWER - AFFIRMATIVE DEFENSES AND COUNTERCLAIM |
| | ☐ | 12/8/2020 | 91 | ORDER - DENYING CONSTRUED MOTION TO STAY LITIGATION |
| | ☐ | 12/7/2020 | 90 | ORDER SETTING COURT DATE - AMENDED PRETRIAL |
| | ☐ | 12/7/2020 | 89 | MOTION - HEAR MOTION TO CONTINUE AT 12/08 HEARING |
| | ☐ | 12/7/2020 | 88 | MOTION - AMENDED - CONTINUANCE AND STRIKE PRIOR MOTION |
| | ☐ | 12/7/2020 | 87 | EXHIBIT - IN SUPPORT OF THIRD AMEND ANSWER AFFIRMATIVE DEFENSES AND COUNTERCLAIM |
| | ☐ | 12/7/2020 | 86 | EXHIBIT - IN SUPPORT OF THIRD AMEND ANSWER AFFIRMATIVE DEFENSES AND COUNTERCLAIM |
| | ☐ | 12/4/2020 | 85 | MOTION - CONTINUANCE |
| | ☐ | 11/27/2020 | 84 | LIS PENDENS-RECORDED - Recorded (OR. / 2020167951) |

| Add All | Docket Date | DIN | Description |
|---|---|---|---|
| ☐ | 11/24/2020 | 83 | RESPONSE - TO DEFENDANT'S REQUEST TO PRODUCE |
| ☐ | 11/23/2020 | 82 | PAYMENT $10.00 RECEIPT #2020092217 |
| ☐ | 11/23/2020 | 81 | MOTION - FOR EXTENSION OF TIME/CONTINUANCE |
| ☐ | 11/23/2020 | 80 | ORDER SETTING COURT DATE |
| | 11/23/2020 | 79 | COURT EVENT SET EVENT: MOTIONS DATE: Dec 8 2020 3:00PM JUDGE: CARROLL, HUNTER W LOCATION: JACS |
| | 11/23/2020 | 77 | ACTION: FORWARDED PRO-SE MOTION TO AMEND TO JUDGE CARROLL AND JUDICIAL ASSISTANT VIA EMAIL |
| | 11/23/2020 | 76 | ACTION: UNABLE TO ISSUE SUMMONS AS NO ORDER APPROVING 2ND AMENDED COUNTERCLAIM |
| ☐ | 11/23/2020 | 75 | SUMMONS- PROPOSED - MARGARET BLEVIN |
| ☐ | 11/21/2020 | 78 | EXHIBIT - IN SUPPORT |
| ☐ | 11/21/2020 | 74 | REQUEST FOR ADMISSIONS |
| ☐ | 11/21/2020 | 73 | MOTION - COMPEL RESPONSES |
| ☐ | 11/21/2020 | 72 | MOTION - COMPEL RESPONSES |
| ☐ | 11/20/2020 | 71 | ANSWER - THIRD AMENDED AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM AMENDED -PAULINE ANNE VILENO (PRO-SE) |
| ☐ | 11/20/2020 | 70 | MOTION - LEAVE TO FILE THIRD AMENDED OR SUPPLEMENTAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - PAULINE ANNE VILENO |
| | 11/2/2020 | 69 | JURY TRIAL - CIVIL SET FOR 01/25/2021 AT 9:00 AM IN 7C , JDG: WALKER, STEPHEN |
| | 11/2/2020 | 68 | MANDATORY DOCKET SOUNDING SET FOR 01/19/2021 AT 9:00 AM IN 7C, JDG: WALKER, STEPHEN |
| ☐ | 10/30/2020 | 67 | ORDER SETTING TRIAL AND REFERRAL TO MEDIATION - AMENDED |
| | 7/23/2020 | 66 | JURY TRIAL - CIVIL SET FOR 01/25/2021 AT 9:00 AM IN 6A , JDG: CARROLL, HUNTER W |
| | 7/23/2020 | 65 | MANDATORY DOCKET SOUNDING SET FOR 01/19/2021 AT 8:30 AM IN 6A, JDG: CARROLL, HUNTER W |
| | 7/23/2020 | 64 | PRE-TRIAL CONFERENCE - CIRCUIT COURT SET FOR 12/14/2020 AT 9:30 AM IN 6A , JDG: CARROLL, HUNTER W |
| ☐ | 7/23/2020 | 63 | ORDER - DENYING AS MOOT VARIOUS ORDERS |
| ☐ | 7/23/2020 | 62 | COURT APPEARANCE RECORD |
| ☐ | 7/23/2020 | 61 | ORDER SETTING TRIAL |
| ☐ | 7/10/2020 | 60 | NOTICE OF HEARING |
| | 7/8/2020 | 59 | COURT EVENT SET EVENT: MOTIONS DATE: Jul 22 2020 1:30PM JUDGE: CARROLL, HUNTER W LOCATION: JACS |
| | 7/8/2020 | 58 | ACTION: MOTION - ENLARGEMENT OF TIME FOR THE ESTATE OF RAYMOND BLIVEN AND MOTION - REHEARING - EMAILED TO JUDGE CARROLL AND |
| ☐ | 7/8/2020 | 57 | MOTION - ENLARGEMENT OF TIME FOR THE ESTATE OF RAYMOND BLIVEN |
| ☐ | 7/8/2020 | 56 | MOTION - REHEARING |
| | 6/23/2020 | 55 | ACTION: MOTION - CLARIFY DATES ON MOTION TO STAY - EMAILED TO JUDGE CARROLL AND JUDICIAL ASSISTANT FOR REVIEW |
| ☐ | 6/23/2020 | 54 | MOTION - CLARIFY DATES ON MOTION TO STAY |
| ☐ | 6/18/2020 | 53 | ACTION:EMAILED - MOTION - PRO SE TO SUBSTITUTION OF COUNSEL AND MOTION - TO CONTINUE AND RESET HEARING ON MOTION TO VACATE ( |
| ☐ | 6/18/2020 | 52 | MOTION - TO CONTINUE AND RESET HEARING ON MOTION TO VACATE ORDER |
| ☐ | 6/18/2020 | 51 | REQUEST FOR PRODUCTION |
| ☐ | 6/18/2020 | 50 | RESPONSE - TO INTERROGATORIES |
| ☐ | 6/18/2020 | 49 | MOTION - PRO SE TO SUBSTITUTION OF COUNSEL |
| ☐ | 6/18/2020 | 48 | CORRESPONDENCE PUBLIC - PAULINE VILENO |
| ☐ | 6/4/2020 | 47 | COURT APPEARANCE RECORD |
| ☐ | 6/4/2020 | 46 | ORDER - (1) GRANTING WITHDRAWAL OF ATTORNEY AND (2) DIRECTING CLERK OF COURT TO UPDATE MANAGEMENT SYSTEM |
| ☐ | 6/1/2020 | 45 | NOTICE OF HEARING |
| | 5/29/2020 | 44 | COURT EVENT SET EVENT: MOTIONS DATE: Jun 4 2020 10:15AM JUDGE: CARROLL, HUNTER W LOCATION: JACS |
| ☐ | 5/29/2020 | 43 | MOTION - WITHDRAW AS COUNSEL |
| ☐ | 5/27/2020 | 42 | MOTION - TO COMPEL DEFENDANT'S RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION |
| ☐ | 5/26/2020 | 41 | NOTICE - OF SERVING INTERROGATORIES |
| ☐ | 5/26/2020 | 40 | MOTION - SUBSTITUTION OF PARTY COUNTERDEFENDANT |
| ☐ | 5/22/2020 | 39 | COURT APPEARANCE RECORD |
| ☐ | 5/20/2020 | 38 | ORDER - ON MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| ☐ | 5/20/2020 | 37 | RESPONSE - TO AMENDED AFFIRMATIVE DEFENSES |
| ☐ | 4/23/2020 | 36 | NOTICE - AMENDED AFFIRMATIVE DEFENSES |
| ☐ | 4/14/2020 | 35 | SUGGESTION OF DEATH - RAYMOND BLIVEN |
| ☐ | 4/6/2020 | 34 | MEMORANDUM - OF LAW IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND MOTION IN LIMINE |
| ☐ | 4/6/2020 | 33 | NOTICE OF HEARING - TELEPHONE |
| | 3/27/2020 | 32 | COURT EVENT SET EVENT: MOTIONS DATE: Apr 17 2020 10:15AM JUDGE: CARROLL, HUNTER W LOCATION: JACS |
| ☐ | 3/19/2020 | 31 | RESPONSE - MOTION STRIKE AFFIRMATIVE DEFENSES |
| ☐ | 3/19/2020 | 30 | NOTICE - OF SERVING INTERROGATORIES |

| Add All | Docket Date | DIN | Description |
|---|---|---|---|
| ☐ | 3/19/2020 | 29 | REQUEST FOR PRODUCTION |
| ☐ | 3/19/2020 | 28 | ANSWER - AFFIRMATIVE DEFENSES - COUNTERCLAIM, RAYMOND BLIVEN, MARGARET BLIVEN |
| ☐ | 2/11/2020 | 27 | PAYMENT $395.00 RECEIPT #2020014744 |
| ☐ | 2/10/2020 | 25 | LETTER - OUTSTANDING FEES |
| ☐ | 2/8/2020 | 26 | COMPLAINT- COUNTER - CIRCUIT - AND ANSWER - AMENDED - PAULINE ANN VILENO |
| ☐ | 2/8/2020 | 24 | COMPLAINT- COUNTER - CIRCUIT - AND ANSWERS AND AFFIRMATIVE DEFENSES - PAULINE ANNE VILENO |
| ☐ | 1/23/2020 | 23 | ORDER - ADOPTING RECOMMENDED ORDER - ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY ACTION PENDING PAYMEN |
| ☐ | 1/21/2020 | 22 | MOTION - FOR MEDIATION |
| ☐ | 1/20/2020 | 21 | EXCEPTIONS TO RECOMMENDED ORDER OF MAGISTRATE |
| ☐ | 1/6/2020 | 20 | RECOMMENDED ORDER - ON MOTION DISMISS OR STAY |
| ☐ | 12/27/2019 | 19 | RESPONSE - IN OPPOSITION TO MOTION DISMISS OR STAY |
| | 12/23/2019 | 18 | *** CANCELLED - COURT EVENT SET EVENT: MOTIONS DATE: Feb 4 2020 2:00PM JUDGE: MCHUGH, ANDREA LOCATION: JACS |
| | 12/23/2019 | 17 | COURT EVENT SET EVENT: MOTIONS DATE: Dec 30 2019 1:30PM JUDGE: BAILEY, DEBORAH LOCATION: JACS |
| ☐ | 12/19/2019 | 16 | ORDER OF REFERRAL TO MAGISTRATE |
| ☐ | 12/19/2019 | 15 | CORRESPONDENCE - JUDGE - PUBLIC - FROM LEATHERWOOD LAW FIRM PA |
| ☐ | 12/19/2019 | 12 | NOTICE OF HEARING - AMENDED |
| | 12/19/2019 | 11 | COURT EVENT SET EVENT: MOTIONS DATE: Dec 30 2019 1:30PM JUDGE: BAILEY, DEBORAH LOCATION: JACS |
| ☐ | 12/18/2019 | 10 | ORDER REASSIGNING CASE |
| ☐ | 12/17/2019 | 9 | ORDER OF DISQUALIFICATION |
| ☐ | 12/10/2019 | 8 | NOTICE OF HEARING |
| ☐ | 12/10/2019 | 7 | COURT EVENT SET EVENT: MOTIONS DATE: Feb 4 2020 2:00PM JUDGE: MCHUGH, ANDREA LOCATION: JACS |
| ☐ | 11/18/2019 | 6 | MOTION - DISMISS OR STAY ACTION - AND MEMORANDUM OF LAW |
| ☐ | 11/1/2019 | 5 | SUMMONS SERVED - PAULINE ANNE VILENO |
| ☐ | 9/17/2019 | 4 | PAYMENT $410.00 RECEIPT #2019002889 |
| ☐ | 9/16/2019 | 3 | SUMMONS CIRCUIT EFILED - REQUEST FOR ISSUANCE - PAULINE ANNE VILENO- ISSUED 09/17/2019 |
| ☐ | 9/16/2019 | 2 | COMPLAINT FOR EJECTMENT FROM REAL ESTATE |
| ☐ | 9/16/2019 | 1 | CIVIL COVER SHEET |